# Exhibit 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------------------X
**DUSTIN HICE,**

                **Plaintiff,**

    -against-

**DON LEMON,**

                **Defendant.**

------------------------------------------------------------------------X

Index No:

**SUMMONS**

**VENUE**
**Suffolk**

**BASIS OF VENUE**
**The county of Suffolk is where the actions complained of occurred.**

**TO THE ABOVE-NAMED DEFENDANT:**

    **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer, or if the Complaint is not served with this Summons, to serve a notice of appearance on the Plaintiff's attorneys, within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty [30] days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
       August 7, 2019

                              **NESENOFF & MILTENBERG, LLP**
                              *Attorneys for Plaintiff*

                    By: */s/ Andrew T. Miltenberg*
                          **Andrew T. Miltenberg, Esq.**
                          **Stuart Bernstein, Esq.**
                          **Gabrielle M. Vinci, Esq.**
                          **363 Seventh Avenue, Fifth Floor**
                          **New York, New York 10001**
                          **(212) 736-4500**

**SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK**
-------------------------------------------------------------------X
**DUSTIN HICE,**

               **Plaintiff,**

      -against-

**DON LEMON,**

               **Defendant.**
-------------------------------------------------------------------X

**Index No:**

**VERIFIED
COMPLAINT**

      **PLAINTIFF DUSTIN HICE** (hereinafter "Plaintiff" or "Mr. Hice"), by his attorneys, Nesenoff & Miltenberg, LLP, with its principle office located at 363 Seventh Avenue, 5th Floor, New York, New York 10001, alleges upon knowledge with respect to himself, and upon knowledge, information and belief as to all other matters, as follows:

## INTRODUCTION

      1.     On air and through social media platforms, Don Lemon (hereinafter "Mr. Lemon" or "Defendant"), an American journalist, and Emmy Award winning news anchor for Cable News Network (CNN), who among other things, purports to be an staunch advocate for the "Me Too" movement, a social movement meant to bring awareness and give a voice to victims of sexual assault and sexual harassment. When the cameras are turned off, however, Mr. Lemon's actions are in stark and disturbing contrast to the public persona he attempts to convey. Such was the case in July of 2018, when Mr. Lemon, unprovoked, physically and verbally attacked Plaintiff in a public bar displaying his true nature.

      2.     Accordingly, this is a civil action brought on behalf of Plaintiff against Defendant seeking damages for, *inter alia*, assault and battery in violation of the New York State Common Law.

1

## THE PARTIES

3.	At all times relevant to this Complaint, Plaintiff was and is a male citizen of the United States who resides in the State of Florida.

4.	Upon information and belief, Defendant is a male resident and domiciliary of New York County, New York.

## JURISDICTION AND VENUE

5.	This Court has original jurisdiction over Plaintiff's claims pursuant to New York CPLR §§ 301 and 302.

6.	Venue is proper in this case pursuant to New York CPLR § 503.

## OPERATIVE FACTS

**Plaintiff's History in New York**

7.	Located on the East End of Long Island, comprised of several groups of villages and hamlets, "The Hamptons" has, over the years, become a popular high-end seaside resort. The Hamptons is one of the most historical summer havens of the northeastern United States. The Hamptons is not only known for the celebrities that live and vacation in this affluent area but is renowned for being one of the top destinations to spend the summer due to its beautiful beaches and active night life.

8.	During the Summer of 2018, Plaintiff decided to live and work in The Hamptons in order to earn extra income and enjoy the summer by the beach. Plaintiff had previously worked in The Hamptons during the summer of 2013 and had anticipated returning to The Hamptons in future seasons.

9.	Plaintiff greatly enjoyed his time spent in The Hamptons as he was able to earn money, socialize and enjoy the atmosphere.

10. All of that changed, however, in 2018 when an encounter with the Defendant, Mr. Lemon, damaged Plaintiff.

**Plaintiff's Encounter with Mr. Lemon**

11. During the Summer of 2018, Plaintiff worked as a bartender at The Old Stove Pub (hereinafter "The Old Stove"), a popular restaurant and bar located in Sagaponack, New York. At that time, Plaintiff's boss was George Gounelas (hereinafter "Mr. Gounelas").

12. On or about July 15, 2018, upon information and belief, in recognition and celebrations of all the hard work Plaintiff and his colleagues had put in during the Independence Day rush, Mr. Gounelas closed The Old Stove and went out with Plaintiff and others to celebrate a thus far successful season.

