

ATTORNEYS AT LAW

nmllplaw.com

Ira S. Nesenoff
Andrew T. Miltenberg

Stuart Bernstein

Barbara H. Trapasso
Ariya M. Waxman
Tara J. Davis
Diana R. Warshow
Gabrielle M. Vinci
Kara L. Gorycki
Cindy A. Singh
Nicholas E. Lewis
Adrienne D. Levy
Ryaan Nizam
Regina M. Federico

Philip A. Byler
*Senior Litigation Counsel*
Megan S. Goddard
*Counsel*
Rebecca C. Nunberg
*Counsel*
Jeffrey S. Berkowitz
*Counsel*
Marybeth Sydor
*Title IX Consultant*

October 18, 2019

**VIA ECF**
The Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
Long Island Courthouse
100 Federal Plaza, Courtroom 920
Central Islip, New York 11722

> Re: **Hice v. Lemon, No. 2:19-CV-04666 (JMA) (GRB)**
> **Supplemental Letter Brief in Support of Motion to Remand**

Dear Judge Azrack:

We represent the Plaintiff, Dustin Hice, in the above-referenced matter, and per the Court's oral instructions at the October 10, 2019 pre-motion conference, respectfully submit this supplemental letter brief in further support of Plaintiff's motion to remand this matter to state court pursuant to 28 U.S.C. § 1447(c).

As explained in further detail below, Defendant Don Lemon's pre-service Notice of Removal was untimely and improper, and his reliance on the *forum defendant rule* in order to thwart the very purpose of rule itself is an absurd result.

**Timeliness**

28 U.S.C. § 1446, titled "Procedure for removal of civil actions", under subsection (b), titled "Requirements; Generally," states: "The notice of removal of a civil action or proceeding *shall* be filed within 30 days *after* the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." (emphasis added).



In interpreting the "through service or otherwise" language of the statute, the United States Supreme Court, in *Murphy Brothers, Inc. v. Michetti Pipe Stringing*, Inc., 526 U.S. 344 (1999), unequivocally stated: "a named defendant's time to remove is *triggered* by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but *not by mere receipt of the complaint unattended by any formal service*." *Id.* at 347-48. In explaining this holding, the Court expressly held that "one becomes a party officially, . . . *only* upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend . . . . Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 350-51. *See also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106 (1941) ("[R]emoval of a cause from a state to a federal court could be effected . . . only by a defendant against whom the suit is brought *by process served upon him*." (emphasis added)).

Thus, by the plain language of the statute, as interpreted by the Supreme Court, the procedural *requirements* for removal direct that a defendant may only remove *"after"* being formally served with a summons and copy of the initial pleading. Defendant Lemon in this case filed the notice of removal before he was served with (or agreed to waive) formal process. As such, he has not yet been made a party to the action and has no basis for removal. His removal is untimely and procedurally defective as it directly contravenes the "requirements" section of the removal statute.

Defendant argues that "federal law specifically contemplates removal prior to proper service." (ECF No. 9, at 3). In so arguing, Defendant cites a Southern District case which relied upon 28 U.S.C. § 1448. However, a close reading of that statute makes clear that it does not apply to permit pre-service removal by an unserved defendant; rather, it addresses the situation where a served defendant *in a case with multiple defendants* has removed before all co-defendants have been properly served. Indeed, the statute states: "In all cases removed from any State court to any district court of the United States in which any *one or more of the defendants* has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." By utilizing the plural form of



the word, "defendants," a plain reading of the statute indicates that it is inapplicable to cases such as this, where there is only one defendant, and that sole defendant has yet to be served. Section 1448 is inapplicable on its face here.

**<u>Forum Defendant Rule</u>**

The *forum defendant rule*, codified at 28 U.S.C. § 1441(b), states: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." As courts have observed, the purpose of the "properly joined and served" language in this rule is to prevent gamesmanship by plaintiffs who would name forum defendants as parties solely to defeat diversity jurisdiction, while never intending to proceed against the forum defendant – as evidenced by a failure to serve those defendants. *See, e.g., Sullivan v. Novartis Pharm. Corp.*, 575 F. Supp. 2d 640, 643 (D.N.J. 2008) ("The purpose of the 'properly joined and served' language is to prevent the abuse of the forum defendant rule by improper joinder [,]formerly referred to as fraudulent joinder[]."); *Torchlight Loan Servs., LLC v. Column Fin., Inc.*, No. 12-CV-8579 (RWS), 2013 WL 3863887, at *2 (S.D.N.Y. July 24, 2013) ( "[T]he phrase 'properly joined and served,' is read as merely precluding application of the Forum Defendant Rule in situations where a plaintiff has engaged in 'fraudulent joinder.'").

The "properly joined and served" language therefore protects *non-forum* co-defendants from being kept out of federal court by virtue of the Plaintiff's fraudulent joinder of a forum defendant. In that regard, to permit a forum defendant (here, the *sole* defendant) to engage in his own gamesmanship on the basis of those very words is absurd on its face and directly contrary to the clear congressional intent of the statute as a whole. As Plaintiff's counsel stated at oral argument on October 10, 2019: The statute is called the *forum defendant rule* for a reason. Defendant Lemon seeks to turn the very rule on its head and to exploit a term meant to *preclude* insincere procedural gimmicks, to permit an in-state defendant to invoke federal jurisdiction, which is the express counter-purpose of the rule.

