| UNITED STATES DISTRICT COURT | For Online Publication Only |
| EASTERN DISTRICT OF NEW YORK | |
| --------------------------------------------------------X | **MEMORANDUM AND ORDER** |
| DUSTIN HICE, | 19-CV-04666-JMA-GRB |
| Plaintiff, | |
| -against- | **FILED**<br>**CLERK** |
| DON LEMON, | 11/26/2019 9:01 am |
| Defendant. | **U.S. DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br>**LONG ISLAND OFFICE** |
| --------------------------------------------------------X | |

**AZRACK, United States District Judge:**

On August 11, 2019, plaintiff Dustin Hice ("Plaintiff") filed a complaint in New York State Supreme Court, Suffolk County, alleging that defendant Don Lemon ("Defendant") committed assault and battery, intentional infliction of emotional distress, and negligent infliction of emotional distress. (ECF No. 1-2.) Two days later, Defendant filed a notice of removal in this Court pursuant to 28 U.S.C. § 1441, in which he asserted subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). (ECF No. 1.)

Plaintiff subsequently requested a pre-motion conference to seek leave to move to remand the matter to state court. (ECF No. 7.) In response, Defendant filed a letter in which he argued that removal had been proper. (ECF No. 9.) On October 10, 2019, the Court heard argument regarding the pre-motion letters and reserved judgment. (ECF No. 11.) The Court indicated that the parties' pre-motion conference letters would be treated as motions and permitted the parties to supplement their submissions. (Id.) To date, Plaintiff has submitted two supplemental letters. (ECF Nos. 12, 13.)

Plaintiff argues that Defendant's notice of removal was untimely because Plaintiff had not yet effectuated service of the state complaint when Defendant filed the notice of removal. (ECF No. 7 at 2.) Further, Plaintiff claims that as a resident defendant, Defendant is barred from removal

by the forum defendant rule, 28 U.S.C. § 1441(b)(2). (Id. at 3.) Therefore, according to Plaintiff, the case should be remanded to state court. (Id.)

In response, Defendant contends that this Court must deny Plaintiff's motion to remand pursuant to Gibbons v. Bristol-Myers Squibb Co., 919 F.3d 699 (2d Cir. 2019). In Gibbons, the Second Circuit resolved a split among the district courts in this circuit as to whether the forum defendant rule precludes removal when a defendant removes an action filed in state court before the defendant has been served in the state court action. The Court held that based on the relevant statutory text, 28 U.S.C. § 1441(b)(2), the forum defendant rule "is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action." Id. at 705.

Gibbons resolved the precise issue currently before the Court. Plaintiff's alternative interpretation of the relevant statutory language, (ECF No. 12), his disagreement with the Second Circuit's reasoning, (id.), and his citations to statements critical of Gibbons made during a Congressional hearing, (ECF No. 13), are unavailing in the face of clear, directly applicable, and binding precedent.

The Court therefore DENIES Plaintiff's motion to remand. This case is respectfully referred to Judge Brown to oversee discovery.

**SO ORDERED.**

Dated: November 26, 2019
      Central Islip, New York

                                                  /s/ (JMA)
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE