

**NESENOFF & MILTENBERG** LLP
ATTORNEYS AT LAW
nmllplaw.com

Ira S. Nesenoff
Andrew T. Miltenberg
―――――――――――
Stuart Bernstein

Barbara H. Trapasso
Tara J. Davis
Diana R. Warshow
Gabrielle M. Vinci
Kara L. Gorycki
Cindy A. Singh
Nicholas E. Lewis
Adrienne D. Levy
Ryaan Nizam
Regina M. Federico

Philip A. Byler
*Senior Litigation Counsel*
Rebecca C. Nunberg
*Counsel*
Jeffrey S. Berkowitz
*Counsel*
Marybeth Sydor
*Title IX Consultant*

January 23, 2020

**VIA ECF**
The Honorable Joan M. Azrack, U.S.D.J.
The Honorable Steven I. Locke, U.S.M.J.
Eastern District of New York
Long Island Courthouse
100 Federal Plaza, Courtroom 920
Central Islip, New York 11722

Re: **Hice v. Lemon, No. 2:19-CV-04666 (JMA) (SIL)**
     **Letter Motion for Extension of Time to Serve**

Dear Judge Azrack and Magistrate Judge Brown:

The undersigned represents the Plaintiff, Dustin Hice, in the above-captioned matter, and respectfully submits this letter motion, pursuant to Local Civil Rule 7.1(d), for an extension of time to serve the Complaint upon Defendant, Don Lemon, to February 25, 2020.

**Relevant Procedural History**

At the conference held on October 10, 2019, the Court ordered that Plaintiff serve the Defendant within sixty (60) days of entry of its decision on Plaintiff's motion for remand. The Court entered its order and decision denying Plaintiff's motion for remand on November 26, 2019 (ECF No. 14), making the deadline for service January 25, 2020. Since that time, despite diligent attempts, Plaintiff has not yet been able to complete service. Accordingly, Plaintiff respectfully seeks a thirty-day extension of the time to serve, to February 25, 2020. Pursuant to Local Civil Rule 37.3(a), Plaintiff's counsel conferred with Defense counsel on this matter on January 23, 2020 and Defendant opposes this request.

On December 2, 2019, Defense counsel stated in writing that she would accept service for Defendant Lemon compliant with Federal Rule of Civil Procedure 4(d). On December 23, 2019, Plaintiff mailed to Defense counsel a package containing two copies of the filed Complaint, along with two waiver of service forms, and a postage-paid, self-addressed return envelope. The package was delivered on December 24, 2019.

On January 6, 2020, Plaintiff's counsel reached out to confirm receipt of the federal waiver forms. Defense counsel confirmed that a package was received, but stated, without explanation,

1

NEW YORK   |   363 Seventh Avenue   |   Fifth Floor   |   New York, NY 10001   |   T: 212.736.4500   |   F: 212.736.2260   |
BOSTON     |   101 Federal Street   |   19th Floor    |   Boston, MA 02110    |   T: 617.209.2188   |

Case 2:19-cv-04666-JMA-SIL   Document 25   Filed 01/23/20   Page 2 of 4 PageID #: 162



**NESENOFF &
MILTENBERG**LLP

ATTORNEYS AT LAW

that the package "does not constitute good service." On January 8, 2020, Plaintiff's counsel sent a second package to Defense counsel, containing two copies of the filed Complaint, two copies of the notice of lawsuit and request to waive service, and two copies of the waiver of service return form, along with a new postage-paid, self-addressed return envelope. The new package was delivered on January 9, 2020.

On Friday, January 10, 2020, Plaintiff's counsel reached out to Defense counsel to confirm receipt and acceptance of service. Defense counsel, Caroline Polisi, responded that she was out of the office until the following Wednesday and could not confirm. There was no explanation why the other attorney at Defense counsel's firm, who was copied on all correspondence at Ms. Polisi's request, could not confirm receipt.

On Wednesday, January 16, 2020, Plaintiff's counsel reached out again for confirmation of receipt and acceptance/waiver of service. Defense counsel confirmed that a package was delivered, but declined to give a direct answer as to whether service was accepted. Plaintiff's counsel responded:

> Thank you for confirming receipt. As I am sure you can appreciate, your evasion of the question of service is quite troubling in light of your earlier representation. Will you or will you not confirm acceptance of service of our Rule 4(d)-compl[ia]nt package, as promised, before the service deadline expires?

