**EXHIBIT C**

# Adrienne Levy

| | |
|---|---|
| **From:** | Adrienne Levy |
| **Sent:** | Thursday, January 23, 2020 2:07 PM |
| **To:** | Caroline Polisi; Christopher LaVigne |
| **Cc:** | Stuart Bernstein |
| **Subject:** | RE: Hice v Lemon - Service/Meet and Confer |

| **Tracking:** | **Recipient** | **Read** |
|---|---|---|
| | Caroline Polisi | |
| | Christopher LaVigne | |
| | Stuart Bernstein | Read: 1/23/2020 2:10 PM |

Thank you for your response.  To clear up a number of inaccuracies/misrepresentations in your letter:

1. Because your client removed to federal court before being served, Plaintiff could not serve him until the motion to remand was resolved.  While the motion was pending, the state court was deprived of jurisdiction, which would have precluded a state court summons, and Plaintiff contested the removal, which precluded his seeking a federal court summons.  Thus, it was not possible to serve your client while the motion was pending.  Presumably this is why the court, at our motion hearing, prescribed a timeframe to serve for *after* she decided the motion.

2. As set forth in the transcript for the motion hearing, we did not request an extension of time to serve.  Mr. Bernstein asked the Judge what the time to serve would be, since state and federal rules provide different timeframes, and the proper forum had not yet been determined.  At that point, Judge Azrack asked us for a suggested timeframe after her decision, which was then set to 60 days.

3. You and I submitted a *joint* request to Judge Brown adjourn discovery, based equally on the fact that your client had yet to serve an answer.

4. If Mr. Lemon is interested in moving this along, you have all the power to do so.  Instead, your client has been evading service, including through your intentionally vague responses about service for the last three weeks.

We will note your opposition in the motion.

Regards,



**Adrienne Levy**

363 Seventh Avenue, 5th Floor
New York, NY 10001-3904
212.736.4500   •   212.736.2260 fax

1

nmllplaw.com

This electronic message, including any and all attachments hereto, is intended solely to be used by the individual or entity to which it is addressed. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to its intended recipient, you are herewith notified that any dissemination, distribution, copying or retention of this communication or the information contained herein is strictly prohibited. If you have received this message communication in error, please notify us by telephone immediately and permanently delete the original and any copy or printout thereof. Statements made in, or attachments to, this email are not intended to be contractual in nature, and are therefore not binding on this firm or our clients unless and until mutually satisfactory agreements memorializing the subject matter of this transmission are executed by hand, in ink, (or by facsimile if authorized by the parties) and hard copies are mutually delivered by the parties thereto. Thank you.

The sender believes that this E-mail and any attachments were free of any virus, worm, Trojan horse, and/or malicious code when sent. This message and its attachments could have been infected during transmission. By reading the message and opening any attachments, the recipient accepts full responsibility for taking protective and remedial action about viruses and other defects. The sender and the sender's employer is/are not liable for any loss or damage arising in any way from this message or its attachments.

SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you, DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This firm does not accept and is not authorized to accept service of process on behalf of any of our clients, including, but not limited to, service of process via email or fax.

**From:** Caroline Polisi <cpolisi@piercebainbridge.com>
**Sent:** Thursday, January 23, 2020 12:47 PM
**To:** Adrienne Levy <alevy@nmllplaw.com>; Christopher LaVigne <clavigne@piercebainbridge.com>
**Cc:** Stuart Bernstein <SBernstein@nmllplaw.com>
**Subject:** Re: Hice v Lemon - Service/Meet and Confer

Hi Adrienne,

I do not consent to your application to extend the date of service.

I told Stuart on August 7th (well over 120 days ago) that I would waive service as long as it conformed to the requirements of CPLR 312-A.  Then when he asked again, I said I would do the same so long as the request for a waiver complied with the Federal Rules of Civil Procedure.  And then at the status conference, you asked Judge Azrack to give you more time to serve, which the judge granted.  I did not oppose that motion, even though you had no good cause for failure to serve, and even though Don very much wants to get going on this litigation, and the longer this drags on the more and more damage it does to him, especially since your client keeps trolling him on Twitter, and because Stuart and Andrew have spent lots of time going to the press in an attempt to taint the jury pool and prejudice my client and try to pressure him into a settlement.

I even agreed to put off the discovery conference because you had not served yet.  By the time you sent me a waiver of service that complied with the federal rules, the deadline for me to return the waiver is well after the deadline set by the Court to serve.

The advisory committee notes to the waiver of service rule states that you should not request waiver if the time for service under subdivision (m) will expire before the date on which the waver must be returned.  I am under no obligation to return the waiver so that you can meet your deadline.

I'm sorry, but I've given you every single courtesy up until this point and I need to protect my client now.


**Caroline Polisi,** Partner
Pierce Bainbridge Beck Price & Hecht LLP

277 Park Avenue, 45th Floor
New York, NY 10172
O: (646) 847-0925

Boston  |  Cleveland  |  Los Angeles  |  **New York**  |  Washington, D.C.

This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this email in error, please destroy it and notify me immediately.

---

**From:** Adrienne Levy <alevy@nmllplaw.com>
**Date:** Thursday, January 23, 2020 at 10:46 AM
**To:** Caroline Polisi <cpolisi@piercebainbridge.com>, Christopher LaVigne <clavigne@piercebainbridge.com>
**Cc:** Stuart Bernstein <SBernstein@nmllplaw.com>
**Subject:** Hice v Lemon - Service/Meet and Confer

Good morning counselors,

As you know, the deadline for service in Hice v Lemon (2:19-cv-04666) is this Saturday, January 25.  Ms. Polisi had previously agreed to accept and waive service pursuant to FRCP4(d). While Rule 4(d) does provide a *maximum* of 30 days for you to return the waiver form, I am sure you can appreciate that the January 25 service deadline means that if you are going to waive service as previously agreed, we need that waiver no later than **1:00pm today**.

If you are not going to return the service waiver by 1:00pm today, please give me a call by that time to meet and confer regarding Defendant's position on a motion to extend the time to serve, which we will need to file today, in accordance with the Judge's individual rules.

Please be advised that if we do need to file a motion to extend as a result of your refusal to timely return the waiver, we will seek all appropriate remedies available to Plaintiff.

Best,
Adrienne

**Adrienne Levy**

363 Seventh Avenue, 5th Floor

New York, NY 10001-3904

212.736.4500   •   212.736.2260 fax

nmllplaw.com

intended recipient, or an employee or agent responsible for delivering this message to its intended recipient, you are herewith notified that any dissemination, distribution, copying or retention of this communication or the information contained herein is strictly prohibited. If you have received this message communication in error, please notify us by telephone immediately and permanently delete the original and any copy or printout thereof. Statements made in, or attachments to, this email are not intended to be contractual in nature, and are therefore not binding on this firm or our clients unless and until mutually satisfactory agreements memorializing the subject matter of this transmission are executed by hand, in ink, (or by facsimile if authorized by the parties) and hard copies are mutually delivered by the parties thereto. Thank you.

The sender believes that this E-mail and any attachments were free of any virus, worm, Trojan horse, and/or malicious code when sent. This message and its attachments could have been infected during transmission. By reading the message and opening any attachments, the recipient accepts full responsibility for taking protective and remedial action about viruses and other defects. The sender and the sender's employer is/are not liable for any loss or damage arising in any way from this message or its attachments.

SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you, DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This firm does not accept and is not authorized to accept service of process on behalf of any of our clients, including, but not limited to, service of process via email or fax.