# PIERCE BAINBRIDGE

Caroline J. Polisi
Partner
277 Park Avenue, 45th Floor
New York, NY 10172
cpolisi@piercebainbridge.com
Direct Dial: (646) 874-0295

**VIA ECF**

January 23, 2020

The Honorable Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   *Re: Hice v. Lemon,* **No. 2:19-CV-04666 (JMA) (SIL***)*

Dear Judge Azrack:

  I respectfully submit this letter on behalf of Don Lemon in opposition to Plaintiff's motion for an extension of time to serve the summons and complaint on Mr. Lemon.[1]

  After filing his Complaint in New York Supreme Court, Suffolk County, over *five months* ago, and having been granted a generous extension of his time to serve by Judge Azrack over *three months* ago, Plaintiff has still failed to effect service of the Summons and Complaint on Mr. Lemon.  Because procrastination does not constitute "good cause" under Rule 4(m) of the Federal Rules of Civil Procedure, the Court should deny Plaintiff's motion and dismiss this action without prejudice.[2]

  Plaintiff's self-serving account of the "relevant facts" is wildly misleading and substantially incomplete.  The real story of this case goes back to July of 2019, when Plaintiff's counsel sent a demand letter to Mr. Lemon threatening to file a lawsuit and make Plaintiff's allegations public.  After

---

[1] Because we ask the Court to deny Plaintiff's motion for an extension of time to serve Mr. Lemon, and, accordingly, to dismiss this case under Rule 4(m) of the Federal Rules of Civil Procedure, it is a dispositive motion, and pursuant to the Court's Individual Rules, the motion should be directed to Judge Azrack.  *See* Ind. Rules of District Judge Joan M. Azrack IV.A.

[2] "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

PIERCE BAINBRIDGE

United States District Judge
May 26, 2019
Page 2

settlement negotiations failed, on August 7, 2019, Plaintiff's counsel asked if I would accept service of the Complaint on behalf of Mr. Lemon. I agreed to waive service provided that Plaintiff's counsel requested a waiver of service that conformed to the requirements of N.Y. CPLR § 312-A.[3] (A copy of the email exchange between Plaintiff's counsel and me is annexed hereto as Exhibit A).

On August 11, 2019, Plaintiff filed his Complaint in New York Supreme Court, Suffolk County. On August 13, 2019, I filed a notice of removal on behalf of Mr. Lemon to this Court. The initial status conference before this Court was held on October 10, 2019. During the 58 days between the filing of the notice of removal and the October 10th status conference, Plaintiff's counsel made no effort whatsoever to effect service on Mr. Lemon or request waiver of service under Rule 4(d) of the Federal Rules of Civil Procedure. Instead, Plaintiff's counsel used the status conference as an opportunity to seek the Court's advice concerning service of the complaint:

> MR. BERNSTEIN: I understand what you said and I anticipate where the judge's -- where your ruling is going to be. My question then is twofold. Is a) assuming you allowed it to be removed to federal court, Mr. Lemon still has not been served. What are we serving him with? We have a state court complaint which is no longer -- which has been divest of jurisdiction. Does that mean now do we serve him the federal court -- he's basically served himself. Do we serve him the state court complaint? I have 120 days. Do I have to now draft a federal complaint which I have 90 days --
>
> THE COURT: No, you don't have to draft a federal complaint. Just serve him.
>
> MR. BERNSTEIN: Serve the state court complaint --
>
> THE COURT: Yes, yes, serve him.
>
> MR. BERNSTEIN: With a federal summons?
>
> THE COURT: Yes, serve him.

Notwithstanding that "[e]ven in cases of removal, service must be completed within the [90-day] time frame set forth in Federal Rule of Civil Procedure 4," (*see, e.g., Welch v. Hertz Car Rental Agency*, 2019 WL 1243681, at *3 (W.D.N.Y. Mar. 18, 2019) (*citing Gerena v. Korb*, 617 F.3d 197, 202 (2d Cir. 2010)), and having made no effort to serve Mr. Lemon for 58 days since the case was removed to this Court, Plaintiff's counsel made an extravagant request for a deadline of an additional 60 days, and not 60 days from the date of the conference, but 60 days from the date the Court would issue its decision on the motion to remand:

---

[3] CPLR 312-A, provides plaintiffs with an alternative to personal service by allowing the plaintiff to mail to the person or entity to be served a copy of the summons and complaint together with an acknowledgement of receipt, which must be mailed within 30 days from the date of receipt.

