ORIGIN ID:TSSA    (212) 736-4500
NESENOFF & MILTENBERG, LLP

363 SEVENTH AVENUE, 5TH FLOOR

NEW YORK, NY 10001
UNITED STATES US

SHIP DATE: 23DEC19
ACTWGT: 1.00 LB
CAD: 106091052/INET4160

BILL SENDER

TO  **CAROLINE J. POLISI, ESQ.**
**PIERCEBAINBRIDGEBECKPRICE&HECHTLLP**
**277 PARK AVENUE**
**45TH FLOOR**
**NEW YORK NY 10175**

(212) 736-4500      REF: HICE V. LEMON
INV:
PO:                    DEPT:

567.Q/18DD.05A2



**FedEx** Express

**E**

TRK# 0201  **7773 2651 2197**

**TUE - 24 DEC 10:30A**

**PRIORITY OVERNIGHT**

**E3 JHCA**

**10175**
NY-US  **EWR**

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



Ira S. Nesenoff
Andrew T. Miltenberg

Stuart Bernstein

Barbara H. Trapasso
Tara J. Davis
Diana R. Warshow
Gabrielle M. Vinci
Kara L. Gorycki
Cindy A. Singh
Nicholas E. Lewis
Adrienne D. Levy
Ryaan Nizam
Regina M. Federico

Philip A. Byler
*Senior Litigation Counsel*
Rebecca C. Nunberg
*Counsel*
Jeffrey S. Berkowitz
*Counsel*
Marybeth Sydor
*Title IX Consultant*

December 23, 2019

**VIA FED-EX OVERNIGHT MAIL**
Caroline J. Polisi, Esq.
Pierce Bainbridge Beck Price & Hecht LLP
c/o Defendant Don Lemon
277 Park Avenue, 45th Floor
New York, New York 10175

Re:     **Dustin Hice v. Don Lemon Case No. 2:19-cv-04666-JMA-GRB**

Dear Ms. Polisi:

Enclosed herein please find two (2) copies of Plaintiff's complaint that was e-filed with the Suffolk County Supreme Court on August 11, 2019. Two (2) copies of the Waiver of Service of Summons forms are enclosed. Please return the executed Waiver of Service for the Defendant in the enclosed stamped, self-addressed envelope so that we can file it with Court.

Feel free to contact me if you have any questions.

Very truly yours,
**NESENOFF & MILTENBERG, LLP**

By: *Stuart Bernstein*
Stuart Bernstein, Esq.

**Encl.**

# UNITED STATES DISTRICT COURT

### for the

### Eastern District of New York

| | |
|---|---|
| DUSTIN HICE | ) |
| *Plaintiff* | ) |
| v. | ) |
| DON LEMON | ) |
| *Defendant* | ) |

Civil Action No.  2:19-CV-04666-JMA-GRB

## WAIVER OF THE SERVICE OF SUMMONS

To:  Stuart Bernstein, Esq.
  *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/23/2019_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# UNITED STATES DISTRICT COURT

## for the

### Eastern District of New York

| | |
|---|---|
| DUSTIN HICE | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:19-cv-04666-JMA-GRB |
| DON LEMON | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: Stuart Bernstein, Esq.
  *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/23/2019_____ , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Dustin Hice | Don Lemon |

| (b) County of Residence of First Listed Plaintiff    State of Florida | County of Residence of First Listed Defendant    New York County, NY |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* <br> NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF <br>        THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Nesenoff & Miltenberg, LLP | Pierce Bainbridge Beck Price & Hecht LLP |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
     Plaintiff

