**NESENOFF & MILTENBERG** LLP

ATTORNEYS AT LAW

nmllplaw.com

Ira S. Nesenoff
Andrew T. Miltenberg
───────────────
Stuart Bernstein

Barbara H. Trapasso
Tara J. Davis
Diana R. Warshow
Gabrielle M. Vinci
Kara L. Gorycki
Cindy A. Singh
Nicholas E. Lewis
Adrienne D. Levy
Ryaan Nizam
Regina M. Federico

Philip A. Byler
*Senior Litigation Counsel*
Rebecca C. Nunberg
*Counsel*
Jeffrey S. Berkowitz
*Counsel*
Marybeth Sydor
*Title IX Consultant*

January 24, 2020

**VIA ECF**
The Honorable Joan M. Azrack, U.S.D.J.
The Honorable Steven I. Locke, U.S.M.J.
Eastern District of New York
Long Island Courthouse
100 Federal Plaza, Courtroom 920
Central Islip, New York 11722

   Re: Hice v. Lemon, No. 2:19-CV-04666 (JMA) (SIL)
      **Objection to Defendant's Improper and Untimely Motion to Dismiss**

Dear Judge Azrack and Magistrate Judge Locke:

  The undersigned represents the Plaintiff, Dustin Hice, in the above-captioned matter, and respectfully submits this letter objecting to Defendant Don Lemon's improper attempt to bootstrap a premature, dispositive motion to an opposition letter (ECF No. 26), in blatant violation of the Court rules.

  Plaintiff will not address here the numerous and wild misrepresentations and attempts to distort the record by Defense counsel, as the Court is well aware of the relevant transactions. Plaintiff will note that Defendant utterly failed to address key factors for consideration on a motion to extend time to serve, including, "the relative prejudice to the parties (including whether the action would be barred by the statute of limitations and whether defendant had actual notice of the suit)." *Richardson v. Staten Island Univ. Hosp.*, 191 F. Supp. 3d 260, 262 (E.D.N.Y. 2016) (citation omitted). Undoubtedly, this is because Defendant knows that these factors overwhelmingly favor Plaintiff.

  Plaintiff hereby objects to Defendant Don Lemon's improper attempt to incorporate a dispositive motion into an opposition letter. Per Judge Azrack's individual rules, with limited exceptions inapplicable here, "a pre-motion conference is required before making any motion addressed to Judge Azrack." Defendant skipped over this procedural requirement. Moreover, on a substantive level, the time to serve has not yet expired.[1] Defendant's motion to dismiss is thus procedurally deficient, premature and untimely.

---

[1] *See* Fed. R. Civ. P. 6(a) ("if the last day is a Saturday. . ., the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Thus, the 60-day period ending on January 25, 2020, results in a service deadline of Monday, January 27, 2020.

1



For the foregoing reasons, Plaintiff respectfully requests this Court deny Defendant's motion to dismiss on both procedural and substantive grounds.

Respectfully submitted,

**NESENOFF & MILTENBERG, LLP**

*/s/ Andrew T. Miltenberg*
By: Andrew T. Miltenberg, Esq.
    Stuart Bernstein, Esq.
    Adrienne D. Levy, Esq.

*Attorneys for Plaintiff*

cc. All counsel (via ECF)