UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DUSTIN HICE,

                Plaintiff,

v.

DON LEMON,

                Defendant.

Civil Action No.2:19-cv-04666 (JMA) (SIL)

---

**DEFENDANT DON LEMON'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Don Lemon ("Defendant"), by and through his undersigned attorneys, answers the Complaint filed by Plaintiff Dustin Hice ("Plaintiff") and asserts affirmative defenses as follows:

**ANSWER**

**INTRODCUTION**

1. Admitted in part and denied in part. Defendant admits that he is a journalist and news anchor for CNN. Defendant denies the remaining allegations set forth in Paragraph 1 of the Complaint, which include impertinent, immaterial, and scandalous characterizations that fall outside of the boundaries of permissible pleading.

2. No response is required for Paragraph 2 of the Complaint.

**THE PARTIES**

3. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint. Accordingly, they are denied.

4. Admitted.

5.      No response is required to Paragraph 5 of the Complaint.  To the extent a response is required, Defendant stipulates to the jurisdiction of this Court over the action, and denies the remaining allegations.

6.      No response is required to Paragraph 6 of the Complaint.  To the extent a response is required, Defendant stipulates to the jurisdiction of this Court over the action and to venue, and denies the remaining allegations.

7.      The allegations set forth in Paragraph 7 of the Complaint are not directed to the Defendant and do not require a response.  To the extent that any allegations are directed to the Defendant, the allegations are denied.

8.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, which in no way reference Defendant. Accordingly, they are denied.

9.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, which in no way reference Defendant. Accordingly, they are denied.

10.     Denied.  Further answering, Defendant is a public figure, and is often subjected to racist and homophobic harassment.  Strangers approach Defendant in public frequently, at times intrusively and repeatedly.  It is denied that Defendant assaulted Plaintiff in any manner.

11.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint, which in no way reference Defendant. Accordingly, they are denied.

12.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint, which in no way reference Defendant.

Accordingly, they are denied.

13. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint, which in no way reference Defendant. Accordingly, they are denied. Further answering, Plaintiff's use of a pseudonym for a non-party witness is designed to be inflammatory and falls outside of the boundaries of permissible pleading.

14. Admitted in part and denied in part. Admitted that Defendant has patronized Murf's, and that Defendant has never accepted a drink from Plaintiff, who is a complete stranger to Defendant. The remainder of the paragraph, including Plaintiff's characterization of Plaintiff's own behavior, including his efforts to "get Mr. Lemon's attention" as "cordial," is denied.

15. Admitted in part and denied in part. Admitted that Defendant has never accepted a drink from Plaintiff, who is a complete stranger to Defendant. To the extent that the allegations in Paragraph 15 purport to characterize an alleged interaction between Plaintiff and Defendant and purport to quote Defendant, the allegations are denied.

16. Denied. Paragraph 16 purports to characterize an alleged interaction between Plaintiff and Defendant. Defendant denies any allegation that mischaracterizes any interaction he may have had with Plaintiff. Defendant specifically denies assaulting Plaintiff.

17. Denied. Paragraph 17 purports to characterize an alleged interaction between Plaintiff and Defendant. Defendant denies any allegation that mischaracterizes any interaction he may have had with Plaintiff.

18. Defendant denies the allegations in Paragraph 18 in their entirety.

19. Defendant denies the allegations in Paragraph 19 in their entirety.

20. It is specifically denied that Defendant assaulted Plaintiff. To the extent that any further

answer is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 20 of the Complaint.  Accordingly, they are denied.

21.     It is specifically denied that Defendant assaulted Plaintiff.  To the extent that any further answer is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 21 of the Complaint.  Accordingly, they are denied.

22.     It is specifically denied that Defendant assaulted Plaintiff.  To the extent that any further answer is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 22 of the Complaint.  Accordingly, they are denied.

23.     It is specifically denied that Defendant assaulted Plaintiff.  To the extent that any further answer is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 23 of the Complaint.  Accordingly, they are denied.

24.     It is specifically denied that Defendant assaulted Plaintiff.  To the extent that any further answer is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 24 of the Complaint.  Accordingly, they are denied.

25.     It is specifically denied that Defendant assaulted Plaintiff.  To the extent that any further answer is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 25 of the Complaint.  Accordingly, they are denied.

26.     It is specifically denied that Defendant assaulted Plaintiff.  To the extent that any further

answer is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 26 of the Complaint. Accordingly, they are denied.

27. It is specifically denied that Defendant assaulted Plaintiff. To the extent that any further answer is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 27 of the Complaint. Accordingly, they are denied.

28. It is specifically denied that Defendant assaulted Plaintiff. To the extent that any further answer is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 28 of the Complaint. Accordingly, they are denied.

