**Caroline J. Polisi**

919 Third Ave., 37th Floor

New York, NY 10022

Direct **T** 212.209.4359

cpolisi@atllp.com

January 5, 2021

*By ECF*

The Honorable Steven I. Locke, U.S.M.J.
United States District Court, E.D.N.Y.
100 Federal Plaza
Central Islip, New York 11722

**Re:** *Hice v. Lemon*, No. 2:19-CV-4666 (JMA) (SIL)

Dear Magistrate Judge Locke:

We represent Don Lemon in the above-referenced action. In advance of the status conference scheduled for January 6, 2021, we write to apprise the Court of discovery disputes that the parties have been unable to resolve through good-faith discussions. To the extent these issues cannot be resolved during the conference, we will respectfully ask the Court to set a briefing schedule.

**I. Plaintiff's Spoliation and Withholding of Relevant Evidence Undermining his Claims**

Materials produced by third-party witnesses in recent weeks reveal that Plaintiff has either destroyed or intentionally withheld documents and records responsive to Defendant's document requests. These materials undermine Plaintiff's account of his interactions with Defendant, as well as his claims of "pain and suffering" for which he seeks compensatory damages. For instance, a third-party witness produced in discovery an image from Plaintiff's Instagram account depicting Plaintiff and his friends outside of Mr. Lemon's residence (uninvited, unbeknownst to Mr. Lemon, and on multiple occasions) engaging in self-described "prank wars" against Mr. Lemon. In these photographs, Plaintiff holds lemons against his genital area, rolls around laughing in Mr. Lemon's driveway, and litters his property with lemons.[1]

---

[1] Plaintiff failed to disclose the existence of, much less produce posts from, a private Instagram account in which he posted comments and images relevant to the litigation. Plaintiff's counsel furthermore takes the positon that Plaintiff is not required to produce in discovery any social media that was posted publically by Plaintiff – that Defendant may go find it themselves.

January 5, 2021
Page 2

Additionally, Plaintiff admits deleting over 1,900 Tweets from his Twitter account shortly after filing this lawsuit.[2] While Plaintiff has produced only eight pages of text messages with two individuals; third-party discovery has revealed over one hundred pages of text messages between Plaintiff and others regarding, among other things: a) his contemplated lawsuit; b) his desire for an "insane" settlement; c) his identification of potential witnesses and whether they might hurt his claims; d) his denigration and ridicule of Mr. Lemon for being gay; e) his bragging about trespassing on Lemon's property and littering the property with lemons, and f) taking "lemon drop" shots on multiple occasions. *See* examples attached hereto as Exhibit "A" (text messages), Exhibit "B" (text chain messages), and Exhibit "C" (Instagram post from Plaintiff's account along with other photographs and texts).

When asked at deposition about his possession of text messages and images regarding the matter, Plaintiff stated said that he got a new cell phone in September 2018, and because he did not preserve the messages from his older cell phone, he was unable to access text messages from before September 2018. However, the text messages Plaintiff has withheld continue through well after that date. Furthermore, when asked about the social media posts he deleted, Plaintiff self-servingly asserted that he does not believe that any of the posts he deleted would have been responsive to Defendant's document requests. That statement cannot be verified, since Plaintiff deleted them after he brought this lawsuit – though, notably, the limited images that have been recovered from third parties show *Plaintiff* to be merrily engaging in egregious conduct toward Mr. Lemon.

Given the circumstances, we intend to submit a motion for sanctions for Plaintiff's post-lawsuit deletion of relevant text messages and social media posts undermining his claim for damages. *See, e.g., Fujitsu Ltd. v. Fed. Ex. Corp.*, 247 F.3d 423, 436 (2d Cir. 2001) (a party that fails to preserve evidence when "it has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation" is subject to sanctions for spoliation). Furthermore, with respect to responsive materials still in Plaintiff's possession, custody, or control, we expect to move to compel Plaintiff to produce those materials.

