

ATTORNEYS AT LAW

**nmllplaw.com**

Ira S. Nesenoff
Andrew T. Miltenberg

Stuart Bernstein

Barbara H. Trapasso
Tara J. Davis
Diana R. Warshow
Gabrielle M. Vinci
Kara L. Gorycki
Cindy A. Singh
Nicholas E. Lewis
Adrienne D. Levy
Ryaan Nizam
Regina M. Federico

Philip A. Byler
*Senior Litigation Counsel*

Amy J. Zamir
Jeffrey S. Berkowitz
Rebecca C. Nunberg
*Counsel*

Marybeth Sydor
*Title IX Consultant*

February 5, 2021

**VIA ECF**
The Honorable Stephen I. Locke, U.S.M.J
Eastern District of New York
Long Island Courthouse
100 Federal Plaza, Courtroom 920
Central Islip, New York 11722

**Re: Hice v. Lemon, No. 2:19-CV-04666 (JMA) (SIL)**
**Motion for Leave to Withdraw as Counsel**

Dear Magistrate Judge Locke:

The undersigned firm, Nesenoff & Miltenberg, LLP ("the Firm") respectfully submits this letter motion seeking: (i) leave to withdraw as counsel to Plaintiff, pursuant to Local Civil Rule 1.4 and Rules 1.16(c)(1), (c)(7), (c)(10), and (c)(12) of the New York State Rules of Professional Conduct ("RPC"), and (ii) a forty-five (45) day stay of discovery to permit Plaintiff to retain new counsel and for new counsel to get up to speed as needed.

The factual details underlying this motion are set forth in the declarations of Andrew T. Miltenberg, Esq., Stuart Bernstein, Esq., and Adrienne Levy, Esq., submitted under seal/*ex parte* pursuant to this Court's order granting leave to so file (*see* February 5, 2021 Docket Entry). Fact discovery is still open in this case and the Firm will seek to assert a charging lien. Plaintiff has been provided a copy of this Motion, as well as the sealed declarations, prior to filing.

Legal Standards

Under Local Civil Rule 1.4,

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

RPC 1.16(c) further provides:

> Except as stated in paragraph (d), a lawyer may withdraw from representing a client when:
> (1) withdrawal can be accomplished without material adverse effect on the interests of the client; . . .
> (7) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively; . . .
> (10) the client knowingly and freely assents to termination of the employment; . . . [or]
> (12) the lawyer believes in good faith, in a matter pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal[.]

"It is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively." *United States v. Lawrence Aviation Indus*., Docket No. 06-CV-4818 (JFB) (ARL), 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011). "Satisfactory reasons for withdrawal include a client's lack of cooperation, including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client." *Farmer v. Hyde Your Eyes Optical, Inc*., 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) (citations omitted). For example, "where a client's relationship with its attorney has deteriorated to such an extent that continued representation would be inappropriate and the client does not oppose a motion for withdrawal, the motion should be granted." *Lawrence Aviation Indus*., 2011 WL 601415 at *1; *see also Casper v. Lew Lieberbaum & Co*., 1999 WL 335334, at *4 (S.D.N.Y.1999). Moreover, "[s]everal courts have found that . . . a breakdown in communication between attorney and client are grounds sufficient for withdrawal." *City Merch. Inc. v. Tian Tian Trading Inc.*, Docket No. 19-CV-09649 (MKV), 2021 WL 119075, at *4 (S.D.N.Y. Jan. 13, 2021); *see also Marciano v. DCH Auto Grp.*, No. 11-CV-9635 (KMK), 2016 WL 11703590, at *2 (S.D.N.Y. Feb. 2, 2016).

When determining whether to grant a motion to be relieved as counsel, "district courts ... analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Batres v. Valente Landscaping Inc.*, Docket No. 14-CV-1434 (SIL), 2016 WL 4991595, at *2 (E.D.N.Y. Sept. 15, 2016) (quoting *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, Docket No. 08-CV-6469, 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011)). Where a case is still in the discovery phase, courts generally find no prejudice by permitting withdrawal. *See City Merch. Inc. v. Tian Tian Trading Inc.*, Docket No. 19-CV-09649 (MKV), 2021 WL 119075, at *2 (S.D.N.Y. Jan. 13, 2021).

Argument

The factual basis for the Firm's Motion to Withdraw is set forth in the sealed declarations submitted in support herewith, the contents of which will not be repeated here in the interest of maintaining confidentiality of attorney-client communications/attorney work product and related privileges.[1] Further, the posture of the case indicates that, consistent with RPC 1.16(c)(1), "withdrawal can be accomplished without material adverse effect on the interests of the client."

Local Civil Rule 1.4 directs the court to consider the "posture of the case, including its position, if any, on the calendar." In weighing the withdrawal's impact on the proceeding, courts consider the "immediacy and degree of potential harm—whether to the client, the lawyer or the judicial system—from the continuation of the representation . . . together with the impact that the grant of the motion to withdraw would have on the progress of the case." *Szulik v. Tag V.I., Inc*., No. 12 Civ. 1827(PKC), 2013 WL 6009945, at *1 (S.D.N.Y. Nov. 13, 2013). As this determination rests largely on the status of discovery, "[w]here discovery has not yet closed and the case is not on the verge of trial readiness, prejudice is unlikely to be found." *City Merch. Inc*., 2021 WL 119075 at *2.

Permitting withdrawal here will not prejudice the parties or the Court because the case is still in discovery (indeed, discovery only began in July 2020 and thus has only been underway for approximately six months). While fact discovery was initially set to expire on December 15, 2020, the Court subsequently granted an extension through January 15, 2021 (ECF No. 49) and further advised during the January 6, 2021 status conference that fact discovery would be held open through the next status conference (currently scheduled for March 4, 2021). Defense counsel has already noticed Plaintiff for a second deposition and has requested a 30-day extension of time to complete their expert report, making clear that discovery is still ongoing. In addition, certain statements made by Defendant during his January 13, 2021 deposition call into question whether Defendant is in default of his discovery obligations and will almost certainly necessitate further discovery and a second deposition of Mr. Lemon. As such, the case is nowhere near being "on the verge of trial readiness." *City Merch. Inc*., 2021 WL 119075 at *2.

Finally, in accordance with the Court's prior orders, Plaintiff completed his supplemental document production by the January 31, 2021 deadline. To date, Plaintiff has produced over 700 pages of discovery, along with a detailed explanation of the document review and production process (compared to Defendant's approximately 12 pages of discovery), and the undersigned has, this week, conferred with defense counsel and addressed all of their stated concerns with the supplemental production. As such, there would be no prejudice to any party by virtue of the Firm's withdrawal or a brief stay to permit Plaintiff to retain new counsel.

For the foregoing reasons, including those set forth in the sealed declarations submitted herewith, the Firm respectfully requests the Court grant the Firm's motion to withdraw as counsel for Plaintiff in the matter and issue a brief 45-day stay to permit Plaintiff to retain new counsel.

[1] The declarants are available to address any questions from the Court concerning the declarations *in camera*/*ex parte* if the Court requires additional information in consideration of the Motion.

Respectfully submitted,

**NESENOFF & MILTENBERG, LLP**

/s/ Adrienne Levy
Adrienne Levy, Esq.
Stuart Bernstein, Esq.
Andrew T. Miltenberg, Esq.
*Attorneys for Plaintiff*

cc. All counsel (via ECF)