

Caroline J. Polisi
Direct **T** 212.209.4359
cpolisi@atllp.com

June 21, 2021

*VIA ECF*
The Honorable James M. Wicks
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

>  Re: *Hice v. Lemon,* No. 2:19-CV-04666 (JMA) (JMW)
>  <u>Response to Plaintiff's June 18, 2021 Submission</u>

Dear Magistrate Judge Wicks:

  On behalf of Don Lemon, I respectfully submit this brief letter addressing the June 18, 2021 submission to the Court from Plaintiff's new counsel, Robert E. Barnes, concerning the status of fact discovery.

  Specifically, in support of his request to effectively reopen discovery, Mr. Barnes references the motion to withdraw by Plaintiff's prior counsel, in which prior counsel inaccurately asserted that during the status conference held on January 6, 2021, Magistrate Judge Locke "advised that fact discovery would be held open through the next status conference (currently scheduled for March 4, 2021) . . . ." In fact, Magistrate Judge Locke did no such thing. During that conference, nine days prior to the then-deadline for fact discovery completion, the Defense argued our motion to compel certain social media posts and text messages that we had been seeking the entirety of fact discovery. We won the motion and Judge Locke ordered Plaintiff to make a supplemental production by January 15, 2021, instructing Ms. Levy:

> Okay. Well, here is my view of it. It sounds like you are minimizing the problem here, that your client did nothing to preserve relevant evidence here and in fact got rid of some of it, whether on purpose or not. So I'm going to order you to make that supplemental production and then I'm going to let the defendants make a motion for spoliation,[1] and we'll see what it looks like when it's done because there seems to be an awful lot of coincidences when you add the Instagram

---

[1] As noted in our June 18, 2021 submission, we intend to file a letter requesting a pre-motion conference on the issue of our motion for spoliation to Judge Azrak later this week, asking her to stay discovery pending the Court's determination of that motion.

account to the Twitter account to the texts, and I think an argument can be made that that looks like a pattern, and that pattern is a problem. ECF No. 56, at 9:1-12.

In response to the Court's question to Plaintiff's counsel: "[w]hen are you going to produce it?" - acknowledging the upcoming discovery deadline of January 15, 2021 - Ms. Levy responded: "I would say, you know, before the 15th, we'll certainly get it out," to which the Court responded, "[o]kay, January 15th." ECF No. 56, at 10:18.

Thereafter, Judge Locke denied the Defense's request for an amended Rule 26 damages calculation from Plaintiff, noting that the total pecuniary loss claimed by Plaintiff at that time was $375.00:

> $375.00 plus per session, however many sessions go into the future. This is not a difficult computation to make . . . He's got no other financial damages but the cost of therapy, whoever his therapist is, who I assume you're going to talk to at some point at a deposition, and that's it. That's all she said, that's all I've heard, so I don't know that there's anything else to be produced. ECF No. 56, at 16:11-20.

Thereafter, there was extensive discussion regarding expert disclosures and discovery, in which all parties agreed that the original deadlines for expert disclosure would remain February 15, 2021. ECF No. 56, at 26:21-25.

Next, following a discussion about the Defense's privilege log production, the Court instructed Plaintiff to brief an issue regarding their desire to obtain witness statements from the Defense. ECF No. 56, at 31:19-22. Plaintiff's counsel never briefed the issue, nor followed-up with the Defense about it.

Finally, noting the amount of highly probative information we received from third-party witnesses after Plaintiff's deposition (which Plaintiff had failed to produce), I requested that discovery remain open past the January 15, 2021 deadline *for the limited purpose* of re-deposing Mr. Hice. ECF No. 56 at 35:11-14.

Plaintiff's prior counsel responded that she had no objection to extending the discovery deadline beyond January 15, but asked that it be left open for Plaintiff as well because:

> we have a bunch of witnesses who are supposed to be producing documents and we're deposing them all in the next few days, and we don't know what's going to pop up from there. ECF No. 56, at 35:16-20.

After that conference, Plaintiff deposed two fact witnesses on January 7, 2021 and Mr. Lemon on January 13, 2021. In the weeks following these depositions, prior counsel did not seek any additional third-party discovery or indicate any intention to do so. Nor did prior counsel issue any further deficiency notices with respect to Defendant's written discovery disclosures, which they had ample opportunity to do, if they believed anything was outstanding.

Certainly, Plaintiff's prior counsel did not, and could not assert that they were deprived of the opportunity to serve document requests, propound interrogatories, or ask questions at Mr.

Lemon's deposition about or relating to: (1) the identities of percipient witnesses (which Mr. Lemon has already identified in his Rule 26(a) disclosures); (2) Mr. Lemon's credibility; (3) any "after-the-fact" communications that Mr. Lemon had with others about the alleged incident; or (4) "habit" evidence.[2] On the contrary, prior counsel requested and received materials and information relevant to all of those subjects during fact discovery.[3] The Court should reject Plaintiff's new counsel's request for a second round of written discovery requests, party depositions, third-party depositions, and related exchanges in this nearly three-year-old, single issue tort case, seeking pecuniary damages of $375. *See Tall v. Time is Always Now, Inc.*, 1999 WL 1129062 at *2 (S.D.N.Y. Dec. 8, 1999) ("It should be obvious to any reasonably skilled practitioner that the entry of new counsel into a case does not mean that pretrial proceedings begin anew and that all schedules previously set are automatically vacated.").

And to the extent Mr. Barnes or Plaintiff wishes that prior counsel had issued different or additional discovery requests or would have conducted his deposition of Mr. Lemon differently, that is insufficient to support reopening discovery. *Schine v. Crown*, No. 89-cv-03421 (MJL), 1993, WL 127199, at *1 (S.D.N.Y. Mar. 31, 1993) ("A party is not permitted to delay discovery or other pretrial proceedings by means of a change of counsel.").

In summary, Plaintiff's new counsel is simply mistaken about the status of fact discovery. Mr. Barnes can point to no specific issues or deficiencies that remain outstanding. Respectfully, we submit that fact discovery is over and we ask the Court to move forward setting the expert discovery schedule. I thank the Court for its consideration of this matter.

Respectfully submitted,

Caroline J. Polisi

CJP:cpj

Cc: Robert Barnes, Ronald D. Coleman via ECF

---

[2] For the reasons set forth in our June 18, 2021 submission, Plaintiff's efforts to seek irrelevant "habit" evidence under Federal Rule of Evidence 415 is a nonstarter because this is not a "sexual assault" case as defined by the plain language of the rule.

[3] Mr. Barnes' reference to my letter responding to Plaintiff's prior counsel's motion to withdraw, in which I discuss "existing, unresolved discovery disputes," is misleading. The "existing, unresolved discovery disputes" to which I referred solely concerned Mr. Hice's spoliation of evidence, a possible second deposition of Mr. Hice, and expert disclosures. *See* ECF No. 60.