UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DUSTIN HICE,

                Plaintiff,                                              **ORDER**
                                                                       19-CV-04666
        -against-

DON LEMON,

                Defendant.
-----------------------------------------------------------X

**WICKS,** Magistrate Judge:

       Plaintiff, Dustin Hice worked as a bartender at The Old Stove Pub, a popular restaurant and bar located in Sagaponack, New York. Defendant Don Lemon is an American journalist and Emmy Award winning news anchor for Cable News Network (CNN). The two met on July 15, 2018 at Murf's Backstreet Tavern, a local watering hole in nearby Sag Harbor. What transpired that evening during that encounter forms the basis of this suit and is hotly contested.

       This case arises out of an alleged single incident that took place at Murf's that night. What should have been a relatively straightforward discovery process has instead evolved into a prolonged and contentious affair. Following the substitution of plaintiff's counsel, a kerfuffle has erupted over what, if any, discovery remains. The parties now disagree—given the confluence of an arduous transition between Plaintiff's prior and current counsel and the recent reassignment to the undersigned—about whether fact discovery even remains open. And, even if not, plaintiff's counsel nonetheless seeks additional discovery. Having reviewed the proceedings and record, the Court concludes that the discovery deadline has not passed, but that discovery remains open for limited purposes only.

A brief recounting of prior proceedings sheds light on the status of discovery. On December 8, 2020, the Honorable Magistrate Judge Steven I. Locke extended—at Plaintiff's request—the date to complete fact discovery from December 15, 2021 to January 15, 2021. (*See* DE 48, 49.) Judge Locke then held a status conference on January 6, 2021 to address a host of discovery disputes occurring between the parties. (DE 53; *see also* DE 50, 51.) There, Judge Locke ordered Plaintiff to produce initially withheld documents, consisting primarily of social media posts, by January 15, 2021—the fact discovery deadline. (DE 56 at 9:1–25, 10:1–18.) Defense counsel also expressed her intent on re-opening Plaintiff's deposition given the unearthing of "a trove of information that [P]laintiff withheld." (*Id.* at 34:11–23.) Plaintiff's prior counsel responded by asking the Court to "just extend discovery," as she was preparing to depose "a bunch of witnesses" in the following days. (*Id.* at 35:4–5, 16–20.) Although Defense counsel opposed extending fact discovery for any reason other than Plaintiff's second deposition (*id.* at 35:11–14), Judge Locke—in response to Plaintiff's renewed request to keep fact discovery open—stated:

> All right . . . . Let's put this over for thirty days, after you take these depositions and get the supplemental disclosure and talk about part two of [Plaintiff's] deposition, for lack of a better word. We'll talk in thirty days and you'll lay it all out for me in terms of what remains, okay?

(*Id.* at 35:21–25; 36:1–4.) Defense counsel responded "okay" to this open-ended fact discovery plan, and Judge Locke set a status conference date for February 16, 2021. (*Id.* 36:5–25.) In his minute entry, Judge Locke reiterated that "[a]t the next conference the parties will be prepared to address all remaining outstanding discovery and schedule for completion." (DE 53.)

On January 22, 2021, Judge Locke extended Plaintiff's time to produce responsive social media posts until January 31, 2021. (Electronic Order dated Jan. 22, 2021.) The

2

February 16, 2021 status conference was then adjourned to February 24, 2021 (Electronic Order dated Feb. 1, 2021), and then again to March 4, 2021 (Electronic Order dated Feb. 2, 2021). Plaintiff's counsel then moved to withdraw. (DE 58.) Judge Locke, after a hearing on March 2, 2021, granted that motion and stayed the proceedings until the next status conference, which was adjourned to April 5, 2021. (DE 62.) Although the April 5, 2021 status conference took place, it appears as though discovery was not discussed; rather, Judge Locke dealt with issues regarding substitution of Plaintiff's counsel, namely, Plaintiff's prior counsel's assertion of a retaining lien on Plaintiff's case file. (DE 66.) Oral argument was held on May 5, 2021 on the retaining lien issue. (DE 70.) A status conference was then set for June 16, 2021. (*Id.*) This case was reassigned to the undersigned on May 13, 2021 (Electronic Notice dated May 13, 2021), and the parties raised the present issues at the June 16, 2021 status conference. (DE 71.) The Court directed each party to file "a specific and particularized letter detailing exactly what discovery is outstanding." *Id.* Thereafter, counsel submitted their respective letters. (*See* DE 72, 73, 74.) In short, a fact discovery deadline was never set, and therefore fact discovery was never completed.

Before setting a revised final discovery schedule, the Court notes that it is well aware of the principle that new counsel appearing in an on-going case is "bound by the actions of their predecessor." *Carlson v. Geneva City Sch. Dist.*, 277 F.R.D. 90, 96 (W.D.N.Y. 2011) (citation omitted); *see Alexander v. Westbury Union Free Sch. Dist.*, 829 F. Supp. 2d 89, 118 (E.D.N.Y. 2011) ("[p]arties are bound by actions of prior counsel"). It follows "that the entry of new counsel into a case does not mean that pretrial proceedings begin anew and that all schedules previously set are automatically vacated." *Tall v. Time is Always Now, Inc.*, No. 98 CIV. 8060

SHSHBP, 1999 WL 1129062, at *2 (S.D.N.Y. Dec. 8, 1999); *see Schine v. Crown*, Nos. 89 Civ. 3421 (MJL), 91 CV 3523, 1993 WL 127199, at *1 (S.D.N.Y. Mar. 31, 1993) ("A party is not permitted to delay discovery or other pretrial proceedings by means of a change of counsel.") Indeed, to hold otherwise would permit parties to simply switch counsel as a means of manufacturing good cause to alter discovery deadlines. *Alexander*, 829 F. Supp. 2d at 118. In sum, incoming lawyers take the case as they inherit it. Substitution of counsel does not create a "do over" opportunity for anyone.

Plaintiff's current counsel chose to appear in this case at a juncture when discovery proceedings were well along. Although fact discovery never officially closed, it is clear to the Court that the end should be near, being guided by Rule 26's proportionality mandate. *See* Fed. R. Civ. P. 26(b)(1). It is against this backdrop that the Court sets the final discovery schedule as follows:

- All remaining fact discovery shall be **completed** no later than **August 9, 2021**.

- Defendant may depose Plaintiff for the limited purpose of addressing statements he made during his initial deposition about his search for, and retention of, text messages and social media posts, and about his subsequent search for, and production of, those documents on or before **August 9, 2021, the close of fact discovery**.

- Both parties may propound specific, particularized written discovery demands, which are **not to be duplicative of prior documents requested or produced,** by **July 8, 2021**. Responses are due on or before **August 9, 2021, the close of fact discovery**.

- A status conference shall take place on **August 19, 2021 at 10:00 am** in person in Courtroom 1020.

- Initial expert reports are due on or before **September 6, 2021.**

- Rebuttal expert reports are due on or before **October 4, 2021.**

- All discovery, including expert depositions, shall be completed on or before **November 1, 2021.**

4

- Parties shall take the first step in dispositive motion practice on or before **December 6, 2021.**

- The final pre-trial conference shall take place on **January 5, 2022 at 10:00 am** in person in Courtroom 1020 before the undersigned. The parties shall submit their proposed joint pretrial order, in accordance with Judge Azrack's individual rules, on or before **December 29, 2021.**

Dated:       Central Islip, New York
               June 24, 2021

**S O   O R D E R E D:**

/s/ *James M. Wicks*
    JAMES M. WICKS
    United States Magistrate Judge