UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DUSTIN HICE,

                          Plaintiff,

     -against-

DON LEMON,

                           Defendant.
------------------------------------------------------------------x

**MEMORANDUM AND
ORDER & REPORT AND
RECOMMENDATION**
19-cv-4666 (JMA)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court, on referral from the Honorable Joan M. Azrack for report and recommendation, is Defendant Don Lemon's ("Lemon" or "Defendant") motion for sanctions based on spoliation of evidence pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 37(e) and the Court's inherent authority.  *See* Defendant's Notice of Motion for Sanctions ("Defendant's Motion" or "Def. Mot."), Docket Entry ("DE") [82-1].  By way of Complaint filed on August 7, 2019, Plaintiff Dustin Hice ("Plaintiff" or "Hice") commenced this New York common law action against Defendant, asserting claims for:  (1) assault and battery; (2) intentional infliction of emotional distress; and (3) negligent infliction of emotional distress.  *See* Complaint ("Compl."), DE [1-2].  For the reasons set forth herein, the Court awards Defendant reasonable attorney's fees associated with Hice's destruction of evidence and in bringing this motion, and respectfully recommends that the remainder of Lemon's motion be granted in part and denied in part, and that he be given an adverse inference jury instruction at trial.

1

I.    **BACKGROUND**

A. <u>**The Parties' Initial Interactions**</u>

The following facts are taken from the parties' pleadings, affidavits, and exhibits.  Except where indicated, these facts are not in dispute.

Plaintiff is a Florida domiciliary, while Defendant is domiciled in New York. *See* Compl. ¶¶ 3-4.  Over the summer of 2018, Hice lived in the Hamptons, a grouping of several small villages and hamlets located on the east end of Long Island, and worked at an establishment identified as the Old Stove Pub, a restaurant and bar located in Sagaponack, New York.  *Id.* at ¶¶ 7-8, 11.  On or about July 15, 2018, in celebration of a financially successful Independence Day weekend, Plaintiff's boss, George Gounelas ("Gounelas"), brought Hice, "Jane Roe," an individual whose identity, according to the Complaint, "[would] be disclosed during discovery," and others to a bar identified as Murf's Backstreet Tavern ("Murf's"), located in Sag Harbor, New York.  *Id.* at ¶¶ 12-13.

When the group arrived at Murf's, Hice noticed Lemon – a well-known journalist and television personality – at the bar, enjoying a drink with a group of friends.  *See id.* at ¶ 14.  Plaintiff attempted to get Defendant's attention by offering him a lemon drop, a type of vodka cocktail.  *Id.*  Lemon declined Hice's offer, and responded that he (Defendant) was "just trying to have a good time."  *Id.* at ¶ 15.

Although the two initially went their separate ways, Plaintiff alleges that Lemon – at some point later in the night – approached him, Roe, and Gounelas.  *See id.* at ¶¶ 16-17.  Hice claims that Lemon then stuck his (Defendant's) hand down his

own pants, rubbed his genitals, then shoved his index and middle finger underneath Plaintiff's nose, and asked, "Do you like pussy or dick?" *Id.* at ¶¶ 18-19. This allegedly shocked and humiliated Hice, prompting him to run out of the bar. *See id.* at ¶¶ 21-22.

## B. Pre-Discovery Procedural History

Based on the above, Plaintiff commenced this action against Defendant on August 7, 2019 in the Suffolk County Supreme Court, seeking injunctive relief, damages, and attorneys' fees in connection with Lemon's allegedly "unprovoked" physical and verbal assault and battery against him (Hice). On August 13, 2019, Defendant removed the matter to this Court on the basis of diversity jurisdiction. *See* DE [1-1]. On August 22, 2019, Hice sought leave to have the matter remanded back to the Suffolk County Supreme Court, *see* DE [7], which Judge Azrack denied on November 26, 2019. *See* DE [14]. The parties jointly moved to dismiss Hice's cause of action for negligent infliction of emotional distress on June 1, 2020, *see* DE [39], which Judge Azrack granted on July 2, 2020. *See* July 2, 2020 Electronic Order. Defendant filed his Answer on June 3, 2020. *See* DE [40].

