**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK (Central Islip)**

| | |
|---|---|
| DUSTIN HICE, | ) Case No.: 2:19-cv-04666-JMA-JMW |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DON LEMON | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**OBJECTIONS TO THE MEMORANDUM AND ORDER & REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE STEVEN I. LOCKE BY PLAINTIFF DUSTIN HICE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TO THE HONORABLE DISTRICT JUDGE JOAN M. AZRACK AND TO DEFENDANT AND HIS ATTORNEYS OF RECORD:**

Plaintiff Dustin Hice objects to the Memorandum And order & Report And Recommendation of United States magistrate Judge Steven I. Locke, issued November 17, 2021 [Doc. No. 93] (the "Recommendation"), pursuant to 28 United States Code ("U.S.C."), section 636(b)(1) and  Rule[1] 72, as set forth herein.

///

///

---

[1] All references to "Rule" are to the Federal Rules of Civil Procedure.

Case No. 19-4666
Objections To Memorandum Recommendation of U.S. Magisrate Judge Steven I.  Locke

# TABLE OF CONTENTS

I.    INTRODUCTION…………………………………………………………….....1

II.   FACTS ……………………………………………………………………………...2

III.  ARGUMENT ……………………………………………………………………….3

1.   The Recommendation Is To Be Reviewed By The District Court De Novo ……………………3

2.   The Recommendation Proposes Sanctions Under Rule 37(e) Upon Grounds That Are Erroneous And Contrary To Law ………………………………………………………………………4

    a.   The Recommendation Failed To Evaluate Whether Any Relevant Material Evidence That Should Have Been Preserved Was Even Lost ……………………………………………5

    b.   The Recommendation Erroneously Assumes Prejudice To Lemon, Because Lemon Elected To Bring The Subject Spoliation Motion, And Absent Any Finding That Hice Destroyed Evidence That Actually Supports Lemon's Defense …………………………6

    c.   The Recommendation Finds That Hice Spoliated Evidence With "Intent To Deprive", Based Upon An Erroneous Standard And Upon Findings Relying Entirely On An Improper Assessment Of Hice's Credibility ……………………………………………7

3.   The Recommendation's Proposal For Sanctions Under This Court's Inherent Authority To Control Litigation Is Also Erroneous And Contrary To Law …………………………………9

IV.   CONCLUSION ……………………………………………………………….....11

CERTIFICATE OF SERVICE ……………………………………………………12

Case No. 19-4666
Objections To Memorandum Recommendation of U.S. Magisrate Judge Steven I.  Locke

# **TABLE OF AUTHORITIES**

**CASES:**

*American Express v. Sabet*, 512 F.Supp. 472 (S.D.N.Y.1981) ……………………………………..3

*Automated Mgmtn. Inc. v. Rappaport Hertz,* 2019 WL 111042 (S.D.N.Y. 2019) ………………………10

*Best Payphones, Inc. v. City of New York*, 2016 WL 792396 (E.D.N.Y. 2016) ……………………5, 7

*CAT3, LLC v. Black Lineage, Inc.*, 164 F. Supp. 3d 488 (S.D.N.Y. 2016) …………………………………5

*Fashion Exch. LLC v. Hybrid Promotions, LLC*, 2019 WL 6838672 (S.D.N.Y. 2019)………………8, 9

*Jones v. Stine,* 843 F.Supp. 1186 (W.D. Mich. 1994) ………………………………………………3

*Lokai Holdings v. Twin Tiger USA LLC*, 2018 WL 1512055 ………………………………………7, 8

*Mastr Adjustable Rate Mortgages Trust v. UBS Inc.*, 295 F.R.D. 77 (S.D.N.Y. 2013) ………………….5

*Medwid v. Baker,* 752 F.Supp. 125 (S.D.N.Y. 1990) ………………………………………………3

*Mule v. 3-D Building Corp.*, 2021 WL 2788432 ………………………………………………8

*Pension Comm. V. Banc of America Securities*, 685 F.Supp.2d 456…………………………………..7

*Residential Funding Corp. v. DeGeorge Fin. Corp.,* 306 F.3d 99 (2nd Cir. 2002) ……………………5

