UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X  For Online Publication Only
DUSTIN HICE,

                                                       **ORDER**
                                                       19-cv-4666 (JMA)(SIL)
                Plaintiff,

       -against-

DON LEMON,

                Defendant.
-------------------------------------------------------------------------X

**AZRACK, United States District Judge:**

      Before the Court is Plaintiff's motion for a jury trial. (ECF No. 89.) Defendant opposes the motion. (ECF No. 90-92.) After considering the parties' papers and the relevant case law, the Court GRANTS Plaintiff's motion for a jury trial.

      A.  Background

      The Court assumes the familiarity with the facts and procedural history of this case and will only state those facts necessary to address the issues raised by this motion.

      Plaintiff commenced this action in the Supreme Court of the State of New York, Suffolk County, on August 7, 2019 seeking damages and relief in connection with an alleged assault and battery. (ECF No. 1-1.) The Complaint filed in state court contained a jury demand. (Id.) On August 13, 2019 Defendant removed the action to federal court. (Id.) Defendant checked "yes" on the Notice of Removal and the Civil Cover Sheet to reflect that a jury demand was made in the state court complaint. (Id.) On October 15, 2021, the parties filed their Joint Proposed Pretrial Order (or "Pretrial Order"). (ECF No. 87.) The Pretrial Order reflected that Plaintiff requested a jury trial and Defendant anticipated a bench trial to be held. (Id.) On October 28, 2021, the Court

held a status conference and ordered the parties to submit letters briefing the jury demand issue. (ECF No. 88.)  On November 5, 2021, Plaintiff submitted their letter brief.  (ECF No. 89.)  On November 8, 2021, Defendant submitted their letter brief.  (ECF No. 90.)  On November 9, 2021 Defendant requested to submit a supplemental briefing which this Court granted.  (ECF No. 91,92.)

    B. Discussion

        a. Rule 39(b)[1]

Rule 39(b) permits a court to exercise its discretion to allow a jury trial even where one was not timely requested.  Fed R. Civ. P. 39(b) ("[T]he court may, on motion, order a jury trial on any issue for which a jury might have been demanded.").  The Rule affords a "more permissive standard" in removed actions with courts generally weighing three factors: "(1) whether the case is of a type ordinarily tried by a jury; (2) whether the parties have been operating under the assumption that there would be a bench trial; and (3) whether the non-moving party consents to the demand, and, if not, whether granting the demand would unfairly prejudice the non-moving part." Janetos, 2012 WL 4364510, at *4 (citing Higgins v. Boeing Co., 526 F.2d 1004, 1006 (2d Cir. 1975).  When balancing the factors here, the Court finds it appropriate to exercise its discretion in favor of permitting a jury trial.

Regarding the first factor, the Court agrees with Plaintiff that the "underlying dispute is … traditionally tried by a jury." (ECF No. 89 at 4.)  Defendant appears to concede this point by not disputing it.  (See, generally, ECF No. 92).  The second factor is a closer call.  Plaintiff emphasizes that the Complaint filed in state court contained a section titled jury demand.  Plaintiff further notes that Defendant appreciated that the Complaint contained a jury demand as it is reflected in both the Notice of Removal and Civil Cover Sheet completed by him (Defendant).  (ECF No. 89 at 1.)

---

[1] As the Court will permit Plaintiff a jury trial under Rule 39(b) it need not address the issue under Rule 38 or Rule 81.

Defendant contends that in those answers he "did not intend to demand a jury trial and intentionally omitted such request in [the] answer to the complaint." (ECF No. 90 at 2.) Defendant argues that the Complaint's jury demand section is "of no moment" as it is insufficient to under New York state law to constitute a jury demand. (ECF No. 90 at 3.) In cases such as this, where parties reasonably dispute the second factor, a court can consider it "not determinative [] as each party was operating under a different assumption." Janetos, 2012 WL 4364510, at *4 (quoting Rupolo v. Oshkosh Truck Corp., 749 F. Supp. 2d 31, 48 (E.D.N.Y. 2010) (finding this factor neutral where parties did not share a common assumption).

Turning to the third factor, the Court does not find that Defendant would be "unfairly prejudiced." In Defendant's supplemental briefing on Rule 39(b), he offers no assertion or grounds articulating any potential "undue harm." (See, generally, ECF No. 92); Janetos, 2012 WL 4364510, at *4. The Court also finds that there would no requisite harm either as the parties will have sufficient time to prepare for trial. Accordingly, any prejudice to Defendant is minimal. When considering all the circumstances, the Court finds it appropriate to exercise its discretion in favor of permitting a jury trial here. The Defendant's remaining arguments are unpersuasive.

For the foregoing reasons, and in accordance with the discretionary power granted the Court, Plaintiff's motion for a jury trial is GRANTED.

**SO ORDERED.**

Dated: December 20, 2021
Central Islip, New York

                                                  /s/   (JMA)
                                            JOAN M. AZRACK
                                            UNITED STATES DISTRICT JUDGE