UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
DUSTIN HICE,

                    Plaintiff,

      -against-

DON LEMON,

                    Defendant.
-------------------------------------------------------------------------------X

For Online Publication Only

**ORDER**
19-cv-4666 (JMA)(SIL)

**AZRACK, United States District Judge:**

      Before the Court are objections submitted by Plaintiff to Magistrate Judge Steven I. Locke's Report and Recommendation (hereafter "Recommendation" or "R&R") recommending that the Court deny in part and grant in part Defendant's motion for sanctions based on spoliation of evidence, including granting Defendant an adverse inference jury instruction. (ECF No. 93.) Plaintiff filed timely objections to the Recommendation, (ECF No. 96, "Objections"), and Defendant timely responded to Plaintiff's Objections, (ECF No. 97.) After conducting a review of the full record (including the motion papers, R&R, and objections), and applicable law, the Court adopts Judge Locke's R&R in its entirety as the opinion of the Court.

      The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Generally, a magistrate judge's recommendation on a non-dispositive pre-trial matter will be reversed "only if the order is clearly erroneous or contrary to law." Raimey v. Wright Nat. Flood Ins. Co., 76 F. Supp. 3d 452, 468 (E.D.N.Y. 2014); see also Thomas E. Hoar v. Sara Lee Corp., 900 F.2d at 522, 525 (2d Cir. 1990) ("A magistrate ... may issue orders regarding non[-]dispositive pre[-]trial

matters. The district court reviews such orders under the 'clearly erroneous or contrary to law' standard." (internal quotation omitted)).

In reviewing a magistrate judge's report and recommendation on a dispositive motion, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 5-CV-5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). Even for dispositive motions, the portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

Here, the Court finds no clear error in the portions of Judge Locke's R&R to which there are no objections.[1] Regarding Plaintiff's objections to portions of the R&R, the Court has undertaken a de novo review of the record (including the R&R, the objections, and the opposition). Having considered the full record, the Court denies those objections for the reasons articulated in Judge Locke's R&R, and adopts the R&R as the opinion of the Court. Judge Locke's R&R addressed at-length the egregiousness and bad faith of Plaintiff's actions in finding that relevant ESI was deleted. (ECF No. 93 at 11-14.) Defendant has established by both a preponderance of the evidence (as well as by clear and convincing evidence) all of the necessary elements for the adverse inference sanction imposed here.

---

[1] Objections that do not "substantively address [the magistrate judge's] findings" and are "unsupported by legal authority" cannot constitute an adequate objection. Sanchez v. Abderrahman, No. 10-CV-3641, 2014 WL 1276570, at *2 (E.D.N.Y. Mar. 25, 2014) (citing Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002)). There is a colorable claim that many of Plaintiff's arguments fail to meet this standard and, thus, should be subject to clear error review. Given the Court's conclusions above, Plaintiff's objections would, obviously, also fail under clear error review.

For the foregoing reasons, the Court affirms and adopts the well-reasoned R&R in its entirety as the opinion of the Court.

**SO ORDERED.**

Dated: December 20, 2021
Central Islip, New York

                                                /s/    JMA
                                     JOAN M. AZRACK
                                     UNITED STATES DISTRICT JUDGE