UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
DUSTIN HICE,

                    Plaintiff,

      -against-

DON LEMON,

                    Defendant.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
19-cv-4666 (JMA)(SIL)

**AZRACK, United States District Judge:**

      Before the Court is Defendant Don Lemon's Motion for Reconsideration of the Court's December 20, 2021 Order Granting a Jury Trial. Defendant filed this motion on December 31, 2021. Defendant argues that Plaintiff and his counsel's media engagements and pretrial publicity may taint the prospective jury pool. Defendant further claims that said media engagements violate Rule 3.6 of the New York Rules of Professional Conduct and are new evidence for which a bench trial should be granted. For reasons set forth below, Defendant's Motion for Reconsideration is DENIED.

      **A. Standard of Review**

      "Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3." Brooks v. Educ. Bus Transportation, No. 14-CV-3237, 2016 WL 3676417, at *1 (E.D.N.Y. July 6, 2016). The standard for granting such a motion is strict and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked, matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. See Shrader v. CSX Transp.

1

Inc., 70 F.3d 255, 257 (2d Cir. 1995) (internal citations omitted). Moreover, "a party may not use a motion to reconsider as an opportunity to … introduce new evidence that should have been advanced on the previous motion or which could have been discovered in the exercise of due diligence." DeJean v. Cty. of Nassau, No. CV-06-6317, 2007 WL 4555897, at *1 (E.D.N.Y. Dec. 18, 2007).

### B. Defendant's Claims

#### 1. Media Engagements

Defendant contends that Plaintiff and his counsel's network appearances, one of which occurred before the motion was fully briefed, deprive him of the right to a fair trial. The Court finds Defendant has waived this argument as it should have been brought in the original motion or supplemental briefing.

As an initial matter, Defendant acknowledges that Plaintiff's first "long-format media interview" occurred on November 8, 2021. (ECF No. 103.) On that same day, Defendant had sought leave to file a supplemental briefing on Rule 39(b) which this Court granted. (ECF No. 92.) As discussed in the Court's Order dated December 21, 2021, Rule 39(b) generally considers prejudice or undue harm to a party. (ECF No. 101.) Yet, Defendant's briefing on the original motion, including the supplemental briefing Defendant submitted on November 9, 2021, did not address the issue of prejudice and did not rely on the existence of a media interview that occurred before or after November 8, 2021. (ECF No. 92.) Moreover, Defendant also had ample time, after November 9, 2021, to request leave from the Court to file an additional submission addressing the impact of media interview prior to the Court's December 20, 2021 ruling. Instead, Defendant waited until after an adverse ruling to raise this new argument. Accordingly, the Court finds that Defendant waived this argument and that this argument presents no basis for reconsideration. See

Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion."). Furthermore, even if this argument had been properly presented to the Court, the Court would have still granted Plaintiff's motion for a jury trial. The allegedly prejudicial impact of these interviews can be eliminated during the voir dire process and these interviews have not deprived Defendant of his right to a fair trial.

    2. Rule 3.6

Defendant's citation to Rule 3.6 of the New York Rules of Professional Conduct ("Rule 3.6") is inapposite here. N.Y. Comp.Codes R. & Regs. tit. 22, § 1200.0 (Rule 3.6). Rule 3.6 prohibits, inter alia, an attorney from making extrajudicial statements that are likely to prejudice a matter in which the attorney is participating. Id. at 3.6(a). "The appropriate remedy for any violation of Rule 3.6 is a disciplinary complaint." Munoz v. City of New York, No. 11-CV- 7402, 2013 WL 1953180, at *1 (S.D.N.Y. May 10, 2013); see also, United States v. Corbin, 620 F.Supp.2d 400, 408 (E.D.N.Y.2009) (denying hearing request to determine whether RPC 3.6 had been violated).

    **C. Conclusion**

Pursuant to the Federal Rules of Civil Procedure and its inherent authority, this Court has the power to enter prophylactic orders that will protect parties' right to a fair trial. See, e.g., Munoz v. City of New York, No. 11-CV- 7402, 2013 WL 1953180 (S.D.N.Y. May 10, 2013)(adopting RPC 3.6 as an order of the court); Laugier v. City of New York, No. 13-CV-6171, 2014 WL 6655283 (S.D.N.Y. Nov. 24, 2014)(same). Accordingly, and in light of the circumstances in this case, the Court hereby adopts Rule 3.6 as an order of the Court applicable to all counsel of record. Henceforth, any breach of Rule 3.6 may be punished as a violation of this Court's orders under

Rule 16(f) of the Federal Rules of Civil Procedure or under the Court's inherent power, and the Court "may impose monetary sanctions or enter such other orders which are just under the circumstances." Munoz, 2013 WL 1953180, at *2.

For these reasons, Defendant's Motion for Reconsideration is DENIED, but the Court adopts Rule 3.6 of the New York Rules of Professional Conduct as an order of the Court.

**SO ORDERED.**

Dated: February 23, 2022
Central Islip, New York

                                                        /s/    JMA
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE