BARNES LAW
700 S. Flower Street, Suite 1000
Los Angeles, CA 90017
Telephone: (310) 510-6211
Email: robertbarnes@barneslawllp.com

March 2, 2022

*Via ECF:*
The Honorable U.S. District Court Judge Joan M. Azrack
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    <u>Hice v. Lemon, No. 2:19-CV-4666; Supplemental letter response to defendant's motion for partial summary judgment</u>.

Dear Judge Azrack:

    The undersigned respectfully submits the following supplemental response to defendant Don Lemon's motion for partial summary judgment (the "Motion").[1]

### 1. **<u>Lemon's Motion Is Barred As Untimely Under Rule 16 and Rule 56(b)</u>**[2]

    As a threshold matter, the Motion should be denied as untimely and in violation of a pretrial order of this Court. Rule 16(b)(3)(A) provides that a court may make "[a] scheduling order that limit[s] the time … [to] file motions." Furthermore, Rule 16(b)(4) provides: "A schedule may be modified only for good cause and with the judge's consent. Finally, Rule 56(b) provides: "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."

    In *Martinez v. Cornell Corrections* 377 F.Supp.2d 1138 (D. New Mexico 2005) ("*Martinez*"), the court held that a pretrial order's deadline for the defendant's filing of a summary judgment motion would not be extended, despite the fact that the moving defendant's two co-defendants' identical motions were already pending, and despite the *Martinez* court finding that "Responding to a third motion that raises no new issues, but seeks similar relief … **<u>will not be</u>** greatly prejudicial." (emphasis added) *Id.,* at 1140.

///

///

---

[1] Per this Court's order dated February 23, 2022, the parties were to supplement their papers with any additional briefing in a letter not to exceed 7 pages on or before 3/2/2022.

[2] All references herein to "Rule" are to the Federal Rules of Civil Procedure.

Regarding summary judgment motion deadlines generally, the *Martinez* court explained:

> "Summary judgment motions are often the most significant pretrial matters and are typically the most time-consuming motions considered by the district courts. Imposing reasonable limits on when they may be filed, therefore, is critical for the scheduling of trial in individual cases and for the management of the entire docket, which were the goals behind the amendment of Federal Rule 16. [citing *Julian v. Equifax Check Services,* 178 F.R.D. 10, 14 (D. Conn. 1998)]." *Martinez, supra,* 377 F.Supp. at 1140; *see also: Matrix International Textile, Inc. v. Monopoly Textile, Inc.*, 2017 WL 2404918 (C.D. CA 2017).

Accordingly, the *Martinez* court denied the party's untimely summary judgment motion, because the moving party failed to make a sufficient showing of good cause justifying his failure to comply with the court's pretrial order deadline. *Id.,* at 1140-1141. The *Martinez* court also denied the party's motion because he failed to request leave for an extension to file it, until more than two weeks after the deadline had passed. *Id.,* at 1140.

Lemon's untimely attempt to move for partial summary judgment aligns entirely with the party denied the same motion in *Martinez.* This Court entered a scheduling order over eight months ago on June 24, 2021 [Doc. No. 75], setting forth in relevant part: "All discovery, including expert depositions, shall be completed on or before November 1, 2021." *Id.,* at pg. 4, ¶2. In that same scheduling order, this Court stated: "Parties shall take the first step in dispositive motion practice on or before December 6, 2021" *Id.*, at pg. 5. As such the deadline for initiating dispositive motions such as the one Lemon belatedly attempts to make here, passed at least by December 1, 2021 (i.e. 30 days after discovery cut-off on November 1, 2021 per Rule 56(b)), and absolutely no later than December 6, 2021 (i.e. the deadline for dispositive motions per this Court's order). However, Lemon failed to initiate the Motion until December 13, 2021[3]. This despite the fact that Lemon had notice of this Court's dispositive motion deadline over eight months ago.

