

**Caroline J. Polisi**
Direct T 212.209.4359
cpolisi@atllp.com

***VIA ECF*** March 30, 2022

The Honorable Joan M. Azrack, U.S.D.J.
The Honorable Steven I. Locke, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

**Re: *Hice v. Lemon*, No. 2:19-CV-04666 (JMA) (SIL) Motion to Dissolve Automatic Stay Imposed Under Fed. R. Civ. P. 62(a) for Enforcement of Judgment**

Dear Judge Azrack and Judge Locke:

I represent Don Lemon in the above-referenced matter and respectfully submit this letter, pursuant to Judge Azrack's Individual Rule IV(B), to seek leave to file a motion to dissolve the automatic 30-day stay imposed under Fed. R. Civ. P. 62(a), allowing for the immediate enforcement of the Partial Judgment for Attorneys' Fees, entered by this Court on March 24, 2022 (ECF No. 114) (the "Judgment"), and for costs and fees associated with enforcing the Judgment.

**Background**

Fed R. Civ. P. 62(a) provides that "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, *unless the court orders otherwise*." Fed. R. Civ. P. 62(a) (emphasis added). Courts in this jurisdiction have routinely recognized that the risk that judgment debtors' assets may be concealed or dissipated while the prevailing party seeks to issue restraining notices pursuant to N.Y. C.P.L.R. 5222 and other enforcement statutes warrants a waiver of the automatic 30-day stay. *See, e.g.*, *Mattel, Inc. v. www.happy-toys.shop*, No. 21-CV-06650 (VSB), 2022 WL 814310, at *3 (S.D.N.Y. Mar. 17, 2022); *Bedford, Freeman & Worth Publ'g Grp., LLC v. Nguyen*, No. 19-CV-10524-LAK, 2021 WL 4803625, at *3 (S.D.N.Y. Oct. 14, 2021); *Allstar Mktg. Grp., LLC v. AFACAI*, No. 20 CIV. 8406 (JPC), 2021 WL 2555636, at *8 (S.D.N.Y. June 22, 2021) (noting that the "amended Rule 62(a) expressly recognizes the court's authority to dissolve the automatic stay or supersede it by a court-ordered stay. One reason for dissolving the automatic stay may be a risk that the judgment debtor's assets will be dissipated.").

When I reached out to Plaintiff's counsel to arrange for payment of the Judgment, he responded by noting that "we will be appealing to the district court." However, he has not done so to date.[1] Nor did Plaintiff attempt to appeal Judge Azrack's 12/21/21 Order (ECF No. 102)

---

[1] Any appeal would be baseless, as a discovery sanctions order is not an immediately appealable final decision as required under 28 U.S.C. § 1291. *See Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 205 (1999) (holding that Fed. R. Civ. P. 37 sanctions order is not an immediately appealable final decision under Section 1291); *S.E.C. v. Smith*, 710 F.3d 87, 94–96 (2d Cir. 2013) (holding

which formally adopted Magistrate Judge Locke's "well-reasoned" Report and Recommendation in its entirety as the opinion of the Court, noting that it "addressed at-length the egregiousness and bad faith of Plaintiff's actions in finding that relevant ESI was deleted." *Id*. at 2-3, *citing* ECF No. 93 at 11-14. Plaintiff's counsel also blithely stated that there is "no need" to place the funds in escrow at this time. Accordingly, we respectfully ask that the Court grant relief from the 30-day stay so that we can execute on the Judgment immediately.

**Argument**

This case is currently set for a jury trial on June 6, 2022. Mr. Lemon should be allowed to recoup the fees and costs he has been awarded for Hice's "egregious" misconduct that evidences his "intent to subvert the judicial process by withholding evidence" and "an attempt to deceive this Court by attacking the integrity of the litigation process." ECF No. 93 at 17, 14, 18. Plaintiff has already caused unreasonable delay throughout the pendency of this case and has a track record of refusing payment. Plaintiff should not be allowed to drag out the process, and tell Mr. Lemon essentially to put this Judgment on his tab. It is respectfully submitted that the Court should not give Plaintiff the benefit of the doubt in this instance – his posturing regarding his baseless claim that he will appeal the Judgment is simply a way to buy time to conceal his assets.