13. Later that evening, Plaintiff, Mr. Gounelas, and a patron of The Old Stove, Jane Roe[1] ("Roe"), arrived at Murf's Backstreet Tavern (hereinafter "Murf's"), a local bar in Sag Harbor, New York.

14. When Plaintiff entered Murf's, he noticed a familiar face and realized that Mr. Lemon was also at the bar, seemingly enjoying a drink with his friends. Being cordial, Plaintiff tried to get Mr. Lemon's attention and offered to buy Mr. Lemon a drink, a "Lemon Drop", a vodka cocktail.

15. Mr. Lemon denied Plaintiff's offer and responded that he was "just trying to have a good time".

16. Plaintiff then left Mr. Lemon and went back to socialize with the individuals he arrived with. Mr. Lemon returned to his friends and both groups went about their night, and there was no further interaction thereafter until Mr. Lemon's assault upon Plaintiff.

---

[1] This individual's identity has been changed to a pseudonym to protect her identity. Roe's identity will be disclosed in discovery.

17. Sometime later that evening, unexpectedly, Mr. Lemon walked towards Plaintiff and his colleagues inside of Murf's.

18. At such time, Mr. Lemon, who was wearing a pair of shorts, sandals, and a t-shirt, put his hand down the front of his own shorts, and vigorously rubbed his genitalia, removed his hand and shoved his index and middle fingers into Plaintiff's moustache under Plaintiff's nose.

19. Mr. Lemon intensely pushed his fingers against Plaintiff's face under Plaintiff's nose, forcing Plaintiff's head to thrust backward as Defendant repeatedly asked Plaintiff "Do you like pussy or dick?". While saying this, Mr. Lemon continued to shove his fingers into Plaintiff's face with aggression and hostility.

20. Plaintiff was shocked and humiliated, and fled the bar. Mr. Gounelas followed Plaintiff outside.

21. Plaintiff was emotionally devasted by Mr. Lemon's demeaning unprovoked and offensive assault. Plaintiff and Mr. Gounelas remained outside for approximately 5 to 10 minutes before Plaintiff was able to collect himself and return to Murf's.

22. When Plaintiff and Mr. Gounelas returned inside, Mr. Lemon had left the premises.

**Plaintiff Is Tormented After being Assaulted by Mr. Lemon**

23. Following the altercation, Plaintiff found it increasingly more difficult to continue working at The Old Stove or socializing at all in the Hamptons.

24. Since the incident occurred in a public bar, it later became apparent that many of the patrons who frequented Murf's witnessed and talked about what Mr. Lemon had done and joked about it.

25. After the incident, customers who came into The Old Stove or saw Plaintiff out about town cheekily ordered lemon drops and laughed at Plaintiff's expense.

4

26. In addition, Plaintiff consistently overheard people talking in whispers about what had happened at Murf's and some even brazenly questioned him about it while he was trying to work.

27. As a result of the incident and the events thereafter, Plaintiff found it increasingly difficult to work in The Hamptons. Plaintiff was constantly reminded of the assault perpetrated against him and lived in fear of running into Mr. Lemon, who's family, upon information and belief, lives in Sag Harbor, New York.

28. Plaintiff has suffered tremendously as a result of Mr. Lemon's actions. Following this incident, Plaintiff found himself withdrawn from friends and family, suffered feelings of shame, humiliation, anxiety, anger, and guilt. Plaintiff found himself unable to sleep and at times, and suffered from suicidal ideations.

29. Although Plaintiff, a religious man, tried to find solace within his faith and the church, to this day he continues to suffer emotionally, mentally, and personally from the incident.

30. Moreover, as a result of the incident, Plaintiff has found himself unable to return to work in New York over the summer, a tradition he once looked forward to and loved.

## CAUSES OF ACTION
## AS AND FOR A FIRST CAUSE OF ACTION
*(Assault and Battery)*

31. Plaintiff repeats and re-alleges each and every allegation above with the same force and effect as if fully set forth herein.

32. As set forth in detail above and herein, on the evening of July 15, 2018, Defendant intentionally and with the desire to cause harm, both physical and emotional, physically assaulted Plaintiff.

33. The assault included offensive and intentional bodily contact to and/or with Plaintiff.

5

34. Defendant's actions reasonably placed Plaintiff in fear for his safety and in fear of a further assault and/or attack.

35. As a result of Defendant's actions, Plaintiff has suffered damages including, but not limited to, severe emotional distress and loss of future earnings and opportunities.

36. As a result of the foregoing, Plaintiff is entitled to damages in an amount to be determined at trial, plus prejudgment interest, attorneys' fees, expenses, costs, and disbursements.