*See, e.g., Sullivan*, 575 F. Supp. 2d at 642 ("[A]llowing Novartis—a forum defendant—to avoid the forum defendant rule merely because it had not yet been served at the time it filed the Notice, would amount to an absurd result, demonstrably at odds with Congressional intent."); *In re*



*Avandia Mktg., Sales Practices & Products Liab. Litig.*, 624 F. Supp. 2d 396, 410 (E.D. Pa. 2009) ("This Court . . . rejects any construction of § 1441(b) that would allow an in-state defendant to side-step the restrictive purpose of the forum defendant rule by 'racing to remove' before being served with process. The core aim of diversity jurisdiction, to permit out-of-state defendants an avenue of relief from prejudice in a foreign state court, plainly is not implicated by a forum defendant's ability to remove an action filed in its home state. The Court agrees with the comprehensive analysis of the question by Senior District Judge Debevoise of the District of New Jersey in *Sullivan v. Novartis,* in which he concludes in part, after exhaustive research into the relevant case law, language and history of § 1441(b), that any 'contention that removability should depend on the timing of service is absurd on its face, and could not have been intended by Congress.'"); *Holmstrom v. Harad*, No. 05-CV-2714, 2005 WL 1950672, at *2 (N.D. Ill. Aug. 11, 2005) ("[W]e will not apply the 'joined and served' requirement here because no Defendant has been served."), *appeal dismissed*, 492 F.3d 833 (7th Cir. 2007).

Defendant cites to *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019). (ECF No. 9, at 2). It is true that the Second Circuit opinion in *Gibbons* found that a forum defendant could defeat the forum defendant rule by filing a notice of removal pre-service. However, the reasoning employed in that case would not only lead to absurd results running counter to the very purpose of the rule, the opinion also fails to take into account controlling Supreme Court precedent. As such, where the Second Circuit opinion conflicts with Supreme Court precedent, this Court should follow the Supreme Court.

As discussed above, the Supreme Court held in *Murphy* that a defendant is not a proper party to an action— and therefore, the required statutory period for removal is "not triggered"— unless and until that party is brought under the jurisdiction of the state court by way of proper service. The Supreme Court has also reiterated that removal is a process expressly reserved for out-of-state defendants: "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, *and no defendant is a citizen of the forum State.*" *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) (emphasis added).

Moreover, the *Gibbons* opinion, while paying lip service to proper standards for statutory interpretation, then completely ignored them. The Second Circuit rightly observed: "It is, to be



sure, well-established that [a] statute should be interpreted in a way that avoids absurd results. . . . [C]ourts should look beyond a statute's text under the canon against absurdity only where the result of applying the plain language would be, in a genuine sense, absurd, *i.e.*, where it is quite impossible that Congress could have intended the result." *Gibbons*, 919 F.3d at 705–06 (quotations and citations omitted). The *Gibbons* court then incredibly found that permitting a forum defendant to remove under the statute expressly created to preclude federal jurisdiction for forum defendants somehow did not produce absurd results. This finding is utterly nonsensical.

Far from permitting mere "state-by-state variations", *id.* at 706, the Second Circuit's holding in *Gibbons* would serve to completely eviscerate the forum defendant rule in the State of New York and strip New York plaintiffs of their right to be the masters of their own complaints and to choose their forum. Because New York now requires electronic filing for most civil cases (*see* N.Y. Ct. R. 202.5-bb (McKinney)), any defendant can simply set up an electronic docket alert and automatically remove before being served as a matter of course, depriving plaintiffs of their chosen forum. This would be an absurd result. Indeed, even if Plaintiff in this matter were to dismiss this action and re-file in New York state court, it would be physically impossible for him to serve Defendant Lemon before Lemon could file a notice of removal again. Such an outcome is not "a bright-line rule keyed on service," as the *Gibbons* court claimed; it is an obliteration of the rule entirely. *Gibbons*, 919 F.3d at 706.

As the district court for the Northern District of Georgia recently explained: "The fact that the very words included to prevent gamesmanship have opened an avenue for more gamesmanship is an ironic absurdity that the Court will not enforce." *Delaughder v. Colonial Pipeline Co.*, 360 F. Supp. 3d 1372, 1381 (N.D. Ga. 2018). As that court further noted, "Defendants' interpretation of § 1441(b)(2) would tie the Court's hands in the face of such gamesmanship on the part of Defendants. . . . [such] removals uniquely undermine the purpose of the forum-defendant rule and contravene the removal legal standard[.]" *Id. at* 1380.



**Conclusion**

In light of the express language of 28 U.S.C. § 1446(b), and the controlling Supreme Court precedent precluding un-served forum defendants from invoking federal jurisdiction, Plaintiff respectfully submits this Court should remand this case to the Supreme Court for the State of New York.

Respectfully Submitted,

NESENOFF & MILTENBERG, LLP

By: _____
Andrew Miltenberg, Esq.
Stuart Bernstein, Esq.
Adrienne Levy, Esq.

CC: All Counsel (Via ECF)