Defense counsel refused to give a direct response as to whether she would sign and return the Federal Rule of Civil Procedure 4(d) waiver of service form before the January 25, 2020 deadline for service set by this Court, instead responding, "I have 30 days to return the receipt acknowledgment, according to the Rules and your package." Enclosed herewith as Exhibit A are copies of the relevant correspondence relating to the matter of service and waiver.

In light of Defense counsel's intransigence on the waiver issue, Plaintiff immediately sought to effectuate personal service upon Defendant. A new summons was submitted to the court directed to the Defendant at his home address (instead of c/o his counsel), and the Clerk of the Court issued the new summons on January 21, 2020. (ECF No. 23). That same day, Plaintiff engaged two process servers to effectuate service. Despite several attempts to personally serve Defendant at his home address in New York City and his home in Sag Harbor, followed by posting the documents on Defendant's front door and mailing copies to his home and work, Plaintiff has not been able to complete service before January 25.[1] Enclosed herewith as Exhibit B are the affidavits of service detailing Plaintiff's service attempts.

On Thursday, January 23, 2020, Plaintiff's counsel reached out to Defense counsel once again to inquire as to whether counsel intended to submit the waiver form before the January 25 deadline. Plaintiff's counsel also requested that Defense counsel call by phone to meet and confer

---

[1] Under the New York State service rules, CPLR 308, "nail and mail" service is deemed complete ten days after the filing of the affidavit of service, which in this case would fall after January 25.

2



**NESENOFF & MILTENBERG** LLP
ATTORNEYS AT LAW

on a motion to extend time, in the event Defense counsel was not going to submit the waiver form before the deadline. Defense counsel sent an email response. Defense counsel *still* refused to provide a direct answer as to whether she would submit the waiver form before January 25, instead stating, "I am under no obligation to return the waiver so that you can meet your deadline." Defense counsel further stated that Defendant opposed a motion to extend. Attached hereto as Exhibit C are full copies of this correspondence.

### Legal Argument

Federal Rule of Civil Procedure 4(m) directs that "if the plaintiff shows good cause for the failure [to serve], the court *must* extend the time for service for an appropriate period." (emphasis added). Further, the Second Circuit has held that "district courts have discretion to grant extensions even in the absence of good cause." *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007), *cert. denied*, 552 U.S. 1243 (2008). "Relevant factors a court may consider when exercising its discretion are: 'the relative prejudice to the parties (including whether the action would be barred by the statute of limitations and whether defendant had actual notice of the suit) and whether there is 'justifiable excuse' for the failure to properly serve.'" *Richardson v. Staten Island Univ. Hosp.*, 191 F. Supp. 3d 260, 262 (E.D.N.Y. 2016) (citation omitted).

First, there is no prejudice to Defendant if the time to serve is extended. As the party who removed this case to federal court in the first place, Defendant unquestionably has actual notice of the Complaint—and has had such notice since August 13, 2019, the date of his removal petition (ECF No. 1), *the very next day* after the Complaint was first filed. Second, there would be tremendous prejudice to Plaintiff if the time to serve is not extended, as Plaintiff's claims may be time-barred if the case is dismissed at this juncture. Finally, Plaintiff is justifiably excused from serving, as he had relied in good faith on the representations of Defense counsel, and as soon as it became clear (despite Defense counsel's repeated, deliberate obfuscations) that counsel would not waive service, Plaintiff immediately engaged in active attempts to serve.

Plaintiff respectfully submits that he has shown good cause for not completing service by the January 25, 2020 deadline, including his good-faith reliance on the representations of Defense counsel and his numerous attempts to complete personal service at Defendant's primary home, secondary home, and workplace, as described in the attached affidavits.

For the foregoing reasons, Plaintiff respectfully requests this Court grant Plaintiff a thirty-day extension of the time to serve Defendant with the Complaint and Summons. Moreover, because the delay in service and this motion were necessitated by Defense counsel's gamesmanship, Plaintiff further seeks costs associated with bringing this motion.

[SIGNATURE PAGE TO FOLLOW]



        Respectfully submitted,

        **NESENOFF & MILTENBERG, LLP**

        */s/ Andrew T. Miltenberg*
        By: Andrew Miltenberg, Esq.
            Stuart Bernstein, Esq.
            Adrienne D. Levy, Esq.

        *Attorneys for Plaintiff*

cc. All counsel (via ECF)
[Enclosures]

4