**PIERCE BAINBRIDGE**

United States District Judge
May 26, 2019
Page 3

> MR. BERNSTEIN: Your Honor, now in terms of – I don't know how long your decision is. Do I have 90 days from the filing?
>
> THE COURT: How much time do you want to serve him?
>
> MR. BERNSTEIN: I'm sorry. What, Your Honor?
>
> THE COURT: How much time do you want to serve him?
>
> MR. BERNSTEIN: Well, I'm just saying I think after your decision if you could give me X amount of time.
>
> THE COURT: That's what I'm asking. How much time do you want? I'm going to decide this quickly.
>
> MR. BERNSTEIN: Okay.
>
> THE COURT: Because I want you to -- if you can't resolve you're going to get on the road to discovery.
>
> MR. BERNSTEIN: Okay.
>
> THE COURT: So --
>
> MR. BERNSTEIN: So 60 days from the date of decision?
>
> THE COURT: Fine. I will give you 60 days from the date of decision. Just so you know, it will be 60 days from the date of decision. I'll also within that set out a discovery schedule and direct you to go to Judge Brown with it.
>
> MR. BERNSTEIN: Okay.

Despite the Court's admonition that service would be necessary to commence the discovery process, Plaintiff's counsel sat on their hands and made no attempt to serve Mr. Lemon or request a waiver of service under Rule 4(d) for the *47 days* before the Court entered its decision denying Plaintiff's motion for remand on November 26, 2019.

After the Court issued its decision, Plaintiff's counsel contacted me to confirm that pursuant to the Court's order, "Plaintiff has until January 25, 2020, 60 days from November 26, 2019, in which to effect service." On December 2, 2019, after reviewing the transcript, I confirmed that the deadline of January 25, 2020 was accurate, and volunteered to Plaintiff's counsel that "[a]s I offered back in August, I'm happy to accept service on behalf of Don so long as it complies with the requirements of Fed. R. Civ. P. 4(d)." (A copy of the email exchange between Plaintiff's counsel and me from November 29, 2019 to December 2, 2019 is annexed hereto as Exhibit B).

**PIERCE BAINBRIDGE**

United States District Judge
May 26, 2019
Page 4

Quite the opposite of Plaintiff's representation to the Court of counsel's "diligent attempts" to effect service (*see* Pl. Ltr. 1-23-2020, DE 25 at 1), Plaintiff's counsel waited *27 days* from the Court's decision denying the motion to send a package by Federal Express—which arrived on Christmas Eve—containing two copies of the complaint and two copies of a form waiver of service, but did not include a Notice of Lawsuit and Request to Waive Service, as required by Rule 4(d). (A copy of Plaintiff's deficient request to waive service in annexed hereto as Exhibit C).

On January 6, 2020 after returning from Christmas break, I informed Plaintiff's counsel that I had received their Federal Express package, but noted that it did not constitute good service. On January 9, 2020, I received a second Federal Express package which contained the required documents to comply with Rule 4(d). Nevertheless, as Plaintiff's counsel quickly realized, the 30-day deadline for me to return the Waiver of Service of Summons would expire after the Court's deadline for service of January 25, 2020. Plaintiff's counsel apparently believes that notwithstanding their neglect in serving process for their client, I am obligated to return the Waiver of Service in less time than permitted under the Federal Rules. The Advisory Committee Notes to Rule 4(d), however, make plain that "[t]he procedure of requesting waiver of service should . . . not be used if the time for service under [Rule 4(m)] will expire before the date on which the waiver must be returned." Fed. R. Civ. P. 4(d), Adv. Cmte. N. 1993 Amendment.