☐ 3   Federal Question
     *(U.S. Government Not a Party)*

☐ 2   U.S. Government
     Defendant

☒ 4   Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*              *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place <br> of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place <br> of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a <br> Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment <br>    & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted <br>    Student Loans <br>    (Excludes Veterans) <br> ☐ 153 Recovery of Overpayment <br>    of Veteran's Benefits <br> ☐ 160 Stockholders' Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product <br>    Liability <br> ☒ 320 Assault, Libel & <br>    Slander <br> ☐ 330 Federal Employers' <br>    Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product <br>    Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle <br>    Product Liability <br> ☐ 360 Other Personal <br>    Injury <br> ☐ 362 Personal Injury - <br>    Medical Malpractice | **PERSONAL INJURY** <br> ☐ 365 Personal Injury - <br>    Product Liability <br> ☐ 367 Health Care/ <br>    Pharmaceutical <br>    Personal Injury <br>    Product Liability <br> ☐ 368 Asbestos Personal <br>    Injury Product <br>    Liability <br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal <br>    Property Damage <br> ☐ 385 Property Damage <br>    Product Liability | ☐ 625 Drug Related Seizure <br>    of Property 21 USC 881 <br> ☐ 690 Other | ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal <br>    28 USC 157 <br> **PROPERTY RIGHTS** <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 840 Trademark | ☐ 375 False Claims Act <br> ☐ 376 Qui Tam (31 USC <br>    3729(a)) <br> ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and <br>    Corrupt Organizations <br> ☐ 480 Consumer Credit <br> ☐ 490 Cable/Sat TV <br> ☐ 850 Securities/Commodities/ <br>    Exchange |
| | | | **LABOR** <br> ☐ 710 Fair Labor Standards <br>    Act <br> ☐ 720 Labor/Management <br>    Relations <br> ☐ 740 Railway Labor Act <br> ☐ 751 Family and Medical <br>    Leave Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Employee Retirement <br>    Income Security Act | **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions <br> ☐ 891 Agricultural Acts <br> ☐ 893 Environmental Matters <br> ☐ 895 Freedom of Information <br>    Act |
| **REAL PROPERTY** <br> ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | **CIVIL RIGHTS** <br> ☐ 440 Other Civil Rights <br> ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/ <br>    Accommodations <br> ☐ 445 Amer. w/Disabilities - <br>    Employment <br> ☐ 446 Amer. w/Disabilities - <br>    Other <br> ☐ 448 Education | **PRISONER PETITIONS** <br> **Habeas Corpus:** <br> ☐ 463 Alien Detainee <br> ☐ 510 Motions to Vacate <br>    Sentence <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> **Other:** <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition <br> ☐ 560 Civil Detainee - <br>    Conditions of <br>    Confinement | **IMMIGRATION** <br> ☐ 462 Naturalization Application <br> ☐ 465 Other Immigration <br>    Actions | **FEDERAL TAX SUITS** <br> ☐ 870 Taxes (U.S. Plaintiff <br>    or Defendant) <br> ☐ 871 IRS—Third Party <br>    26 USC 7609 | ☐ 896 Arbitration <br> ☐ 899 Administrative Procedure <br>    Act/Review or Appeal of <br>    Agency Decision <br> ☐ 950 Constitutionality of <br>    State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original
     Proceeding

☒ 2   Removed from
     State Court

☐ 3   Remanded from
     Appellate Court

☐ 4   Reinstated or
     Reopened

☐ 5   Transferred from
     Another District
     *(specify)*

☐ 6   Multidistrict
     Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. 1441 and 28 U.S.C. 1332

Brief description of cause:
Removing assault, battery and emotional distress causes of action to federal court pursuant to diversity.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER RULE 23, F.R.Cv.P.

DEMAND $
Determined at Trial

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, Caroline J. Polisi , counsel for Don Lemon , do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐ monetary damages sought are in excess of $150,000, exclusive of interest and costs.

☑ the complaint seeks injunctive relief,

☐ the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more its stocks:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County? ☑ Yes ☐ No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? ☐ Yes ☐ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? ☐ Yes ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? ☐ Yes ☐ No
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☑ Yes     ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes (If yes, please explain    ☑ No

I certify the accuracy of all information provided above.

Signature: _____

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| DUSTIN HICE ) | |
| ) | |
| ) | |
| ) | |
| *Plaintiff(s)* ) | |
| v. ) | Civil Action No.  2:19-CV-04666-JMA-GRB |
| ) | |
| DON LEMON ) | |
| ) | |
| ) | |
| ) | |
| *Defendant(s)* ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Caroline J. Polisi, Esq.
Pierce Bainbridge Beck Price & Hecht LLP
c/o Defendant Don Lemon
277 Park Ave. 45th Floor
New York, New York10175

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Andrew T. Miltenberg, Esq.
Stuart Bernstein, Esq.
Adrienne D. Levy, Esq.
Nesenoff & Miltenberg, LLP
363 Seventh Avenue, 5th Floor
New York, New York 10001

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date:   12/20/2019



*Jazmin Cubano*

*Signature of Clerk or Deputy Clerk*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------X
DUSTIN HICE,

                            **Plaintiff,**

Index No:

**VERIFIED
COMPLAINT**

        -against-

**DON LEMON,**

                          **Defendant.**
-------------------------------------------------------------X

     **PLAINTIFF DUSTIN HICE** (hereinafter "Plaintiff" or "Mr. Hice"), by his attorneys, Nesenoff & Miltenberg, LLP, with its principle office located at 363 Seventh Avenue, 5th Floor, New York, New York 10001, alleges upon knowledge with respect to himself, and upon knowledge, information and belief as to all other matters, as follows:

## INTRODUCTION

     1.     On air and through social media platforms, Don Lemon (hereinafter "Mr. Lemon" or "Defendant"), an American journalist, and Emmy Award winning news anchor for Cable News Network (CNN), who among other things, purports to be an staunch advocate for the "Me Too" movement, a social movement meant to bring awareness and give a voice to victims of sexual assault and sexual harassment. When the cameras are turned off, however, Mr. Lemon's actions are in stark and disturbing contrast to the public persona he attempts to convey. Such was the case in July of 2018, when Mr. Lemon, unprovoked, physically and verbally attacked Plaintiff in a public bar displaying his true nature.