29. It is specifically denied that Defendant assaulted Plaintiff. To the extent that any further answer is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 29 of the Complaint. Accordingly, they are denied.

30. It is specifically denied that Defendant assaulted Plaintiff. To the extent that any further answer is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 30 of the Complaint. Accordingly, they are denied.

**CAUSES OF ACTION**
**AS AND FOR A FIRST CAUSE OF ACTION**
*(Assault and Battery)*

31. Defendant incorporates by reference Defendant's responses to Paragraphs 1 through 30 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 in their entirety.

33. Defendant denies the allegations contained in Paragraph 33 in their entirety.

34. Defendant denies the allegations contained in Paragraph 34 in their entirety.

35. Paragraph 35 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

36. The allegations of Paragraph 36 consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

## AS AND FOR A SECOND CAUSE OF ACTION
*(Intentional Infliction of Emotional Distress)*

37. Defendant incorporates by reference Defendant's responses to Paragraphs 1 through 36 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 in their entirety.

39. Paragraph 39 consists of conclusions of law to which no response is required. To the extent that an answer is required, Defendant denies the allegations in their entirety.

40. Paragraph 40 consists of conclusions of law to which no response is required. To the extent that an answer is required, Defendant denies the allegations in their entirety.

41. Paragraph 41 consists of conclusions of law to which no response is required. To the extent that an answer is required, Defendant denies the allegations in their entirety.

42. Paragraph 42 consists of conclusions of law to which no response is required. To the extent that an answer is required, Defendant denies the allegations in their entirety.

43. Paragraph 43 consists of conclusions of law to which no response is required. To the extent that an answer is required, Defendant denies the allegations in their entirety.

44. Paragraph 44 consists of conclusions of law to which no response is required. To the extent that an answer is required, Defendant denies the allegations in their entirety.

## AS FOR THE THIRD CAUSE OF ACTION
*(Negligent Infliction of Emotional Distress)*

This cause of action has been voluntarily dismissed by Plaintiff; therefore, no answer is required.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c) and without assuming the burden of proof for any claim or element of a claim that properly lies with Plaintiff, Defendant sets forth the following affirmative defenses to Plaintiff's Complaint and other matters constituting an avoidance. Defendant expressly reserves all defenses, rights, and remedies at law and in equity that become available based on information gathered in discovery. Defendant does not admit that he has the burden of proof on any of the defenses alleged herein.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Complaint and each cause of action alleged therein against Defendant, fails to state a claim upon which relief can be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff suffered no damages by reason of the act complained of in the Complaint, or by any acts or omissions of Defendant and/or for which Defendant is legally responsible.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are speculative, hypothetical, unsupported by any reasonable methodology, and are not cognizable as a matter of law.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are *de minimis.*

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his alleged damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's alleged losses, if any, were caused by his own actions and/or inactions and/or the actions of third parties, and therefore, he is precluded from recovery from Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff and/or his agents and/or his attorneys acting on his behalf are with unclean hands and have engaged in conduct consistent with intimidation, extortion, malicious prosecution, and/or abuse of process.

### EIGHT AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands because Plaintiff and/or his agents and/or his attorneys acting on his behalf, have filed this lawsuit in a manner with intent, or reckless disregard, to harass, intimidate Defendant and/or seek publicity and media attention, and financial gain, at the expense and detriment of Defendant.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel and laches.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in party by the applicable statute of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by reason of Plaintiff's bad faith.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because of Plaintiff's culpable conduct.

### THIRTEENTH AFFIRMATIVE DEFENSE

The causes of action herein have been waived and/or are barred by reason of Plaintiff's failure to give proper and timely notice to the Defendant of his claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant is not responsible for Plaintiff's alleged harm, because any action taken was in response to Plaintiff's own culpable conduct and/or intoxication.

## FIFTHTEENTH AFFIRMATIVE DEFENSE

The Complaint constitutes frivolous litigation on the part of Plaintiff in violation of F.R.C.P 11(b), for which sanctions, including an award of attorney's fees under F.R.C.P. 11(c), are warranted.

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests that the Court grant the following against Plaintiff:

1. Ordering that Plaintiff's claims against Defendant be dismissed in their entirety with prejudice, that judgment be entered in favor of Defendant and against Plaintiff, and that Plaintiff be denied all relief requested in his claims.

2. Granting Defendant the costs and disbursements of this action, including reasonable attorney's fees, along with such other and further relief as the Court deems just and proper.

Dated: June 3, 2020  
New York, New York

Respectfully submitted,

By: /s/ Caroline J. Polisi  
ARMSTRONG TEASDALE LLP  
919 Third Avenue, 37th Floor  
New York, NY 10022  
Tel: (212) 209-4359  
E-mail: cpolisi@atllp.com

*Attorneys for Defendant Don Lemon*