## II.     Plaintiff's Failure to Provide a Damages Calculation in his Rule 26(a) Disclosures

Plaintiff has refused to provide an adequate calculation of his damages in his Rule 26(a) disclosures. Under Rule 26(a), Lemon is entitled to Hice's computation of each type of damages he purports to claim in this case. FRCP 26(a)(1)(A)(iii). Instead, Hice's damages "computation" includes a reference to Lemon's purported "concession" in his removal petition that the amount in controversy exceeds $75,000. Plaintiff, of course, ignores that Lemon has never conceded liability, let alone that he is liable for over $75,000 in damages. *See, e.g., Schor v. State Farm Fire*

---

[2]   Plaintiff's own counsel was quoted stating that Plaintiff deleted social media subsequent to the start of this litigation. *See* https://www.mediaite.com/tv/man-sues-cnns-don-lemon-for-alleged-assault-at-sag-harbor-bar/ (Miltenberg statement that Hice "took down his social media accounts on the day he filed the lawsuit against Don Lemon because he's a private citizen and wants to protect himself from CNN's heavy-handed tactics.").

*and Cas. Ins. Co.*, 2015 WL 1230200, at *1 (E.D. Pa. Mar. 18, 2015) (A removing defendant's assertion that the "amount in controversy" exceeds $75,000 "does not translate into a concession as to the merits or adequacy of Plaintiff's pleading.")

When pressed to disclose his computation of pecuniary compensatory damages, Plaintiff asserts that he has provided all relevant documents in discovery.[3] But it is well-established that providing undifferentiated financial statements requiring the defendant to perform a calculation of damages is insufficient; instead, the plaintiff must provide a computation supported by documents. *See, e.g., Design Strategy, Inc. v. Davis*, 469 F.3d 284, 293 (2d Cir. 2006). Further, when pressed to disclose his computation of non-pecuniary damages, Plaintiff contends that such calculations are not readily quantifiable and are more appropriately determined by a jury. If Plaintiff takes this position, he should be precluded from introducing at trial any evidence of, or suggesting a specific amount of non-pecuniary, compensatory damages. *See Mohr v. Security Credit Services LLC, 141 F. Supp. 3d 179 (N.D.N.Y. 2015)*.

### III. Defendant's Request for Late Notice of an Affirmative Expert Witness

On December 30, 2020, we notified Plaintiff of our intention to notice an affirmative expert witness, Mark Mills, M.D. This was two weeks after the deadline for expert disclosures, which we mistook as a disclosure deadline for Plaintiff's expert identification. Although expert discovery has not yet commenced and Plaintiff has not articulated any prejudice, Plaintiff opposes the request. We intend to move the Court to permit us to use Dr. Mills as an affirmative expert witness. Furthermore, we intend to ask the Court to order that Dr. Mills be permitted to examine Plaintiff under F.R.C.P. 35, a request which Plaintiff cannot argue is time-barred. Although we have sought Plaintiff's consent for a Rule 35 examination, which is warranted given the nature of Plaintiff's purported damages, Plaintiff has not yet taken a position as to this request.

### IV. Plaintiff's Demand for a Privilege Log While Refusing to Provide a Reciprocal Log

Plaintiff has demanded that Defendant produce a privilege log on the grounds that our responses to certain of Plaintiff's document requests included a specific objection on the basis of attorney-client privilege and work product. We do not object to producing such a privilege log—which would consist of memoranda to file of attorneys and retained investigators of their interviews of witnesses, which is classic work product. But Plaintiff has refused to produce a privilege log containing documents it has withheld on the basis of privilege or work product, despite the fact that Plaintiff lodged the specific objection of privilege and work product in response to certain of Defendant's document requests, and despite the fact that we are well aware Plaintiff's counsel and retained investigators interviewed witnesses.

---

[3] We have deduced that Mr. Hice's purported pecuniary "loss" amounts to $375.00, based upon several visits to a counselor in during the summer of 2020, well after initiation of this law suit. Notwithstanding our efforts, Plaintiff is obligated to articulate his own damages calculation.

January 5, 2021
Page 4

We have made clear to Plaintiff that we have not withheld any communications between Defendant and any counsel that occurred prior to Plaintiff's pre-lawsuit settlement demand. Nor has Defendant withheld any documents created before Plaintiff's pre-lawsuit settlement demand on the basis of privilege or work product. While producing a privilege log in these circumstances would be redundant, we are prepared to do so if Plaintiff undertakes the same task.

Respectfully submitted,
/s/ Caroline J. Polisi
Caroline J. Polisi

Cc: Adrienne Levy (via email and ECF)
    Stuart Bernstein (via email and ECF)