## C. The Parties' Initial Discovery Exchange

Lemon contends – and Hice does not dispute – that the parties repeatedly clashed during discovery, providing the basis for Defendant's Motion. *See* Memorandum of Law in Support of Defendant's Motion for Terminating Sanctions and Other Relief Due to Plaintiff's Spoliation of Evidence and Other Misconduct ("Def. Mem."), DE [82], at 3-14. Initially, although the parties exchanged their Rule

26 disclosures on June 19, 2020, Hice provided no information about Jane Roe.  *See* Def. Mem. at 3.  The parties appeared before this Court for an initial conference on June 29, 2020, after which point discovery commenced.  *See* DE [43].

A month later, on July 20, 2020, the parties exchanged initial discovery demands.  *See id.*  In response to Lemon's request intended to capture any relevant social media/text message communications in Hice's possession, Plaintiff's initial document disclosure consisted of only 32 pages of discovery, comprised of:  (1) two pages of income information; (2) 26 pages reflecting Hice's efforts to seek mental health counseling in 2020; (3) four pages of text messages between Plaintiff and an individual identified as Nick Carlton; and (4) several text messages referencing Gounelas, but no communications between them.  *See id.* at 3-4.  Hice objected to providing additional documents, claiming such social media posts were in the public domain, but provided Jane Roe's real name – Isabel Peters ("Peters").[1]  *See id.* at 4.  During Gounelas's first deposition, held on November 20, 2020, he likewise minimized the extent of his communications with Hice, and testified that he and Plaintiff did not communicate often and never spoke about media coverage of the case.  *See id.*

---

[1] Later disclosed evidence establishes that, prior to disclosing Peters's identity, Hice and Gounelas discussed keeping Peters away from the litigation. Specifically, Plaintiff asked Gounelas: "What should I say about Isabel [Peters]? Was she there?...I'm not really sure about her[.]" DE [82-10] at 79. Gounelas responded that he "would try and move away from her[.] She's a cunt and will try to ruin this[.]" *Id.* at 80. Hice agreed, "liking" Gounelas's text about Peters being a "cunt" and responding "Ok…10-4!" *Id.*

### D. **Deposition of Isabel Peters**

On or about December 16, 2020, Hice simultaneously noticed depositions for Peters and her father.  *See id.* at 5.[2]  Prior to her deposition, Peters produced screenshots of a text message thread entitled "Cawksuckas," to which Plaintiff was a party but failed to produce.  *See* DE [82-7] at 14-19  The substance of these texts included:  (i) photographs and videos that Hice shared with Peters and others from August 2018 – weeks after the alleged assault – depicting Plaintiff and Gounelas on Lemon's property at night, rolling around and holding lemons over their genitals; (ii) texts from Hice evidencing his desire to create shirts with Defendant's face on them with the text "A REAL CAWKSUKAAAA!!" and stating that Lemon "smells like pussy"; (iii) photographs of Hice on August 17, 2018 again attempting to approach Defendant; and (iv) a video of Plaintiff toasting Lemon on August 23, 2018, out of Defendant's presence.  *See id.*

Hice made a supplemental disclosure after Peters's deposition, consisting of an additional 14 pages, which included third-party tweets, a news article, undated texts between Plaintiff and a person identified only as "Val," and an August 14, 2018 Instagram story from Hice's "DJDusty7" Instagram account.  *See* DE [82-8].

### E. **Plaintiff's First Deposition and Gounelas's Subsequent Production**

Plaintiff was first deposed on December 29, 2020, during which claimed that he had produced every communication he had with Gounelas, produced everything he had on Instagram, and explained that he inadvertently lost the "Cawksuckas"

---

[2] It is not clear whether Peters's father was actually deposed.

chain because he got a new phone in September 2018. *See* Transcript of December 29, 2020 Deposition of Dustin Hice ("Hice Dep."), DE [82-9], 168:20-169:1. During this deposition, Plaintiff stated that he "went and got a concealed firearm carry [permit], because [he's] looking over [his] shoulder every day of the week." Hice Dep. 109:13-23.

The next day, in response to a subpoena issued by Defendant, Gounelas produced over 225 previously undisclosed messages between himself and Plaintiff, along with numerous photos taken during the summer of 2018. *See id.* These messages included conversation about Hice paying Gounelas following a favorable outcome of the lawsuit, discussion about how he purchased a weapon as part of his testimony, and discussion about disclosing Peters as a witness. *Id.* On January 5, 2021, in response to this production, the parties submitted letters concerning the apparent deficiencies upon which Defendant's Motion is based. *See* DEs [50], [51]. After a January 6, 2021 conference before this Court, Plaintiff was ordered to make a supplemental production. *See* DE [53].