*U.S. v. First Nat. Bank,* 576 F.2d 852 (10th Cir. 1978) …………………………………………3

*Ungar v. City of New York,* 329 F.R.D. 8 (E.D.N.Y. 2018) ………………………………………7

*Wolters Kluwer, Inc. v Scivantage,* 564 F.3d 110 (2nd Cir. 2009) …………………………………10

*World Trade, Ctrs Inc. v. Port Auth. Of N.Y. & N.J.,* 2018 WL 1989556 (S.D.N.Y. 2018) …………..5, 6

**STATUTES:**

28 U.S.C. §636(b)(1) …………………………………………………………………………3

**RULES:**

Federal Rules of Civil Procedure:

Rule 37(e) ……………………………………………………………………………*passim*

Rule 72(a) …………………………………………………………………………………3

---

Case No. 19-4666
Objections To Memorandum Recommendation of U.S. Magisrate Judge Steven I.  Locke

# I.    INTRODUCTION

Plaintiff Dustin Hice objects to the spoliation sanctions recommended by the magistrate, and requests that this Court decline to adopt those recommendations. Ultimately, the subject request for spoliation sanctions, arises from the defendant's entirely circular contention that Mr. Hice must have spoliated evidence because he removed his social media profile from public view, got a new phone, and in that process is unable to now provide certain tweets, posts and texts that defendant requested in discovery. This despite the undisputed record that: (1) notwithstanding the voluminous briefing over this issue, defendant has yet to articulate a single, material and relevant piece of electronic evidence defendant has cause to believe Hice destroyed, that defendant does not already have; (2) the reason Hice took down his social media profiles and switched phones, was because he wanted to free himself from cyber stalking and public scrutiny in this high profile sexual assault case[2]; and (3) Hice candidly disclosed that he removed his social media profiles, and the fact he switched phones, numerous times as meticulously set forth in defendant's moving papers.

Unfortunately, the recommendation of the magistrate proposes sanctions based upon an erroneous application of the applicable standard and elements that the law requires. It also makes factual findings that are unsupported by the record. Namely, the recommendation fails to articulate, much less find evidence in support of, any evidence Hice destroyed that defendant didn't already have. In addition, the recommendation assumes defendant was "at least somewhat prejudiced" merely by virtue of defendant moving for sanctions. Finally, the recommendation concludes that Hice must have spoliated evidence with the requisite "intent to deprive" defendant of material evidence, based on inference and circumstantial evidence comprised of Hice's dealings with third parties none of which have anything to do with what did or didn't happen on the evening of the subject sexual assault that this entire case is about.

---

[2] Hice has testified under oath to this at both his depositions.

Case No. 19-4666
Objections To Memorandum Recommendation of U.S. Magisrate Judge Steven I.  Locke

Sanctions for a party's intentional destruction of evidence material to a case is a necessary remedy to curb discovery abuse to the prejudice of the moving party. On the other hand, sanctions in the form of adverse inference jury instructions in particular, are capable of irreparably marring a party's entire case, and thus not to be imposed absent meaningful judicial scrutiny. The federal rules strike a balance between these two objectives, by meticulously delineating the elements a moving party must satisfy in order to merit a court's imposition of sanctions of any kind. Those rules and their elements were not satisfied by the moving defendant. Nor were they met by the recommendations to this Court by the magistrate. This Court should decline imposition of sanctions against Hice accordingly.

## II.    FACTS

On June 25, 2021, defendant filed a Letter Motion/Request for Pre-Motion Conference re: Spoliation of Evidence by Don Lemon [Doc. No. 76] (the "Letter Motion"). On July 14, 2021, plaintiff Hice filed a letter response to defendant's Letter Motion [Doc. No. 78]. This Court set a pre-motion conference for August 11, 2021, where all parties were present and argued the merits of the Letter Motion before Hon. District Judge Joan M. Azrack ("Judge Azrack").