Additionally, and unlike the party denied untimely summary judgment in the *Martinez* case (who moved for leave for an extension of time to file his motion two weeks after the filing deadline) – Lemon has never moved this Court for an extension of time to file the Motion. Nor did Lemon even attempt to demonstrate good cause for this Court to extend its dispositive motion deadline, within the text of his untimely moving papers.

As such, Lemon's Motion it is barred by this Court's scheduling order entered June 24, 2021, Rule 16(b)(3)(A) and Rule 16(b)(4). In addition, the Motion is barred by Rule 56(b).

///

///

---

[3] Via a procedurally improper letter motion for pre-trial conference that was denied by order of this Court on February 23, 2022.

## 2. Lemon's Motion Fails On The Merits As Well

The Motion would have this Court impose a grossly over-narrow standard for the severe emotional distress element of an IIED claim[4]. Contrary to Lemon's contentions otherwise, a plaintiff is not required to present "medical evidence" to withstand a summary judgment motion. Rather, medical evidence is one of many forms of evidence a plaintiff may present to the trier of fact in support of the plaintiff's case in chief.

Comment "j." of the Restatement (Second) of Torts, §46, states in relevant part:

> "Emotional distress passes under various names, such as mental suffering, mental anguish, mental or nervous shock, or the like. It includes all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea. … Severe distress must be proved; but in many cases the extreme and outrageous character of the defendant's conduct is in itself important evidence that the distress has existed."

*Halio v. Lurie*, 222 N.Y.S.2d 759 (1961) ("*Halio*") was the first New York appellate court to recognize the independent tort for emotional distress. In so holding, the *Halio* court relied upon the same Restatement of Torts standard for imposition of liability for IIED:

> "It will be for the trier of the facts to determine whether such injuries were actually suffered, and whether the conduct of the defendant was such that it may be said that it went beyond all reasonable bounds of decency. [citing Restatement of the Law, 1948 Supp., Torts, §46]" *Id.,* at 764.

Lemon fails to cite a single authority, New York state or otherwise, holding that a plaintiff must present "medical evidence" at the pretrial stage, in order to survive a dispositive motion as a matter of law. In fact, post-*Halio* decisions have expressly refused to dismiss claims for IIED upon summary judgment, based on the moving party's contention that the absence of medical evidence warrants doing so. Instead, New York decisions have held that medical evidence may be relevant to damages, but not to consideration of triable facts regarding the severe emotional distress element of an IIED claim.

Thus in *Plunkett v. NYU Downtown Hospital* 801 N.Y.S.2d 354, 355, the court denied summary judgment in an action for emotional injuries, holding that the plaintiffs' emotional injuries claim: "was not rendered deficient merely because the plaintiffs did not submit medical evidence to support all of their injuries.". Similarly, in *Massaro v. Charles J. O'Shea Funeral Home* 738 N.Y.S.2d 384, 386, the court held that summary judgment was properly denied as to plaintiff's claims for emotional distress: "[T]he fact that [plaintiff] has not sought any medical treatment or psychological counseling for his alleged injuries, while relevant to the issue of damages, does not necessarily preclude his recovery." In *Maracallo v. Board of Educ. Of City of New York* 769 N.Y.S.2d 717, 727, the court held: "The Court notes, in addition, that the lack of

---

[4] Lemon's Motion does not challenge any other element of Hice's IIED claim, other than the severe emotional distress element.

evidence of psychiatric treatment, while relevant perhaps as to the amount of the recovery, is not a *sina qua non* in a case seeking damages for negligent infliction of emotional distress."

In sum, the Motion's insistence that, as a matter of law, severe emotional distress cannot be shown in the absence of medical evidence, is unsupported by any authority. As a result, Lemon's Motion should be denied on the merits as well.

Respectfully submitted,


  /s/ Robert E. Barnes
Robert E. Barnes, Esq.,
Attorney for Plaintiff Dustin Hice