***I. Plaintiff has Caused Unreasonable Delay in the Litigation of this Case and Unnecessarily forced Mr. Lemon to incur Exorbitant Costs Such that a Waiver of the Automatic Stay is Appropriate***

The Judgment is the culmination of Hice's repeated discovery misconduct, requiring a series of meet and confers, motion practice, and Court intervention (*See, e.g*., ECF No.'s 50, 51, 53, 54, 55). Throughout that process, Mr. Lemon was able to uncover (i) photographs and videos that Hice shared with Ms. Peters and others from August 2018 – weeks after the alleged assault – depicting Plaintiff and George Gounelas on Lemon's property at night, rolling around and holding lemons over their genitals; (ii) texts from Hice evidencing his desire to create shirts with Defendant's face on them with the text "A REAL CAWKSUKAAAA!!" and stating that Lemon "smells like pussy"; (iii) photographs of Hice on August 17, 2018 again attempting to approach Defendant; (iv) a video of Plaintiff toasting Lemon on August 23, 2018, out of Defendant's presence; (v) messages between Hice and his "star witness" that included conversation about Hice paying Gounelas following a favorable outcome of the lawsuit, discussion about how Hice purchased a weapon as part of his testimony, and discussion about disclosing Peters as a witness. *See* ECF No. 113 at 5-6. At a second deposition, Gounelas also "recanted his prior testimony, making clear that he did not know if the alleged assault and battery actually happened or, at minimum, if he saw it." *See id*. at 6-7. Moreover, Gounelas conceded that Plaintiff would pay him if he was successful in the case. *See id*. Hice also "admitted to offering to pay Gounelas as well, during his August 6, 2021 supplemental deposition." *See id*. Notably, Mr. Gounelas' recantation of his prior testimony also directly contradicts an "exclusive" on the record interview he did with Fox News about the case.[2] Tellingly, it was also uncovered in discovery that Mr. Hice had texted with Mr. Gounelas that "I can get Fox to provide an attorney and they can compensate me for the story …I dunno." *See* ECF No. 82-18 at 50.

On February 5, 2021, Plaintiff's counsel sought leave to withdraw. *See* ECF No. 58. After a March 2, 2021 *ex parte* hearing, the Court granted that request, and stayed the matter

that an order of sanctions imposed under Fed. R. Civ. P. 11 and the court's inherent powers is not an immediately appealable final decision under Section 1291).

[2] Available at https://www.foxnews.com/media/cnn-don-lemon-alleged-assault-witness

until April 5, 2021. *See* ECF No. 62. Defendant opposed the motion to withdraw on February 5, 2021(ECF No. 60), by noting that Plaintiff had already created unnecessary delays in its prosecution of the case with his repeated discovery violations. Plaintiff's former counsel also asserted a charging lien on Mr. Hice for expenses owed to date (*see* Minute Order entered on 03/02/21, ECF No. 62). That firm, which had been litigating the case on a contingency basis, declined to produce the file to incoming counsel until their outstanding costs (invoices totaling $11,598.27) were paid by Mr. Hice, which he apparently was refusing to pay. *See* ECF No. 68.

***II. The Interests of Justice and Judicial Economy Support a Waiver of the Automatic Stay***

Throughout the pendency of this litigation, Plaintiff has sought to damage Mr. Lemon's reputation through derogatory and defamatory comments about Mr. Lemon over social media and in interviews to the press. Media reports have included statements from both Mr. Miltenberg (plaintiff's former counsel), Mr. Barnes (Plaintiff's current counsel), and Hice himself calling this a "sexual assault case." [3] This is not a sexual assault case, and never has been.

Unfortunately for Mr. Lemon, Plaintiff's meritless allegations and leaks to the press dominate media accounts of the alleged incident, even while the discovery to date has established that Plaintiff's claims are wholly without merit and were brought in a bad-faith effort to extract a large pay day for Mr. Hice from Mr. Lemon. Mr. Lemon, knowing he was being falsely accused, would not accede to Mr. Hice's exorbitant demands, and instead chose to litigate this case to defend his honor and reputation. Indeed, we respectfully submit that the evidence adduced in discovery has now conclusively established that in the wake of the "Me Too" movement, Plaintiff cynically and opportunistically fabricated an assault out of a brief, unremarkable encounter with Mr. Lemon one evening during the summer of 2018, which was preceded by Plaintiff's unprovoked verbal harassment and taunting of Mr. Lemon, and which was followed the rest of that summer by Plaintiff's repeatedly trespassing and littering on Mr. Lemon's residence.

In an effort to save judicial resources and further economic loss to both parties, there was an offer of judgment in this case on October 27, 2021 for $8,000 under FRCP 68(c). As of the date of the filing of the pre-trial order, Defendant's costs totaled roughly $50,000 since October 27, 2021, and will continue to increase substantially throughout any trial. As noted in the joint proposed pretrial order, Defendant anticipates having to litigate the enforcement of any payment Mr. Hice would be obligated to pay under FRCP 68(c).

For the foregoing reasons, Mr. Lemon respectfully requests this Court grant his request for a pre-motion conference and permit Mr. Lemon to file a motion to waive the automatic 30-day stay, and for costs and fees associated with pursuing payment of the Judgement.

Respectfully submitted,

/s/Caroline J. Polisi
Caroline J. Polisi

cc: Robert Barnes, Esq. (by ECF and email)

---

[3] *See, e.g.*, The Megyn Kelly Show advertising her interview with Plaintiff, Tweeting "EXCLUSIVE: Dustin Hice, the bartender suing CNN's Don Lemon over an alleged sexual assault, speaks out for the first time." *See* ECF No. 94-2.