## AS AND FOR A SECOND CAUSE OF ACTION
*(Intentional Infliction of Emotional Distress)*

37. Plaintiff repeats and re-alleges each and every allegation above with the same force and effect as if fully set forth herein.

38. As set forth herein and above, on or about July 15, 2018, Defendant physically assaulted Plaintiff while in a public forum.

39. Considering the gravity and seriousness of Defendant's actions, Defendant knew or should have known that his conduct involved an unreasonable risk of causing emotional distress and that such distress, would likely result in illness or harm to Plaintiff.

40. As a direct and foreseeable consequence of Defendant's actions, Plaintiff sustained tremendous damages, including, without limitation, severe emotional distress and other direct and consequential damages.

41. The emotional distress was severe enough that it has resulted in illness and/or mental harm to Plaintiff.

42. Defendant's extreme and outrageous conduct was the cause of Plaintiff's distress.

43. Plaintiff's resulting distress is reasonable in light of Defendant's conduct.

44. As a result of the foregoing, Plaintiff is entitled to damages in an amount to be determined at trial, plus prejudgment interest, attorneys' fees, expenses, costs, and disbursements.

6

## AS AND FOR A THIRD CAUSE OF ACTION
*(Negligent Infliction of Emotional Distress)*

45. Plaintiff repeats and re-alleges each and every allegation above with the same force and effect as if fully set forth herein.

46. As set forth herein and above, on or about July 15, 2018, Defendant physically assaulted Plaintiff while in a public forum.

47. Considering the gravity and seriousness of Defendant's actions, Defendant knew or should have known that his conduct involved an unreasonable risk of causing emotional distress and that said distress, would likely result in illness or harm to Plaintiff.

48. As a direct and foreseeable consequence of Defendant's actions, Plaintiff sustained tremendous damages, including, without limitation, severe emotional distress and other direct and consequential damages.

49. The emotional distress was severe enough that it has resulted in illness and/or mental harm to Plaintiff.

50. Defendant's extreme and outrageous conduct was the cause of Plaintiff's distress.

51. Plaintiff's distress is reasonable in light of Defendant's conduct.

52. As a result of the foregoing, Plaintiff is entitled to damages in an amount to be determined at trial, plus prejudgment interest, attorneys' fees, expenses, costs, and disbursements.

## DEMAND FOR JURY TRIAL

53. Pursuant to CPLR § 4102, Plaintiff demands a trial by jury on all claims.

## PRAYER FOR RELIEF

**WHEREFORE,** for the foregoing reasons, Plaintiff seeks a judgment against Defendant as follows:

7

(i) an Order enjoining Defendant, along with his agents, employees, and those acting in concert therewith, from unlawfully retaliating against Plaintiff for his commencement of and participation in this litigation;

(ii) an award of damages against Defendant on Plaintiff's claims, as outlined above, including, without limitation, reimbursement of and prepayment for all of Plaintiff's expenses including expenses incurred as a consequence of the assault; damages for deprivations of the access to career opportunities; and damages for past, present, and future emotional pain and suffering, ongoing and severe mental anguish, and loss of past, present, and future earnings and enjoyment of life in an amount to be determined at trial;

(iii) punitive and/or exemplary damages against Defendant;

(iv) statutory pre- and post-judgment interest on all sums awarded;

(v) an award of costs and attorneys' fees; and

(vi) any other relief the Court finds just and proper.

**Dated: New York, New York**
    **August 7, 2019**

                                            **NESENOFF & MILTENBERG, LLP**
                                            *Attorneys for Plaintiff Dustin Hice*

                          **By:**    */s/ Andrew Miltenberg*
                                     **Andrew T. Miltenberg, Esq.**
                                     **Stuart Bernstein, Esq.**
                                     **Gabrielle M. Vinci, Esq.**
                                     **363 Seventh Avenue, Fifth Floor**
                                     **New York, New York 10001**
                                     **(212) 736-4500**

## VERIFICATION

STATE OF Florida           )
                           ) ss.:
COUNTY OF Charlotte        )

**DUSTIN HICE**, being duly sworn, deposes and says:

I am the Claimant named in this matter. I have read the annexed Verified Complaint, know the contents thereof, and the same are true to my knowledge, except as to matters alleged upon information and belief and as to those matters, I believe them to be true.

_____
Dustin Hice

Sworn to and subscribed before me
this 7th day of August, 2019.

_____
NOTARY PUBLIC

JACQUELINE HOFFNER-HERRON
Commission # GG 273954
Expires February 3, 2023
Bonded Thru Budget Notary Services