Plaintiff's motion for an extension of time to serve Mr. Lemon should be denied. The "inadvertence, neglect, or mistake" of an attorney will not satisfy the "good cause" standard warranting yet another extension of time to serve under Rule 4(m). *Lab Crafters, Inc. v. Flow Safe, Inc.*, 233 F.R.D. 282, 284 (E.D.N.Y. 2005) (internal citations omitted). Even "a mistaken belief that service was proper does not establish good cause." *Tieman v. City of Newburgh*, 2015 WL 1379652, at *9 (S.D.N.Y. Mar. 26, 2016) (internal citations omitted). Indeed, good cause is found "only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 419 (S.D.N.Y. 2013).

Plaintiff's counsel do not, and cannot offer any colorable excuse for their carelessness and failure to do the basic legal research necessary to protect their client's interests. Plaintiff's counsel are not entitled to yet another extension of time to serve by this Court, just as they were not entitled at the October 10th status conference to the Court's analysis of the Federal Rules relating to service in a removed case. Nor are Plaintiff's counsel entitled, after I repeatedly offered the courtesy of accepting service provided they requested waiver in accordance with the applicable rules, to ignore the plain language of those rules and expect opposing counsel to protect their client's interests. In this regard, Plaintiff's counsel's demand for "costs" based on my "gamesmanship" is particularly inappropriate.[4]

---

[4] Even pro se litigants are not afforded the extraordinary leeway Plaintiff's counsel demand here. See, e.g., Jordan v. Forfeiture Support Assocs., 928 F. Supp. 2d 588, 598 (E.D.N.Y. 2013) ("A plaintiff's pro

**PIERCE BAINBRIDGE**

United States District Judge
May 26, 2019
Page 5

      Under Rule 4(m), Plaintiff had 90 days from the date the case was removed to serve Mr. Lemon. *See, e.g., G.G.G. Pizza, Inc. v. Domino's Pizza, Inc.*, 67 F. Supp. 2d 99, 102 (E.D.N.Y. 1999) (time period for plaintiff to serve summons and complaint in a removed case runs from the date of removal). And notwithstanding the Court's generous extension of Plaintiff's time to serve, Plaintiff did absolutely nothing to effect service of process for *132 days*, and only requested waiver of serve in accordance with Rule 4(d) *148 days* after the case was removed to this Court.  In these circumstances, Plaintiff's motion for an extension of time to serve Mr. Lemon should be denied.  *See, e.g., Vaher v. Town of Orangetown, N.Y.,* 916 F. Supp. 2d 404, 421 (S.D.N.Y. 2013) (rejecting the plaintiff's request for an extension of time to effect service where the plaintiff "has not only failed to even attempt to show good cause for his failure to serve the Amended Complaint on the unserved Defendants, he has also offered no explanation whatsoever for his neglect—even one falling short of good cause").

      Accordingly, for all of the foregoing reasons, we respectfully request that the Court deny Plaintiff's motion to extend the time for service, and enter an order dismissing the action without prejudice under Rule 4(m),

    Respectfully submitted,
    /s/ Caroline J. Polisi
    Caroline J. Polisi

    Attachments (Exhibits A-C)

    cc: All Counsel (Via ECF)

---

se status is no excuse for failure to serve the defendant properly and does not automatically amount to good cause for failure to serve within the time allotted by Rule 4(m). . . ."); Smalls v. City of New York, 2019 WL 1243823, at *4 (E.D.N.Y. Mar. 18, 2019) ("[W]ith respect to pro se plaintiffs, neither mistake nor plain ignorance constitutes good cause.").

Here, Plaintiff's counsel are experienced litigators, and boast that they are "nimble and tenacious" and "provide fierce, savvy representation for high-profile matters."  See  www.nmllplaw.com.  Although Plaintiff's counsel indeed acted swiftly to speak to the press about their "high-profile" lawsuit here (see, e.g., Kate Sheehy, Don Lemon sued by Hamptons bartender for alleged assault, N.Y. Post, Aug. 13, 2019, available at https://nypost.com/2019/08/13/don-lemon-sued-by-hamptons-bartender-for-alleged-assault/), they neglected to perform basic legal research or even read the relevant rules concerning service.