     2.     Accordingly, this is a civil action brought on behalf of Plaintiff against Defendant seeking damages for, *inter alia*, assault and battery in violation of the New York State Common Law.

1

## THE PARTIES

3.     At all times relevant to this Complaint, Plaintiff was and is a male citizen of the United States who resides in the State of Florida.

4.     Upon information and belief, Defendant is a male resident and domiciliary of New York County, New York.

## JURISDICTION AND VENUE

5.     This Court has original jurisdiction over Plaintiff's claims pursuant to New York CPLR §§ 301 and 302.

6.     Venue is proper in this case pursuant to New York CPLR § 503.

## OPERATIVE FACTS

**Plaintiff's History in New York**

7.     Located on the East End of Long Island, comprised of several groups of villages and hamlets, "The Hamptons" has, over the years, become a popular high-end seaside resort. The Hamptons is one of the most historical summer havens of the northeastern United States. The Hamptons is not only known for the celebrities that live and vacation in this affluent area but is renowned for being one of the top destinations to spend the summer due to its beautiful beaches and active night life.

8.     During the Summer of 2018, Plaintiff decided to live and work in The Hamptons in order to earn extra income and enjoy the summer by the beach. Plaintiff had previously worked in The Hamptons during the summer of 2013 and had anticipated returning to The Hamptons in future seasons.

9.     Plaintiff greatly enjoyed his time spent in The Hamptons as he was able to earn money, socialize and enjoy the atmosphere.

2

10.     All of that changed, however, in 2018 when an encounter with the Defendant, Mr. Lemon, damaged Plaintiff.

**Plaintiff's Encounter with Mr. Lemon**

11.     During the Summer of 2018, Plaintiff worked as a bartender at The Old Stove Pub (hereinafter "The Old Stove"), a popular restaurant and bar located in Sagaponack, New York. At that time, Plaintiff's boss was George Gounelas (hereinafter "Mr. Gounelas").

12.     On or about July 15, 2018, upon information and belief, in recognition and celebrations of all the hard work Plaintiff and his colleagues had put in during the Independence Day rush, Mr. Gounelas closed The Old Stove and went out with Plaintiff and others to celebrate a thus far successful season.

13.     Later that evening, Plaintiff, Mr. Gounelas, and a patron of The Old Stove, Jane Roe[1] ("Roe"), arrived at Murf's Backstreet Tavern (hereinafter "Murf's"), a local bar in Sag Harbor, New York.

14.     When Plaintiff entered Murf's, he noticed a familiar face and realized that Mr. Lemon was also at the bar, seemingly enjoying a drink with his friends. Being cordial, Plaintiff tried to get Mr. Lemon's attention and offered to buy Mr. Lemon a drink, a "Lemon Drop", a vodka cocktail.

15.     Mr. Lemon denied Plaintiff's offer and responded that he was "just trying to have a good time".

16.     Plaintiff then left Mr. Lemon and went back to socialize with the individuals he arrived with. Mr. Lemon returned to his friends and both groups went about their night, and there was no further interaction thereafter until Mr. Lemon's assault upon Plaintiff.

---

[1] This individual's identity has been changed to a pseudonym to protect her identity. Roe's identity will be disclosed in discovery.

3

17.     Sometime later that evening, unexpectedly, Mr. Lemon walked towards Plaintiff and his colleagues inside of Murf's.

18.     At such time, Mr. Lemon, who was wearing a pair of shorts, sandals, and a t-shirt, put his hand down the front of his own shorts, and vigorously rubbed his genitalia, removed his hand and shoved his index and middle fingers into Plaintiff's moustache under Plaintiff's nose.

19.     Mr. Lemon intensely pushed his fingers against Plaintiff's face under Plaintiff's nose, forcing Plaintiff's head to thrust backward as Defendant repeatedly asked Plaintiff "Do you like pussy or dick?". While saying this, Mr. Lemon continued to shove his fingers into Plaintiff's face with aggression and hostility.

20.     Plaintiff was shocked and humiliated, and fled the bar. Mr. Gounelas followed Plaintiff outside.

21.     Plaintiff was emotionally devasted by Mr. Lemon's demeaning unprovoked and offensive assault. Plaintiff and Mr. Gounelas remained outside for approximately 5 to 10 minutes before Plaintiff was able to collect himself and return to Murf's.