### F. **Gounelas's Second Deposition and Hice's Subsequent Production**

On January 15, 2021, pursuant to this Court's direction, Plaintiff made a subsequent disclosure consisting of, according to Lemon, "mostly self-serving text messages and Instagram messages." *See id.* Apparently absent from this disclosure were most messages between Hice and Gounelas prior to June 16, 2020, the above-mentioned "Cawsuckas" thread, and potentially other communications. *See* Def. Mem. at 9-10.

On January 18, 2021, in his continued deposition, Gounelas recanted his prior testimony, making clear that he did not know if the alleged assault and battery actually happened or, at minimum, if he saw it.  *See id.* at 8.  Moreover, Gounelas conceded that Plaintiff would pay him if he was successful in the case.  *Id.*[3]

Hice admitted to offering to pay Gounelas as well, during his August 6, 2021 supplemental deposition, which Magistrate Judge James M. Wicks ordered to be limited to questioning regarding search for and retention of documents.  *See id.* at 10.[4]  At this deposition, Plaintiff offered contradictory testimony regarding his cell phones, which changed from getting a new phone in September 2018, to getting a new phone in September 2019, to finally, having his old phone stolen in 2019.  *See* Transcript of August 6, 2021 Deposition of Dustin Hice ("Hice Supp. Dep."), DE [82-3], 37:8-21.  Moreover, Hice also revealed that he used an additional phone at some point in 2019.  *See id.*  Crucially, however, Plaintiff stated that he had deleted almost every memory he had related to the summer of 2018, including any pictures of Defendant, prior to obtaining counsel – a position that Lemon contends is squarely refuted by the Gounelas subpoena production, which included a picture of Defendant and discussion of the importance of document retention in anticipation of litigation.

---

[3] On February 4, 2021, Plaintiff's counsel explained that Hice's supplemental production included "deleted material," but could not indicate what parts of the production constituted salvaged "deleted material," and further represented that Plaintiff had two phones, "his current phone" which obtained in "September 2019" – not September 2018 – and his "old phone." *See* DE [57]. Two days later, on February 5, 2021, Plaintiff's counsel sought leave to withdraw. *See* DE [58]. After a March 2, 2021 *ex parte* hearing, this Court granted that request, and stayed the matter until April 5, 2021. *See* DE [62].

[4] This matter was transferred from this Court to Magistrate Judge Wicks on May 13, 2021, *see* May 13, 2021 Electronic Order, but transferred back to this Court on October 7, 2021. *See* DE [86].

*See* Def. Mem. at 11-14.  Hice also conceded that he deleted his entire Twitter account on August 12, 2019, less than a week after this action was commenced.  *See* Hice Supp. Dep. 208:2-6.

Subsequently, Judge Wicks set a briefing schedule for Defendant's Motion, which Lemon filed on September 10, 2021, *see* Def. Mot., and which Hice opposed on September 24, 2021.  *See* Memorandum of Law in Support of Plaintiff Dustin Hice's Opposition to Defendant's Motion for Terminating Sanctions and Other Relief Under Federal Rules of Civil Procedure, Rule 37(e) ("Pl. Opp."), DE [84].  For the reasons set forth below, the Court awards Defendant as a sanction reasonable attorney's fees associated with Hice's deletion of evidence and in bringing this motion.  Further, the Court respectfully recommends that the remainder of Lemon's motion be granted in part and denied in part, and that he be granted an adverse inference jury instruction at trial.

## II.    DISCUSSION

Lemon moves for sanctions on two independent grounds:  (1) violation of Fed. R. Civ. P. 37; and (2) pursuant to the Court's inherent authority, due to Plaintiff's allegedly 'bad-faith spoliation of evidence, witness tampering, perjury, and other misconduct."  Def. Mem. at 1.  Specifically, Hice's alleged misconduct includes:  (1) "the selective destruction of texts, social-media posts and photographic evidence, and the concealment of unfavorable witnesses, each of which directly undermines Plaintiff's factual allegations and claims of 'emotional distress"; and (2) Hice's

"repeated promises to financially compensate his only named witness in exchange for favorable, perjured testimony." *Id.*

### A. **Fed. R. Civ. P. 37(e)**

1. Legal Standard

Fed. R. Civ. P. 37(e) empowers the court to impose various sanctions for spoliation, which is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Orbit One Commc'ns, Inc. v. Numerex Corp.*, 271 F.R.D. 429, 435 (S.D.N.Y. 2010). Rule 37(e) was amended in 2015 to address electronically stored information ("ESI"). The amended rule provides:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
>> (A) presume that the lost information was unfavorable to the party;
>>
>> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>>
>> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