Judge Azrack thereafter referred the Letter Motion to Magistrate Judge James M. Wicks ("Mag Judge Wicks") [Doc. No. 79]. After discovering a conflict, Mag Judge Wicks recused himself, and the Letter Motion was reassigned to Magistrate Judge Steven I. Locke ("Mag Judge Locke") [Doc. No. 86]. Following further briefing [Doc. Nos. 82-85], Mag Judge Locke issued the Recommendation, without hearing oral argument by counsel [Doc. No. 93]. The findings upon which Mag Judge Locke made in support of the Recommendation were stated to be "from the parties' pleadings, affidavits, and exhibits", and that except where expressly indicated therein, "these facts are not in dispute". Recommendation, pg. 2, ¶1.

The Recommendation proposes to grant defendant's motion for spoliation sanctions: "as to defendant's request for reasonable attorney's fees associated with Hice's deletion of evidence and in bringing [defendant's] motion … Further, … that Lemon be granted an adverse inference jury

---

instruction at trial." Recommendation, pg. 22, ¶2. Mag Judge Locke recommended said sanctions upon two authorities: 1) Rule 37(e) sanctions for failure to preserve electronically stored information; and 2) the Court's inherent authority to control litigation.

## III.     ARGUMENT

### 1.     The Recommendation Is To Be Reviewed By The District Court *De Novo*

28 U.S.C. §636(b)(1)(B) sets forth that: "[A] judge may … designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, …" Subparagraph (C) of said provision requires *de novo* review of magistrate recommendations, and grants the reviewing district court broad discretion to accept, reject or modify accordingly:

> "[T]he magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court … ¶ … A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." (28 U.S.C. §636(b)(1)(C); see also Rule 72(a).)

Accordingly, case law has maintained that the district court retains ultimate decision-making power as to matters adjudicated by magistrates. Thus in *Medwid v. Baker,* 752 F.Supp. 125, 131 (S.D.N.Y. 1990), the court held that where a district judge makes a *de novo* determination of a magistrate's recommendations:

> "The statutory obligation of a district court to arrive at its own independent conclusion about those portions of magistrate's report to which objection is made is not satisfied by mere review of report itself, however persuasive and well documented. [citation]. The court must 'exercise … sound judicial discretion with respect to whether reliance should be placed on [the magistrate's] findings. [citing *American Express v. Sabet*, 512 F.Supp. 472, 473 (S.D.N.Y.1981)]."

Similarly, in *U.S. v. First Nat. Bank,* 576 F.2d 852, 853 (10th Cir. 1978), the court held: "It is clear that district court judges were intended to retain ultimate decision-making power and continuing jurisdiction over the actions of magistrates. [citations omitted]" See also: *Jones v. Stine,* 843 F.Supp. 1186, 1189 (W.D. Mich. 1994) ["The Court is obliged to review de novo those matters as to which

objection is made. 28 U.S.C. § 636(b)."].

**2.**     **The Recommendation Proposes Sanctions Under Rule 37(e) Upon Grounds That Are Erroneous And Contrary To Law**

Rule 37(e) restricts sanctions to a bifurcated analysis. First, before the court can even consider any sanction, the burden is on the moving party to make a threefold, threshold showing:

> 1.     "[E]lectronically stored information that should have been preserved in the anticipation or conduct of litigation is lost" (Rule 37(e).);
>
> 2.     "because a party failed to take reasonable steps to preserve it," (*Ibid.*); and
>
> 3.     "[the information] cannot be restored or replaced through additional discovery," (*Ibid.*)

It is only if the moving party first proves that three-part test that a court can even consider the second step of the bifurcated analysis: the propriety and proportionality of sanctions. Even here, the Rules disfavor drastic remedies, and demand the moving party establish prejudice and proportionality:

> "(1) upon finding prejudice to another party from loss of the information, [the court] may order measures no greater than necessary to cure the prejudice (Rule 37(e).); or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation [the court] may:
>
> > (A) presume that the lost information was unfavorable to the party;
> >
> > (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
> >
> > (C) dismiss the action or enter a default judgment." (*Ibid.*)

Deliberately destroyed evidence, permanently lost, irreplaceable, and essential to an element of the case, where no lesser sanction could possibly remediate the harm. That is the standard that the moving party must meet to merit sanctions under Rule 37(e). The law and findings made in the

Recommendation fail to support any of those necessary elements.[3]

### a. The Recommendation Failed To Evaluate Whether Any Relevant Material Evidence That Should Have Been Preserved Was Even Lost

In *Best Payphones, Inc. v. City of New York*, 2016 WL 792396 (E.D.N.Y. 2016) ("*Best Payphones*"), the Eastern District of New York court laid out the threshold elements required for the party moving for Rule 37(e) sanctions to make, which include: "'(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; … and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.'" *Id.,* at *3; see also *Mastr Adjustable Rate Mortgages Trust v. UBS Inc.*, 295 F.R.D. 77, 82 (S.D.N.Y. 2013) ("*Mastr Adjustable*"). The *Best Payphones* court clarified that the moving party is required to prove more than just baseline relevance, to satisfy this element: "The Second Circuit has made 'clear that relevant in th[e context of a spoliation motion] means something more than sufficiently probative to satisfy Rule 401 of the Federal Rules of Evidence.' [citing *Residential Funding Corp. v. DeGeorge Fin. Corp.* 306 F.3d 99, 107 (2nd Cir. 2002), at 108-09]." *Best Payphones, supra,* 2016 WL, at *6. Another element a party moving for Rule 37(e) sanctions must establish is: "that the party having control over the evidence had an obligation to preserve it at the time it as destroyed." *Best Payphones, supra,* 2016 WL 792396 *3; *Mastr Adjustable, supra*, 295

---

[3] The above elements of Rule 37(e) analysis, are cited verbatim from Rule 37(e) itself. To the extent the Recommendation relies upon a different analysis, it is contrary to the legal standard: "Neither Hice or Lemon have argued that application of the amended rule would be unjust or impracticable, and the Court does not find that it would be." Recommendation, at pg. 10, fn. 5. The "amended rule" that the aforementioned footnote alludes to, is based upon the case of *World Trade, Ctrs Inc. v. Port Auth. Of N.Y. & N.J.,* No. 15-cv-7411, 2018 WL 1989556 (S.D.N.Y. 2018) ("*World Trade*") cited therein. Recommendation, at pg. 10, fn. 5. However the *World Trade* decision actually imposes a stricter standard for imposition of Rule 37(e) sanctions, not the laxer standard suggested in the Recommendation, as follows: "Prior to the December 1, 2015 change to the Rule, the Second Circuit permitted severe spoliation sanctions upon a finding that the party had destroyed ESI evidence negligently. [citing *CAT3, LLC v. Black Lineage, Inc.*, 164 F. Supp. 3d 488, 495 (S.D.N.Y. 2016)] … The new version of the Rule, however, rejects that construction. To impose severe sanctions for spoliation, a court must now find that 'the party acted with the intent to deprive another party of the information's use in the litigation.' [citing Rule 37(e)(2)]." *World Trade, supra,* 2018 WL at *10-*11.

F.R.D. at 82.

The Recommendation fails to discuss, much less make a supported finding that, Hice destroyed specific relevant evidence, material to Lemon's defense, that should reasonably have been preserved – was even lost in the first place. The closest the Recommendation comes to discussing this threshold element, is where it concludes: "Hice clearly deleted relevant evidence." Recommendation, pg. 12, ¶1. Yet the only explanation therein for why said evidence was relevant, is Twitter account "postings regarding CNN and presumably the incident." *Ibid.* Needless to say, social media postings regarding a major news network such as CNN necessarily has absolutely nothing to do with what did or didn't happen on July 15, 2018, the date of the incident between the parties giving rise to the instant action for sexual assault. Nor does the Recommendation provide any further explanation, much less supporting basis, for its conclusion that Hice's Twitter posts "presumably [regarded] the incident".