22.     When Plaintiff and Mr. Gounelas returned inside, Mr. Lemon had left the premises.

**Plaintiff Is Tormented After being Assaulted by Mr. Lemon**

23.     Following the altercation, Plaintiff found it increasingly more difficult to continue working at The Old Stove or socializing at all in the Hamptons.

24.     Since the incident occurred in a public bar, it later became apparent that many of the patrons who frequented Murf's witnessed and talked about what Mr. Lemon had done and joked about it.

25.     After the incident, customers who came into The Old Stove or saw Plaintiff out about town cheekily ordered lemon drops and laughed at Plaintiff's expense.

4

FILED: SUFFOLK COUNTY CLERK 08/11/2019 07:09 PM    INDEX NO. 615507/2019

NYSCEF DOC. NO. 2    Case 2:19-cv-04666-JMA-GRB   Document 1-2   Filed 08/13/19   Page 7 of 11 PageID #: 13  RECEIVED NYSCEF: 08/11/2019

26.     In addition, Plaintiff consistently overheard people talking in whispers about what had happened at Murf's and some even brazenly questioned him about it while he was trying to work.

27.     As a result of the incident and the events thereafter, Plaintiff found it increasingly difficult to work in The Hamptons. Plaintiff was constantly reminded of the assault perpetrated against him and lived in fear of running into Mr. Lemon, who's family, upon information and belief, lives in Sag Harbor, New York.

28.     Plaintiff has suffered tremendously as a result of Mr. Lemon's actions. Following this incident, Plaintiff found himself withdrawn from friends and family, suffered feelings of shame, humiliation, anxiety, anger, and guilt. Plaintiff found himself unable to sleep and at times, and suffered from suicidal ideations.

29.     Although Plaintiff, a religious man, tried to find solace within his faith and the church, to this day he continues to suffer emotionally, mentally, and personally from the incident.

30.     Moreover, as a result of the incident, Plaintiff has found himself unable to return to work in New York over the summer, a tradition he once looked forward to and loved.

## CAUSES OF ACTION
## AS AND FOR A FIRST CAUSE OF ACTION
### *(Assault and Battery)*

31.     Plaintiff repeats and re-alleges each and every allegation above with the same force and effect as if fully set forth herein.

32.     As set forth in detail above and herein, on the evening of July 15, 2018, Defendant intentionally and with the desire to cause harm, both physical and emotional, physically assaulted Plaintiff.

33.     The assault included offensive and intentional bodily contact to and/or with Plaintiff.

5

34.     Defendant's actions reasonably placed Plaintiff in fear for his safety and in fear of a further assault and/or attack.

35.     As a result of Defendant's actions, Plaintiff has suffered damages including, but not limited to, severe emotional distress and loss of future earnings and opportunities.

36.     As a result of the foregoing, Plaintiff is entitled to damages in an amount to be determined at trial, plus prejudgment interest, attorneys' fees, expenses, costs, and disbursements.

## AS AND FOR A SECOND CAUSE OF ACTION
*(Intentional Infliction of Emotional Distress)*

37.     Plaintiff repeats and re-alleges each and every allegation above with the same force and effect as if fully set forth herein.

38.     As set forth herein and above, on or about July 15, 2018, Defendant physically assaulted Plaintiff while in a public forum.

39.     Considering the gravity and seriousness of Defendant's actions, Defendant knew or should have known that his conduct involved an unreasonable risk of causing emotional distress and that such distress, would likely result in illness or harm to Plaintiff.

40.     As a direct and foreseeable consequence of Defendant's actions, Plaintiff sustained tremendous damages, including, without limitation, severe emotional distress and other direct and consequential damages.

41.     The emotional distress was severe enough that it has resulted in illness and/or mental harm to Plaintiff.

42.     Defendant's extreme and outrageous conduct was the cause of Plaintiff's distress.

43.     Plaintiff's resulting distress is reasonable in light of Defendant's conduct.

44.     As a result of the foregoing, Plaintiff is entitled to damages in an amount to be determined at trial, plus prejudgment interest, attorneys' fees, expenses, costs, and disbursements.

6

## AS AND FOR A THIRD CAUSE OF ACTION
*(Negligent Infliction of Emotional Distress)*

45.     Plaintiff repeats and re-alleges each and every allegation above with the same force and effect as if fully set forth herein.

46.     As set forth herein and above, on or about July 15, 2018, Defendant physically assaulted Plaintiff while in a public forum.

47.     Considering the gravity and seriousness of Defendant's actions, Defendant knew or should have known that his conduct involved an unreasonable risk of causing emotional distress and that said distress, would likely result in illness or harm to Plaintiff.

48.     As a direct and foreseeable consequence of Defendant's actions, Plaintiff sustained tremendous damages, including, without limitation, severe emotional distress and other direct and consequential damages.