Determining the appropriate sanction is within "the sound discretion" of the court and "assessed on a case-by-case basis." *Fujitsu Ltd. v. Fed. Express Corp.*, 247

F.3d 423, 436 (2d Cir. 2001).  "In general, a court should impose the least harsh sanction that can provide an adequate remedy." *Lokai Holdings LLC v. Twin Tiger USA LLC*, No. 15-cv-9363, 2018 WL 1512055, at *8 (S.D.N.Y. Mar. 12, 2018) (internal quotation marks and citation omitted).  Available sanctions include – from least harsh to most harsh – "further discovery, cost-shifting, fines, special jury instructions, preclusion, and the entry of default judgment or dismissal." *Tchatat v. O'Hara*, 249 F. Supp. 3d 701, 707 (S.D.N.Y. 2017), *objections overruled*, No. 14-cv-2385, 2017 WL 3172715 (S.D.N.Y. July 25, 2017) (internal quotation marks and citation omitted).

In determining whether Plaintiff destroyed evidence, the Court applies the amended version of Fed. R. Civ. P. 37(e)[5] and considers whether:  (i) ESI that should have been preserved has been lost; (ii) Lemon has established Hice's "intent to deprive" him of that ESI; and (iii) Defendant has been prejudiced by that lost ESI. *See World Trade Ctrs. Ass'n, Inc.*, 2018 WL 1989616, at *11.  Upon a finding of prejudice to Lemon, the Court may recommend sanctions "no greater than necessary to cure the prejudice," or upon finding that Plaintiff acted with the intent to deprive Defendant of ESI, may presume that the lost information was unfavorable to Lemon, which is one of the sanctions that he seeks. *See* Fed. R. Civ. P. 37(e)(1)-(2)(A); *see also* Def. Mem. at 1.

---

[5] The amended Rule "presumptively applies in all cases, unless its application would be unjust or impracticable." *World Trade Ctrs Ass'n, Inc. v. Port Auth. of N.Y. & N.J.*, No. 15-cv-7411, 2018 WL 1989616, at *11 (S.D.N.Y. Apr. 2, 2018), *report and recommendation adopted sub nom.*, No. 15-cv-7411, 2018 WL 1989556 (S.D.N.Y. Apr. 25, 2018) (internal quotation marks and citation omitted). Neither Hice nor Lemon have argued that application of the amended rule would be unjust or impracticable, and the Court does not find that it would be.

2.  <u>Whether ESI That Should Have Been Preserved Has Been Lost</u>

The duty "to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Fujitsu Ltd.*, 247 F.3d at 436 (citation omitted). A party must retain all relevant evidence in existence when the duty to preserve attaches and any relevant evidence created thereafter. *Caltenco v. G.H. Food, Inc.*, No. 16-cv-1705, 2018 WL 1788147, at *4 (E.D.N.Y. Mar. 7, 2018) (citation omitted). To meet its preservation obligations, each party "must suspend its routine document retention/destruction policy and put in place a 'litigation hold' to ensure the preservation of relevant documents." *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 431 (S.D.N.Y. 2004) (citation omitted).  Once the litigation hold is in place, counsel "must oversee compliance with the litigation hold, monitoring the party's efforts to retain and produce the relevant documents." *Id.* at 432.

Hice anticipated filing a lawsuit against Lemon by September 2018, and at that point was well-aware of his duty to preserve evidence related to the anticipated litigation, including communications with witnesses, evidence concerning his alleged emotional distress damages, and impeachment evidence. *See* Hice Dep. 104:10-24; Hice Supp. Dep. 23:3-25:4.  This evidence included, among other things, text messages, Instagram messages and pictures, and Twitter posts and messages. *See id.* Accordingly, from September 2018 forward, Plaintiff had a duty to preserve evidence that "may be relevant" to his lawsuit. *Fujitsu Ltd.*, 247 F.3d at 436.