**b.  The Recommendation Erroneously Assumes Prejudice To Lemon, Because Lemon Elected To Bring The Subject Spoliation Motion, And Absent Any Finding That Hice Destroyed Evidence That Actually Supports Lemon's Defense**

Another threshold element the party moving for imposition of spoliation sanctions under Rule 37(e) bears the burden of demonstrating, is that the moving party was prejudiced. Recommendation, at pg. 10, ¶2 [in determining whether Rule 37(e) sanctions are warranted, the court is to consider whether: "[the] [d]efendant has been prejudiced by that lost ESI. [citing *World Trade Ctrs. Ass'n, Inc.*, 2018 WL 1989616, at *11].].

Yet the Recommendation rests its finding of prejudice to defendant on nothing other than the fact of Mr. Lemon moving for sanctions:

"Applying these guidelines, the Court concludes that Defendant has been at least somewhat prejudiced by Plaintiff's ESI deletions. Specifically, Lemon has established that he was prejudiced by having to: (i) ferret out from other sources the documents that Hice deleted; (ii) engage in motion practice; and (iii) take additional depositions. [citation]" Recommendation, at pg. 16, ¶ 2.

If a party dissatisfied with the fruits of discovery is necessarily deemed to have suffered prejudice simply by virtue of moving for sanctions on the grounds speculated unarticulated evidence

was not produced, then the prejudice element of Rule 37(e) would cease to have any effective meaning at all.

In addition, and as also set forth in the Recommendation as to the prejudice element: "Courts in this Circuit generally require some proof that the lost 'evidence was not only probative, but that it would affirmatively support the movant's claim.' [citing *Ungar v. City of New York,* 329 F.R.D. 8, 15 (E.D.N.Y. 2018)]." Recommendation, at pg. 15, ¶3. Similarly, in *Pension Comm. v. Banc of America Securities,* 685 F.Supp.2d 456, 469 (S.D.N.Y. 2010), the court held that the absence of prejudice to the party moving for spoliation sanctions, can be shown by demonstrating that the: "evidence would not support the innocent party's claims or defenses." See also: *Best Payphones, supra,* 2016 WL 792396 *5: "The Second Circuit has made 'clear that relevant in th[e context of a spoliation motion] means something more than sufficiently probative to satisfy Rule 401 of the Federal Rules of Evidence.' [citation]."

It is beyond dispute that a party intentionally spoliating material evidence cannot be allowed to benefit from the opposing party failing to describe the destroyed evidence with absolute specificity, in order to demonstrate the nature of the prejudice suffered by its destruction. However as discussed above, the record in this action regarding Hice's disposition of his social media profile and changing of phones, reveals this is nowhere near the scenario contemplated by spoliation sanctions. As such, the Recommendation's findings of prejudice to Lemon fall well short of the requisite standard.

### c.   The Recommendation Finds That Hice Spoliated Evidence With "Intent To Deprive", Based Upon An Erroneous Standard And Upon Findings Relying Entirely On An Improper Assessment Of Hice's Credibility

As set forth in the Recommendation itself, an adverse inference sanction is permitted:

"only upon finding that [Hice] acted with the intent to deprive [Lemon] of the information's use in the litigation," see Fed. R. Civ. P. 37(e)(2), and 'should not be given lightly.' [citing *Lokai Holdings v. Twin Tiger USA LLC,* No. 15-cv-9363, 2018 WL 1512055 ("*Lokai*"), at *8; and Fed. R. Civ. P. 37, Adv. Comm. Note, 2015 Amend. ('Courts should exercise caution" in imposing the sanctions specified in Fed. R. Civ. P. 37(e)(2).']." Recommendation, at pg. 17, ¶1.