49.     The emotional distress was severe enough that it has resulted in illness and/or mental harm to Plaintiff.

50.     Defendant's extreme and outrageous conduct was the cause of Plaintiff's distress.

51.     Plaintiff's distress is reasonable in light of Defendant's conduct.

52.     As a result of the foregoing, Plaintiff is entitled to damages in an amount to be determined at trial, plus prejudgment interest, attorneys' fees, expenses, costs, and disbursements.

## DEMAND FOR JURY TRIAL

53.     Pursuant to CPLR § 4102, Plaintiff demands a trial by jury on all claims.

## PRAYER FOR RELIEF

**WHEREFORE,** for the foregoing reasons, Plaintiff seeks a judgment against Defendant as follows:

7

FILED: SUFFOLK COUNTY CLERK 08/11/2019 07:09 PM    INDEX NO. 615507/2019

NYSCEF DOC. NO. 2    Case 2:19-cv-04666-JMA-GRB    Document 1-2    Filed 08/13/19    Page 10 of 11 PageID #: 15    RECEIVED NYSCEF: 08/11/2019

(i)  an Order enjoining Defendant, along with his agents, employees, and those acting in concert therewith, from unlawfully retaliating against Plaintiff for his commencement of and participation in this litigation;

(ii)  an award of damages against Defendant on Plaintiff's claims, as outlined above, including, without limitation, reimbursement of and prepayment for all of Plaintiff's expenses including expenses incurred as a consequence of the assault; damages for deprivations of the access to career opportunities; and damages for past, present, and future emotional pain and suffering, ongoing and severe mental anguish, and loss of past, present, and future earnings and enjoyment of life in an amount to be determined at trial;

(iii)  punitive and/or exemplary damages against Defendant;

(iv)  statutory pre- and post-judgment interest on all sums awarded;

(v)  an award of costs and attorneys' fees; and

(vi)  any other relief the Court finds just and proper.

**Dated: New York, New York**
**August 7, 2019**

>  **NESENOFF & MILTENBERG, LLP**
>  *Attorneys for Plaintiff Dustin Hice*
>
>  By:    */s/ Andrew Miltenberg*
>  **Andrew T. Miltenberg, Esq.**
>  **Stuart Bernstein, Esq.**
>  **Gabrielle M. Vinci, Esq.**
>  **363 Seventh Avenue, Fifth Floor**
>  **New York, New York 10001**
>  **(212) 736-4500**

8

## VERIFICATION

STATE OF Florida     )
                    ) ss.:
COUNTY OF Charlotte    )

**DUSTIN HICE**, being duly sworn, deposes and says:

I am the Claimant named in this matter. I have read the annexed Verified Complaint, know the contents thereof, and the same are true to my knowledge, except as to matters alleged upon information and belief and as to those matters, I believe them to be true.

_____
Dustin Hice

**Sworn to and subscribed before me**

this 7th day of August , 2019.

_____
**NOTARY PUBLIC**

JACQUELINE HOFFNER-HERRON
Commission # GG 273954
Expires February 3, 2023
Bonded Thru Budget Notary Services

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Dustin Hice

**(b)** County of Residence of First Listed Plaintiff   State of Florida
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Nesenoff & Miltenberg, LLP

## DEFENDANTS

Don Lemon

County of Residence of First Listed Defendant   New York County, NY
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Pierce Bainbridge Beck Price & Hecht LLP

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ❏ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ☒ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal | ❏ 376 Qui Tam (31 USC |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ❏ 140 Negotiable Instrument | Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 150 Recovery of Overpayment | ☒ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 368 Asbestos Personal | | ❏ 840 Trademark | ❏ 460 Deportation |
| Student Loans | ❏ 340 Marine | Injury Product | | | ❏ 470 Racketeer Influenced and |
| (Excludes Veterans) | ❏ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | Corrupt Organizations |
| ❏ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ❏ 480 Consumer Credit |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | Act | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ |
| ❏ 190 Other Contract | Product Liability | ❏ 380 Other Personal | Relations | ❏ 864 SSID Title XVI | Exchange |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | Injury | ❏ 385 Property Damage | ❏ 751 Family and Medical | | ❏ 891 Agricultural Acts |
| | ❏ 362 Personal Injury - | Product Liability | Leave Act | | ❏ 893 Environmental Matters |
| | Medical Malpractice | | ❏ 790 Other Labor Litigation | | ❏ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement | **FEDERAL TAX SUITS** | Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ❏ 870 Taxes (U.S. Plaintiff | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | or Defendant) | ❏ 899 Administrative Procedure |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | Act/Review or Appeal of |
| ❏ 240 Torts to Land | ❏ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ❏ 245 Tort Product Liability | Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | |
| | Other | ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1441 and 28 U.S.C. 1332

Brief description of cause:
Removing assault, battery and emotional distress causes of action to federal court pursuant to diversity.