Despite this duty, Hice clearly deleted relevant evidence.  Indeed, Plaintiff has admitted that he "might have just deleted," prior to any legal action, entire text message threads "and some individual text messages as well."  Hice Supp. Dep. 45:13-22.  *See also id*. at 50:12-21 ("After all this happened before I looked for legal action – legal representation, I deleted almost every memory I had that summer because I didn't want to look at it anymore.").  Hice also admitted to deleting his Twitter account, which consisted of postings regarding CNN and presumably the incident.  *See id*. at 60:3-19.  This lost evidence stands in stark contrast to communications that Plaintiff retained from June, July, and August 2018.  *Compare* DE [82-19] (innocuous texts and Instagram messages; DE [82-7] at 3 (photo of Lemon and Hice shared with Plaintiff's friend in February 2019, which Hice saved because he knew it was important to do so, *see* Hice Supp. Dep. 88:6-21); *with* DE [82-7] (text messages and photos detrimental to Plaintiff's case, produced by Peters in response to Defendant's third-party subpoena).  Based on these facts, the Court concludes that the threshold requirements for relief under Fed. R. Civ. P. 37(e) have been met, and continues its analysis.

### 3.  Whether Defendant Has Established Plaintiff's "Intent to Deprive"

Lemon next contends that Hice's actions demonstrate an "intent to deprive" him of certain ESI.  *See* Def. Mem. at 15-20.  Rule 37(e)(2) permits a court to impose sanctions, "presum[ing] that the lost information was unfavorable to the party," consisting of:  (i) an instruction to the jury "that it may or must presume the information was unfavorable to the [destructive] party; or (ii) dismissal of the action.

Fed. R. Civ. P. 37(e)(2).  Such sanctions are only available, however, upon a finding of Plaintiff's intent to deprive Defendant of the destroyed evidence, which courts may infer "on the basis of circumstantial evidence."  *Mule v. 3-D Bldg. & Const. Mgmt. Corp.*, No. 18-cv-1997, 2021 WL 2788432, at *12 (E.D.N.Y. July 2, 2021).  Under Rule 37(e)(2), an intent to deprive provides a court with a sufficient basis upon which to impose sanctions – an additional finding of prejudice is unnecessary.  *See* Fed. R. Civ. P. 37 Adv. Comm. Note, 2015 Amend.

Applying these standards, the Court concludes that Lemon has sufficiently established Hice's 'intent to deprive."   Initially, Plaintiff's proffered excuse for destroying the evidence is that he "desire[d] to not be reminded of the mockery he suffered all summer from the incident and to avoid social media harassment at the time."  Pl. Opp. at 10.  The documents obtained from third parties, however, belie Hice's contention.  Initially, as noted above, the documents disclosed by Hice – which deal little damage to his claim of emotional distress – stand in stark contrast to the documents deleted by Plaintiff but produced by third parties, which undermine his emotional distress claim.  *See* DEs [82-7] at 3, [82-19]; Hice Supp. Dep. 88:6-21.  Additionally, Plaintiff's text message discussion with Gounelas about keeping Peters away from the litigation reveals Hice's intent to hide unfavorable evidence.  Indeed, when discussing a witness list for his attorneys, Plaintiff asked Gounelas:  "What should I say about Isabel [Peters]?  Was she there?...I'm not really sure about her[.]"  DE [82-10] at 79.  Gounelas responded that he "would try and move away from her[.] She's a cunt and will try to ruin this[.]"  *Id.* at 80.  Hice agreed, "liking" Gounelas's

13

text about Peters being a "cunt" and responding "Ok…10-4!" *Id.* Although Hice and Gounelas are not discussing destruction of ESI during these messages, this exchange serves as compelling circumstantial evidence of Plaintiff's intent to subvert the judicial process by withholding evidence.  Finally, Hice's testimony regarding his purchase of a firearm evinces his intent in this matter.  Specifically, Plaintiff testified that he "went and got a concealed firearm carry [permit], because [he's] looking over [his] shoulder every day of the week."  Hice Dep. 109:13-23.  This testimony is contradicted by Plaintiff's Instagram messages, however, wherein he states that the firearm purchase was "all part of [his] testimony[.]"  *See* DE [82-13] at 8.  Further undercutting Hice's position is the fact that when he produced this thread of Instagram communications (which Defendant already possessed at the time), he did not include messages concerning his firearm purchase.  *Compare* DE [82-13] at 7-10 *with* DE [82-14] (omitting discussion of firearm which took place immediately before produced thread).  This discrepancy, like those described above, further tends to show Plaintiff's intent to deprive Defendant of relevant ESI.[6]  *See Resnik v. Coulson*, No. 17-cv-676, 2019 WL 2256762, at *13 (E.D.N.Y. Jan. 4, 2019) (finding intent to deprive based on circumstantial evidence that sanctionable party was aware that someone would be coming to seize his devices, leading to the destruction of evidence); *CAT3, LLC v. Black Lineage, Inc.*, 164 F. Supp. 3d 488, 501 (S.D.N.Y 2016) (finding intent to deprive given the benefits the sanctionable party would derive from the deletion,