- 7 -

And yet the Recommendation subsequently states that the requisite "intent to deprive" may properly be found upon the court's inference "on the basis of circumstantial evidence." *Id.*, at pg. 13, ¶1. In support of this erroneous standard, the Recommendation cites *Mule v. 3-D Building Corp.*, No. 18-cv-1997, 2021 WL 2788432 ("*Mule*"), wherein unmistakably out-of-context dicta states: "A court may infer that a party acted with an intent to deprive on the basis of circumstantial evidence. [citations]." *Id.,* at pg. 13, ¶1.

However, the Recommendation's reliance on said excerpt from the *Mule* opinion, is erroneous and contrary to law. Namely, the *Mule* opinion, read in proper context, expressly states that the courts are: "divided with respect to the appropriate standard of proof to apply to [the "intent to deprive" element of Rule 37(e). [citing *Lokai, supra,* 2018 WL at *1 ["'[G]iven the severity of the sanctions available under rule 37(e)(2), the requisite intent finding should be based on clear and convincing evidence.'"]." *Mule, supra,* 2021 WL at *12; see also *Fashion Exch. LLC v. Hybrid Promotions, LLC*, No. 14CV1254SHSOTW, 2019 WL 6838672, at *5 (S.D.N.Y. Dec. 16, 2019).[4] The Recommendation however erroneously "[a]ppli[ed] these standards" to find that Hice acted with the "intent to deprive", based upon its reliance upon an interpretation of the *Mule* opinion that is contrary to law.

Additionally, the Recommendation's factual findings fail to support that Hice acted with the requisite "intent to deprive" under Rule 37(e), even upon its erroneous circumstantial evidence standard. For example, the Recommendation erroneously infers that Hice's text messages to third party Gounelas regarding another third party Isabel Peters: "reveals Hice's intent to hide unfavorable evidence." Recommendation, at pg. 13, ¶ 2; see also, *Id.,* at pg. 4, fn. 1. A responsible reading of the

---

[4] The *Mule* court ultimately found that under the circumstances of that particular case, unrefuted clear and convincing evidence demonstrated that the subject files had been discarded with the intent to deprive under Rule 37(e). *Mule, supra,* 2021 WL at *12.

text exchange between Hice and Gounelas reveals that it was Gounelas, and not Hice, that texted that: "[Gounelas] 'would try and move away from her[.] She's a cunt and will try to ruin this[.]'." Recommendation, at pg. 4, fn. 1.[5]

Nor do text exchanges between Hice and third parties (such as Gounelas in this instance) regarding other third parties (such as Peters in this instance), demonstrate that Hice intended to deprive Lemon of any relevant evidence Hice had not already produced in this action. Much less do any such text exchanges have anything whatsoever to do with what did or didn't happen between Hice and Lemon on July 15, 2018, the date of the incident between the parties giving rise to the instant action for sexual assault. Finally, that fact that Hice took NO actions to ask anyone, much less Gounelas or Peters, to delete any of the duplicate texts or posts that Lemon submitted in support of his instant request for sanctions – is evidence of the real reason those duplicate texts and posts weren't separately retained by Hice: Hice's desire to not be reminded of the mockery he suffered all summer from the incident with Lemon, and to avoid social media harassment regarding a high profile figure like Lemon. See *Fashion Exch. LLC v. Hybrid Promotions, LLC*, No. 14CV1254SHSOTW, 2019 WL 6838672, at *5 (S.D.N.Y. Dec. 16, 2019) [citing sister cases declining sanctions under Rule 30(e)(2) because the record of spoliation was "capable of more than one interpretation".]

3.   <u>**The Recommendation's Proposal For Sanctions Under This Court's Inherent Authority To Control Litigation Is Also Erroneous And Contrary To Law**</u>

The Recommendation's imposition of discovery sanctions under this Court's inherent authority to control litigation, is a bootstrapping exercise. Though the two doctrines are different, in this context the analysis of sanctions under Rule 37(e) and the inherent authority doctrine, are essentially the same. To begin with, as stated in the Recommendation, imposition of sanctions pursuant to the Court's

---

[5] This passage of the Recommendation goes on to state that Hice "agreed" to Gounelas' text, by "'liking'" that text. Needless to say, emojis cannot possibly constitute evidence to be taken seriously regarding a party's intent to deprive electronic evidence under Rule 37(e).