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
Determined at Trial

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions:)*
JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, Caroline J. Polisi _____, counsel for _____Don Lemon_____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐ monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☑ the complaint seeks injunctive relief,

☐ the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County? ☑ Yes ☐ No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? ☐ Yes ☐ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? ☐ Yes ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? ☐ Yes ☐ No
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☑ Yes       ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes (If yes, please explain      ☑ No

I certify the accuracy of all information provided above.

Signature: _____

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

|  |  |  |
|---|---|---|
| DUSTIN HICE | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No.  2:19-CV-04666-JMA-GRB |
| DON LEMON | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Caroline J. Polisi, Esq.
Pierce Bainbridge Beck Price & Hecht LLP
c/o Defendant Don Lemon
277 Park Ave. 45th Floor
New York, New York10175

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Andrew T. Miltenberg, Esq.
Stuart Bernstein, Esq.
Adrienne D. Levy, Esq.
Nesenoff & Miltenberg, LLP
363 Seventh Avenue, 5th Floor
New York, New York 10001

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date: 12/20/2019



*Jazmin Cubano*

*Signature of Clerk or Deputy Clerk*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

------------------------------------------------------------------X

DUSTIN HICE,

                         **Plaintiff,**

         -against-

DON LEMON,

                        **Defendant.**

------------------------------------------------------------------X

**Index No:**

**VERIFIED
COMPLAINT**

     **PLAINTIFF DUSTIN HICE** (hereinafter "Plaintiff" or "Mr. Hice"), by his attorneys, Nesenoff & Miltenberg, LLP, with its principle office located at 363 Seventh Avenue, 5th Floor, New York, New York 10001, alleges upon knowledge with respect to himself, and upon knowledge, information and belief as to all other matters, as follows:

<u>INTRODUCTION</u>

     1.     On air and through social media platforms, Don Lemon (hereinafter "Mr. Lemon" or "Defendant"), an American journalist, and Emmy Award winning news anchor for Cable News Network (CNN), who among other things, purports to be an staunch advocate for the "Me Too" movement, a social movement meant to bring awareness and give a voice to victims of sexual assault and sexual harassment. When the cameras are turned off, however, Mr. Lemon's actions are in stark and disturbing contrast to the public persona he attempts to convey.   Such was the case in July of 2018, when Mr. Lemon, unprovoked, physically and verbally attacked Plaintiff in a public bar displaying his true nature.

     2.     Accordingly, this is a civil action brought on behalf of Plaintiff against Defendant seeking damages for, *inter alia*, assault and battery in violation of the New York State Common Law.

1

## THE PARTIES

3.     At all times relevant to this Complaint, Plaintiff was and is a male citizen of the United States who resides in the State of Florida.

4.     Upon information and belief, Defendant is a male resident and domiciliary of New York County, New York.

## JURISDICTION AND VENUE

5.     This Court has original jurisdiction over Plaintiff's claims pursuant to New York CPLR §§ 301 and 302.

6.     Venue is proper in this case pursuant to New York CPLR § 503.

## OPERATIVE FACTS

### Plaintiff's History in New York

7.     Located on the East End of Long Island, comprised of several groups of villages and hamlets, "The Hamptons" has, over the years, become a popular high-end seaside resort. The Hamptons is one of the most historical summer havens of the northeastern United States. The Hamptons is not only known for the celebrities that live and vacation in this affluent area but is renowned for being one of the top destinations to spend the summer due to its beautiful beaches and active night life.

8.     During the Summer of 2018, Plaintiff decided to live and work in The Hamptons in order to earn extra income and enjoy the summer by the beach. Plaintiff had previously worked in The Hamptons during the summer of 2013 and had anticipated returning to The Hamptons in future seasons.

9.     Plaintiff greatly enjoyed his time spent in The Hamptons as he was able to earn money, socialize and enjoy the atmosphere.

2

10.     All of that changed, however, in 2018 when an encounter with the Defendant, Mr. Lemon, damaged Plaintiff.

**Plaintiff's Encounter with Mr. Lemon**

11.     During the Summer of 2018, Plaintiff worked as a bartender at The Old Stove Pub (hereinafter "The Old Stove"), a popular restaurant and bar located in Sagaponack, New York. At that time, Plaintiff's boss was George Gounelas (hereinafter "Mr. Gounelas").

12.     On or about July 15, 2018, upon information and belief, in recognition and celebrations of all the hard work Plaintiff and his colleagues had put in during the Independence Day rush, Mr. Gounelas closed The Old Stove and went out with Plaintiff and others to celebrate a thus far successful season.

13.     Later that evening, Plaintiff, Mr. Gounelas, and a patron of The Old Stove, Jane Roe[1] ("Roe"), arrived at Murf's Backstreet Tavern (hereinafter "Murf's"), a local bar in Sag Harbor, New York.