---

[6] While Defendant contends that some of the texts between Plaintiffs and Gounelas appear to be related to Hice paying Gounelas upon a favorable disposition in this case, *see* Def. Mem. at 16-17, a fuller reading of the messages reveals that they are friendly banter, at best. As such, the Court does not incorporate this branch of Lemon's argument into its analysis.

paired with "the absence of any other credible explanation for" tampering with the evidence); *Ronnie Van Zant, Inc. v. Pyle*, 270 F. Supp. 3d 656, 670 (S.D.N.Y. 2017), *rev'd on other grounds sub nom Ronnie Van Zant, Inc. v. Cleopatra Records, Inc.*, 906 F.3d 253 (2d Cir. 2018) (finding intent where sanctioned party backed-up certain pictures but did not backup text messages on his phone)).  For these reasons, the Court concludes that Defendant has established Plaintiff's "intent to deprive" him of evidence under Rule 37(e).

### 4.  Whether Defendant Has Been Prejudiced By The Lost ESI

Although finding an intent to deprive is sufficient to support an award of sanctions, the Court nevertheless considers whether Lemon has been prejudiced by this lost evidence and, if so, the proportional measures that should be imposed to cure the prejudice.  *See* Fed. R. Civ. P. 37(e)(1).  If the Court were to conclude that Defendant had been so prejudiced, Rule 37(e)(1) would permit a recommendation of sanctions above and beyond an adverse inference.  *See id.*

Rule 37(e) does not clearly define "prejudice," and the advisory notes state simply that "[a]n evaluation of prejudice from the loss of information necessarily includes an evaluation of the information's importance in the litigation." Fed. R. Civ. P. 37 Adv. Comm. Note, 2015 Amend.  Courts in this Circuit generally require some proof that the lost "evidence was not only probative, but that it would affirmatively support the movant's claim." *Ungar v. City of New York*, 329 F.R.D. 8, 15 (E.D.N.Y. 2018) (finding that magistrate judge was "within her discretion to require some proof that [evidence] would have corroborated [movant's] claims").  Further, Rule 37(e)

"does not place a burden of proving or disproving prejudice on one party or the other" but rather "leaves judges with discretion to determine how best to assess prejudice in particular cases." *Leidig v. Buzzfeed, Inc.*, No. 16-cv-542, 2017 WL 6512353, *12 (S.D.N.Y. Dec. 19, 2017) (citing Fed. R. Civ. P. 37(e)(1) Adv. Comm. Note, 2015 Amend.).

Applying these guidelines, the Court concludes that Defendant has been at least somewhat prejudiced by Plaintiff's ESI deletions.  Specifically, Lemon has established that he was prejudiced by having to:  (i) ferret out from other sources the documents that Hice deleted; (ii) engage in motion practice; and (iii) take additional depositions.  *See CAT3, LLC*, 164 F. Supp. 3d at 501 (prejudice exists where party is "put to the burden and expense of ferreting out…malfeasance and seeking relief from the Court").

In reaching this conclusion, the Court rejects Hice's arguments that the missing evidence is not "essential to an element of the claims at issue," or that Lemon has not offered exactly what he is deprived of by not having the missing documents. *See* Pl. Opp. at 10.  The Second Circuit has noted that holding an allegedly prejudiced party "to too strict a standard of proof regarding the likely contents of the destroyed evidence" would "subvert the prophylactic and punitive purposes of the adverse inference, and would allow parties who have intentionally destroyed evidence to profit from that destruction." *Kronisch v. United States*, 150 F.3d 112, 128 (2d Cir. 1998).  For these reasons, the Court concludes that Defendant has been prejudiced by Plaintiff's actions, and concludes that sanctions are appropriate.