Case No. 19-4666
Objections To Memorandum Recommendation of U.S. Magisrate Judge Steven I.  Locke

inherent power requires a finding of bad faith. *Automated Mgmtn. Inc. v. Rappaport Hertz* No. 16-cv-4762, 2019 WL 111042, at *3 (S.D.N.Y. 2019). Recommendation, at pg. 20, ¶3. In addition: "A finding of bad faith, and a finding that conduct is without color or for an improper purpose, must be supported by a high degree of specificity in the factual findings." *Ibid.,* citing *Wolters Kluwer, Inc. v Scivantage,* 564 F.3d 110, 114 (2nd Cir. 2009).

As discussed more thoroughly above, the factual findings in the Recommendation fall well short of the standard required to impose sanctions under Rule 37(e). The following fall similarly short to support sanctions under this Court's inherent authority to control litigation, in sum:

- Twitter posts regarding CNN that Hice admits he may have deleted in order to avoid social media harassment in this high profile case. (Recommendation, pg. 12, ¶1); and

- Text messages to third party Gounelas regarding another third party Isabel Peters, that the Recommendation concludes: "reveals Hice's intent to hide unfavorable evidence." (Recommendation, at pg. 13, ¶ 2 and pg. 4, fn. 1.)

There are simply no other factual findings of note in the Recommendation to support the sanctions proposed against Hice therein.[6] Consequently, this Court should not adopt the Recommendation's proposed sanctions under this Court's inherent authority to control litigation either.

*///*

*///*

───────────────

[6] Of note, the Recommendation did dismiss as "friendly banter, at best" texts between Hice and Gounelas suggesting that Hice pay Gounelas off for favorable testimony in this action, a contention strongly made by Lemon in his moving papers. Recommendation, at pg. 14, fn. 14.

Case No. 19-4666
Objections To Memorandum Recommendation of U.S. Magisrate Judge Steven I.  Locke

## IV.    CONCLUSION

For the reasons set forth above, the Recommendation of Mag Judge Locke should not be adopted by this Court. No sanctions under Rule 37(e), this Court's inherent authority or otherwise, are warranted here.


DATED: December 1, 2021            /s/ Robert E. Barnes
                                   Robert E. Barnes
                                   BARNES LAW
                                   700 South Flower Street, Suite 1000
                                   Los Angeles, CA 90017
                                   Tel: (310) 510-6211
                                   Email: robertbarnes@barneslawllp.com

                                   Attorneys for Plaintiff Dustin Hice

///

///

Case No. 19-4666
Objections To Memorandum Recommendation of U.S. Magisrate Judge Steven I.  Locke

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DUSTIN HICE, | **Case No.: 19-04666** |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| DON LEMON, | |
| Defendant. | |

IT IS HEREBY CERTIFIED THAT:

I, Robert Holzinger, am a citizen of the United States and am at least 18 years of age. My business address is 700 South Flower Street, Suite 1000, Los Angeles, California 90017.

I am not a party to the above titled action. I have caused service of *"OBJECTIONS TO THE MEMORANDUM AND ORDER & REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE STEVEN I. LOCKE BY PLAINTIFF DUSTIN HICE"* on the following party(ies) by sending said document to the person(s) at the electronic addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmissions was unsuccessful:

Caroline J. Polisi
ARMSTRONG TEASDALE LLP
919 Third Ave, 37th Floor
New York, New York 10022
Email: cpolisi@atllp.com
Attorneys for Defendant

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 1, 2021.

/s/ Robert Holzinger

Case No. 19-4666
Objections To Memorandum Recommendation of U.S. Magisrate Judge Steven I.  Locke