14.     When Plaintiff entered Murf's, he noticed a familiar face and realized that Mr. Lemon was also at the bar, seemingly enjoying a drink with his friends. Being cordial, Plaintiff tried to get Mr. Lemon's attention and offered to buy Mr. Lemon a drink, a "Lemon Drop", a vodka cocktail.

15.     Mr. Lemon denied Plaintiff's offer and responded that he was "just trying to have a good time".

16.     Plaintiff then left Mr. Lemon and went back to socialize with the individuals he arrived with. Mr. Lemon returned to his friends and both groups went about their night, and there was no further interaction thereafter until Mr. Lemon's assault upon Plaintiff.

---

[1] This individual's identity has been changed to a pseudonym to protect her identity. Roe's identity will be disclosed in discovery.

3

17.     Sometime later that evening, unexpectedly, Mr. Lemon walked towards Plaintiff and his colleagues inside of Murf's.

18.     At such time, Mr. Lemon, who was wearing a pair of shorts, sandals, and a t-shirt, put his hand down the front of his own shorts, and vigorously rubbed his genitalia, removed his hand and shoved his index and middle fingers into Plaintiff's moustache under Plaintiff's nose.

19.     Mr. Lemon intensely pushed his fingers against Plaintiff's face under Plaintiff's nose, forcing Plaintiff's head to thrust backward as Defendant repeatedly asked Plaintiff "Do you like pussy or dick?". While saying this, Mr. Lemon continued to shove his fingers into Plaintiff's face with aggression and hostility.

20.     Plaintiff was shocked and humiliated, and fled the bar. Mr. Gounelas followed Plaintiff outside.

21.     Plaintiff was emotionally devasted by Mr. Lemon's demeaning unprovoked and offensive assault. Plaintiff and Mr. Gounelas remained outside for approximately 5 to 10 minutes before Plaintiff was able to collect himself and return to Murf's.

22.     When Plaintiff and Mr. Gounelas returned inside, Mr. Lemon had left the premises.

**Plaintiff Is Tormented After being Assaulted by Mr. Lemon**

23.     Following the altercation, Plaintiff found it increasingly more difficult to continue working at The Old Stove or socializing at all in the Hamptons.

24.     Since the incident occurred in a public bar, it later became apparent that many of the patrons who frequented Murf's witnessed and talked about what Mr. Lemon had done and joked about it.

25.     After the incident, customers who came into The Old Stove or saw Plaintiff out about town cheekily ordered lemon drops and laughed at Plaintiff's expense.

4

FILED: SUFFOLK COUNTY CLERK 08/11/2019 07:09 PM INDEX NO. 615507/2019

NYSCEF DOC. NO. 2Case 2:19-cv-04666-JMA-GRB Document 1-2 Filed 08/13/19 Page 7 of 11 PageID #: 13RECEIVED NYSCEF: 08/11/2019

26.     In addition, Plaintiff consistently overheard people talking in whispers about what had happened at Murf's and some even brazenly questioned him about it while he was trying to work.

27.     As a result of the incident and the events thereafter, Plaintiff found it increasingly difficult to work in The Hamptons. Plaintiff was constantly reminded of the assault perpetrated against him and lived in fear of running into Mr. Lemon, who's family, upon information and belief, lives in Sag Harbor, New York.

28.     Plaintiff has suffered tremendously as a result of Mr. Lemon's actions. Following this incident, Plaintiff found himself withdrawn from friends and family, suffered feelings of shame, humiliation, anxiety, anger, and guilt. Plaintiff found himself unable to sleep and at times, and suffered from suicidal ideations.

29.     Although Plaintiff, a religious man, tried to find solace within his faith and the church, to this day he continues to suffer emotionally, mentally, and personally from the incident.

30.     Moreover, as a result of the incident, Plaintiff has found himself unable to return to work in New York over the summer, a tradition he once looked forward to and loved.

## CAUSES OF ACTION
## AS AND FOR A FIRST CAUSE OF ACTION
### *(Assault and Battery)*

31.     Plaintiff repeats and re-alleges each and every allegation above with the same force and effect as if fully set forth herein.

32.     As set forth in detail above and herein, on the evening of July 15, 2018, Defendant intentionally and with the desire to cause harm, both physical and emotional, physically assaulted Plaintiff.

33.     The assault included offensive and intentional bodily contact to and/or with Plaintiff.

5

34.    Defendant's actions reasonably placed Plaintiff in fear for his safety and in fear of a further assault and/or attack.

35.    As a result of Defendant's actions, Plaintiff has suffered damages including, but not limited to, severe emotional distress and loss of future earnings and opportunities.