16

5. <u>Sanctions</u>

Based on the findings above, Defendant asks the Court to dismiss the Complaint, or in the alternative, "impose other appropriate sanctions based on Plaintiff's bad-faith spoliation of evidence," namely an adverse inference jury instruction and an award of attorney's fees. *See* Def. Mem. at 1. "[D]etermining the proper sanction to impose for spoliation is confined to the sound discretion of the trial judge…and is assessed on a case-by-case basis." *Adorno v. Port Auth.*, 258 F.R.D. 217, 227 (S.D.N.Y. 2009) (internal quotation marks and citation omitted). An adverse inference sanction is permitted "only upon finding that [Hice] acted with the intent to deprive [Lemon] of the information's use in the litigation," *see* Fed. R. Civ. P. 37(e)(2), and "should not be given lightly." *Lokai*, 2018 WL 1512055, at *8; *see also* Fed. R. Civ. P. 37, Adv. Comm. Note, 2015 Amend. ("Courts should exercise caution" in imposing the sanctions specified in Fed. R. Civ. P. 37(e)(2)). A "party's conscious dereliction of a known duty to preserve electronic data," whether passive or active, "is both necessary and sufficient to find that the party 'acted with the intent to deprive another party of the information's use' under Rule 37(e)(2)." *See Ungar*, 329 F.R.D. at 13.

Here, although Plaintiff's conduct was egregious, a sanction less than dismissal of his Complaint is sufficient to address Hice's conduct. *See Olin Corp. v. Lamorak Ins. Co.*, 517 F. Supp. 3d 161, 176 (S.D.N.Y. 2021) (quoting *D'Attore v. City of New York*, No. 10-cv-1782, 2012 WL 5871604, at *3 (S.D.N.Y. Sept. 27, 2012), *report and recommendation adopted*, 2012 WL 5871602 (Nov. 20, 2012)) ("[D]ispositive

measures" under Rule 37, such as dismissal of a claim, are intended "to remedy otherwise irremediable prejudice or to address persistent bad-faith pre-trial conduct by a litigant."); *Esposito v. Suffolk County Community Coll.*, 390 F. Supp. 3d 428, 431 (E.D.N.Y. 2019), *order vacated in part on reconsideration*, 517 F. Supp. 3d 126 (E.D.N.Y. 2021) (declining to dismiss matter as sanction for prejudicial discovery misconduct that was neither "prolonged" nor "repetitive")

Rather, the Court concludes that Hice's actions warrant both an adverse inference jury instruction at trial, as well as an award of attorney's fees. *See Pyle*, 270 F. Supp. 3d at 670 (imposing adverse inference instruction for sanctioned party's intentional destruction of some evidence while retaining other evidence); *Congregation Rabbinical College of Tartikov, Inc. v. Vill. Of Pomona*, 138 F. Supp. 3d 352, 392-93 (S.D.N.Y. 2015) (awarding adverse inference jury instruction and attorney's fees sanction where party was grossly negligent in concealing Facebook posts and accompanying text messages). Hice's conduct, when taken in total, depicts an attempt to deceive this Court by attacking the integrity of the litigation process, and must be treated accordingly. For these reasons, the Court: (1) grants Defendant's motion for sanctions in the form of attorney's fees and costs associated with obtaining the evidence Hice deleted and in bringing this motion; and (2) respectfully recommends that Lemon be granted an adverse inference jury instruction at trial.

## B. <u>The Court's Inherent Power to Sanction</u>

1. <u>Legal Standards</u>

The Court further concludes that even if Defendant's Motion had not satisfied the Rule 37(e) standards, sanctions would nevertheless be appropriate under the Court's inherent authority.  Courts may impose sanctions for spoliation by exercising their inherent authority to control litigation.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45, 111 S. Ct. 2123, 2132-33 (1991); *Steimel v. Inc. Vill. of Rockville Ctr.*, 965 F. Supp. 366, 374 (E.D.N.Y. 1997) (quoting *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1345 (2d Cir. 1991) (the Court "has the inherent power to sanction for improper conduct, which derives from 'the very nature of courts and their need to be able to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'")).  Sanctions are available by virtue of a court's inherent authority even in circumstances where Rule 37(e) is inapplicable, given that a "party's falsification of evidence and attempted destruction of authentic, competing information threatens the integrity of judicial proceedings even if the authentic evidence is not successfully deleted."  *CAT3, LLC*, 164 F. Supp. 3d at 498 (citation omitted).  While dismissal of an action pursuant to the exercise of its inherent powers is within the Court's discretion, dismissal is only appropriate upon a showing of willfulness, bad faith, or fault on the part of the sanctioned party.  *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999) (citations omitted).  Dismissal, being the most drastic remedy available, should

only be imposed in extreme circumstances following the consideration of alternative, less drastic sanctions. *Id.* (citations omitted).