36.    As a result of the foregoing, Plaintiff is entitled to damages in an amount to be determined at trial, plus prejudgment interest, attorneys' fees, expenses, costs, and disbursements.

## AS AND FOR A SECOND CAUSE OF ACTION
*(Intentional Infliction of Emotional Distress)*

37.    Plaintiff repeats and re-alleges each and every allegation above with the same force and effect as if fully set forth herein.

38.    As set forth herein and above, on or about July 15, 2018, Defendant physically assaulted Plaintiff while in a public forum.

39.    Considering the gravity and seriousness of Defendant's actions, Defendant knew or should have known that his conduct involved an unreasonable risk of causing emotional distress and that such distress, would likely result in illness or harm to Plaintiff.

40.    As a direct and foreseeable consequence of Defendant's actions, Plaintiff sustained tremendous damages, including, without limitation, severe emotional distress and other direct and consequential damages.

41.    The emotional distress was severe enough that it has resulted in illness and/or mental harm to Plaintiff.

42.    Defendant's extreme and outrageous conduct was the cause of Plaintiff's distress.

43.    Plaintiff's resulting distress is reasonable in light of Defendant's conduct.

44.    As a result of the foregoing, Plaintiff is entitled to damages in an amount to be determined at trial, plus prejudgment interest, attorneys' fees, expenses, costs, and disbursements.

6

## AS AND FOR A THIRD CAUSE OF ACTION
### *(Negligent Infliction of Emotional Distress)*

45.      Plaintiff repeats and re-alleges each and every allegation above with the same force and effect as if fully set forth herein.

46.      As set forth herein and above, on or about July 15, 2018, Defendant physically assaulted Plaintiff while in a public forum.

47.      Considering the gravity and seriousness of Defendant's actions, Defendant knew or should have known that his conduct involved an unreasonable risk of causing emotional distress and that said distress, would likely result in illness or harm to Plaintiff.

48.      As a direct and foreseeable consequence of Defendant's actions, Plaintiff sustained tremendous damages, including, without limitation, severe emotional distress and other direct and consequential damages.

49.      The emotional distress was severe enough that it has resulted in illness and/or mental harm to Plaintiff.

50.      Defendant's extreme and outrageous conduct was the cause of Plaintiff's distress.

51.      Plaintiff's distress is reasonable in light of Defendant's conduct.

52.      As a result of the foregoing, Plaintiff is entitled to damages in an amount to be determined at trial, plus prejudgment interest, attorneys' fees, expenses, costs, and disbursements.

## DEMAND FOR JURY TRIAL

53.      Pursuant to CPLR § 4102, Plaintiff demands a trial by jury on all claims.

## PRAYER FOR RELIEF

**WHEREFORE,** for the foregoing reasons, Plaintiff seeks a judgment against Defendant as follows:

7

    (i)     an Order enjoining Defendant, along with his agents, employees, and those acting in concert therewith, from unlawfully retaliating against Plaintiff for his commencement of and participation in this litigation;

    (ii)    an award of damages against Defendant on Plaintiff's claims, as outlined above, including, without limitation, reimbursement of and prepayment for all of Plaintiff's expenses including expenses incurred as a consequence of the assault; damages for deprivations of the access to career opportunities; and damages for past, present, and future emotional pain and suffering, ongoing and severe mental anguish, and loss of past, present, and future earnings and enjoyment of life in an amount to be determined at trial;

    (iii)   punitive and/or exemplary damages against Defendant;

    (iv)   statutory pre- and post-judgment interest on all sums awarded;

    (v)    an award of costs and attorneys' fees; and

    (vi)   any other relief the Court finds just and proper.

Dated: New York, New York
      August 7, 2019

                      **NESENOFF & MILTENBERG, LLP**
                      *Attorneys for Plaintiff Dustin Hice*

       **By:**    */s/ Andrew Miltenberg*
                **Andrew T. Miltenberg, Esq.**
                **Stuart Bernstein, Esq.**
                **Gabrielle M. Vinci, Esq.**
                **363 Seventh Avenue, Fifth Floor**
                **New York, New York 10001**
                **(212) 736-4500**

8

## VERIFICATION

STATE OF _Florida_          )
                            ) ss.:
COUNTY OF _Charlotte_       )

**DUSTIN HICE**, being duly sworn, deposes and says:

I am the Claimant named in this matter. I have read the annexed Verified Complaint, know the contents thereof, and the same are true to my knowledge, except as to matters alleged upon information and belief and as to those matters, I believe them to be true.

_____
Dustin Hice

Sworn to and subscribed before me

this _7th_ day of _August_, 2019.

_____
NOTARY PUBLIC

JACQUELINE HOFFNER-HERRON
Commission # GG 273954
Expires February 3, 2023
Bonded Thru Budget Notary Services