A court may sanction a litigant pursuant to its inherent authority if there is clear evidence that the conduct in question was: "(1) entirely without color and (2) motivated by improper purposes." *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 56 (2d Cir. 2018) (citation and internal quotation marks omitted), *cert. denied sub nom.*, 139 S. Ct. 1282 (2019). "Conduct is entirely without color when it lacks any legal or factual basis; it is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the attorney whose conduct is at issue." *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009).

In addition, the imposition of sanctions pursuant to the Court's inherent power requires a finding of bad faith." *Automated Mgmt. Sys., Inc. v. Rappaport Hertz Cherson Rosenthal, P.C.*, No. 16-cv-4762, 2019 WL 111042, at *3 (S.D.N.Y. Jan. 4, 2019) (citation omitted). Bad faith may be inferred "when a party undertakes frivolous actions that are 'completely without merit.'" *Huebner*, 897 F.3d at 55 (quoting *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 116 (2d Cir. 2000)). "A finding of bad faith, and a finding that conduct is without color or for an improper purpose, must be supported by a high degree of specificity in the factual findings." *Wolters Kluwer Fin. Servs.*, 564 F.3d at 114. Further, "an assessment of attorney's fees is undoubtedly within a court's inherent power...." *Chambers*, 501 U.S. at 45-46, 111 S. Ct. at 2123 (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752,

765, 100 S. Ct. 2455, 2463 (1980); *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59, 95 S. Ct. 1612, 1622-23 (1975) ("[A] court may assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'")).  In awarding attorney's fees as a sanction, "'[b]ad faith' may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation." *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986) (quoting *Hall v. Cole,* 412 U.S. 1, 15, 93 S. Ct. 1943, 1951 (1973)); *see also Saravia v. Royal Guard Fence Co., Inc.*, No. 19-cv-2086, 2020 WL 5231696, at *4-5 (E.D.N.Y. Sept. 2, 2020). "The sanction should be designed to:  (1) deter parties from engaging in spoliation; (2) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (3) restore the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party." *West*, 167 F.3d at 779 (citations omitted).

## 2. Sanctions

Under these standards, the Court concludes that even if Defendant's Motion had not satisfied Rule 37(e), sanctions are nevertheless appropriate under the Court's inherent authority. *See Sassower v. Field*, 973 F.2d 75, 80-81 (2d Cir. 1992).  Indeed, awarding Lemon attorney's fees associated with bringing this motion and remedying Hice's actions should not only deter Plaintiff from further misconduct, but will also restore Defendant to the same position in which he found himself prior to Hice's misconduct.  Moreover, the egregiousness of Plaintiff's conduct, as well as his instant attempts to downplay their prejudicial effects, *see generally* Pl. Opp., compel this

Court to recommend that Lemon be entitled to an adverse inference jury instruction at trial, ensuring that "the risk of an erroneous judgment" is placed squarely on Hice, "the party who wrongfully created the risk." *West*, 167 F.3d at 779 (citations omitted).

## III.    CONCLUSION

For the reasons set forth above, the Court grants Defendant's Motion for sanctions as to his request for reasonable attorney's fees associated with Hice's deletion of evidence and in bringing this motion. Defendant shall serve his motion for attorney's fees on or before December 20, 2021. Plaintiff shall serve his opposition, if any, on or before January 20, 2022. Lemon shall serve his response, if any, by February 3, 2022. Pursuant to the Court's bundle rule, Defendant shall file all papers via ECF on or before February 4, 2022. The parties' motion papers shall be limited to three-page letters, with exhibits attached. Further, the Court respectfully recommends that the remainder of Defendant's Motion be granted in part and denied in part, and that Lemon be granted an adverse inference jury instruction at trial.

## IV.    OBJECTIONS

A copy of this Memorandum and Order & Report and Recommendation is being served on all parties by electronic filing on the date below. Any objections to this Memorandum and Order & Report and Recommendation must be filed with the Clerk of the Court within fourteen days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within the specified period waives the right to appeal the District Court's order. *See Ferrer v. Woliver*, No. 05-cv-3696,

2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902

(2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).


Dated:      Central Islip, New York
            November 17, 2021

                                    s/ Steven I. Locke
                                    STEVEN I. LOCKE
                                    United States Magistrate Judge

23