**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK (Central Islip)**

DUSTIN HICE,

Plaintiff,

v.

DON LEMON,

Defendant.

**Case No.: 2:19-cv-04666-JMA-JMW**

**PLAINTIFF'S OBJECTIONS TO THE MEMORANDUM AND ORDER & REPORT AND RECOMMENDATION AND THE PARTIAL JUDGMENT FOR ATTORNEYS' FEES OF UNITED STATES MAGISTRATE JUDGE STEVEN I. LOCKE**

**TO THE HONORABLE DISTRICT JUDGE JOAN M. AZRACK AND TO DEFENDANT AND HIS ATTORNEYS OF RECORD:**

Plaintiff Dustin Hice objects to United States Magistrate Judge Steven I. Locke's ("Mag Judge Locke's") Memorandum And Order & Report And Recommendation issued March 23, 2022 [ECF No. 113] (the "Attorneys' Fees Recommendation"), and also objects to Mag Judge Locke's concurrently filed Partial Judgment For Attorneys' Fees issued March 24, 2022 [ECF No. 114] (the "Attorneys' Fees Judgment"). Mr. Hice's objections are pursuant to 28 United States Code ("U.S.C."), section 636(b)(1) and Rule[1] 72, as set forth herein.

///

///

[1] All references to "Rule" are to the Federal Rules of Civil Procedure.

**TABLE OF CONTENTS**


I. INTRODUCTION……………………………………………………………………......1

II. FACTS ……………………………………………………………………………...1

III. ARGUMENT ………………………………………………………………………….2

1. The Recommendation Is To Be Reviewed By The District Court De Novo ……………………2

2. Rule 37(e) Does Not Allow For Attorneys' Fees As A Sanction For Spoliation Of Electronic Evidence ……………………………………………………………………………3

3. Rule 37(e) Does Not Allow For Attorneys' Fees As A Punitive Measure For Spoliation Of Electronic Evidence………………………………………………………………………5

4. Rule 37(e) Does Not Allow For Attorneys' Fees Sanctions To The Party Prevailing On A Rule 37(e) Motion ……………………………………………………………………..6

IV. CONCLUSION ……………………………………………………………........8

CERTIFICATE OF SERVICE ……………………………………………………………..9


///

///

# TABLE OF AUTHORITIES

**CASES:**

*Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240 (1975) ................................3, 7

*Buckhannon v. West Virginia* 532 U.S. 598 (2001) ................................................4, 6

*Hardt v. Reliance Standard Life Ins. Co.,* 560 U.S. 242 (2010) ..............................................3

*Jones v. Stine,* 843 F.Supp. 1186 (W.D. Mich. 1994) ....................................................3

*Key Tronic Corp. V. United States,* 511 U.S. 809 (1994) ................................................7

*Medwid v. Baker,* 752 F.Supp. 125 (S.D.N.Y. 1990) ......................................................2

*Micron Technology, Inc. v. Rambus Inc.,* 917 F.Supp.2d 300 (D. Delaware 2013) ........................5

*Perdue v. Kenny A.*, 559 U.S. 542 (2010) ..................................................................4

*Peter v. NantKwest, Inc.*, 140 S.Ct. 365 (2019) ..........................................................3

*Telectron, Inc. v. Overhead Door Corp.,* 116 F.R.D. 107 (S.D. Fla. 1987) ..................................5

*Thomas v. Bannum Place of Saginaw*, 421 F.Supp.3d 494 (E.D. Mich. 2019) ..............................7

*U.S. v. First Nat. Bank,* 576 F.2d 852 (10th Cir. 1978) ....................................................3

**STATUTES:**

28 U.S.C. §636(b)(1) .........................................................................................2

**RULES:**

Federal Rules of Civil Procedure:

Rule 37(e) ...................................................................................*passim*

///

///

## I. INTRODUCTION

This case raises a novel issue of law in this Circuit and for this court: whether the electronic evidence preservation rules allow a monetary judgment against a party under the guise of discovery sanctions, when the law itself authorizes no such monetary sanctions and the Supreme Court reiterates that monetary sanctions cannot issue unless explicitly and expressly authorized. Unlike discovery sanctions, a party can only be sanctioned by evidentiary means for electronic evidence non-preservation, because, unlike discovery sanctions, such evidentiary sanctions can issue even without a court order, formal hearing, or even a formal discovery demand. Adding monetary sanctions to the equation offends due process and jury trial principles. The law for electronic evidence preservation imposes exclusively a proportionate evidentiary sanction as its remedy by not authorizing monetary judgments that short-circuit due process and jury trials.

Equally, the issuance of a monetary sanction is unwarranted when the court already imposed harsh, punitive evidentiary sanctions in this case, and especially when the amount of the sanction sets a near record in this court for the sole, limited issues of evidentiary preservation. This punitive action exceeds the remedial policy purpose of the statute, especially in the amount issued. This court frequently awards less fees for litigating entire cases! Consequently, given the lack of statutory authorization, and excessive amount, the monetary judgment should be set aside.

## II. FACTS

On June 25, 2021, defendant Don Lemon moved for spoliation of evidence sanctions under Rule 37(e) [ECF No. 76]. Hon. District Judge Joan M. Azrack ("Judge Azrack") thereafter referred the matter to Mag Judge Locke. [ECF No. 86][2]. Following briefing by the parties, Mag Judge Locke issued a recommendation that defendant's spoliation motion be granted in part [ECF No. 93], which was

[2] Defendant's spoliation motion was originally referred to Magistrate Judge James M. Wicks, who recused himself after discovering a conflict [ECF No. 86].

subsequently adopted by this Court on December 21, 2021 [ECF No. 102].

Relevant to the instant objections by plaintiff Dustin Hice, Mag Judge Locke thereafter issued the Attorneys' Fees Recommendation and Attorneys' Fees Judgment [ECF Nos. 113 and 114], pursuant to defendant's motion for attorneys' fees, that defendant Lemon contends he is entitled to as a result of prevailing on his earlier motion for spoliation sanctions [ECF No. 106]. The concurrently filed Attorneys' Fees Recommendation and Attorneys' Fees Judgment recommend that this Court award defendant Lemon the amount of $77,119.33 in attorneys' fees and costs [ECF No. 113 and 114]. The grounds stated by Mag Judge Locke for the attorneys' fees awarded, arise from "attorneys' fees and costs associated with Hice's destruction of evidence and in bringing Defendant's motion for sanctions" Attorneys' Fees Recommendation [ECF No. 113], at pg. 1.

## III. ARGUMENT

### 1. <u>The Recommendation Is To Be Reviewed By The District Court *De Novo*</u>

28 U.S.C. §636(b)(1)(B) sets forth that: "[A] judge may … designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, …" Subparagraph (C) of said provision requires *de novo* review of magistrate recommendations, and grants the reviewing district court broad discretion to accept, reject or modify accordingly:

> "[T]he magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court … ¶ … A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." (28 U.S.C. §636(b)(1)(C); see also Rule 72(a).)

Accordingly, case law has maintained that the district court retains ultimate decision-making power as to matters adjudicated by magistrates. Thus in *Medwid v. Baker,* 752 F.Supp. 125, 131 (S.D.N.Y. 1990), the court held that where a district judge makes a *de novo* determination of a magistrate's recommendations:

> "The statutory obligation of a district court to arrive at its own independent conclusion about those portions of magistrate's report to which objection is made is not satisfied by mere review of report itself, however persuasive and well documented. [citation]. The court must 'exercise … sound judicial discretion with respect to whether reliance should be placed on [the magistrate's] findings. [citing *American Express v. Sabet*, 512 F.Supp. 472, 473 (S.D.N.Y.1981)]."

Similarly, in *U.S. v. First Nat. Bank,* 576 F.2d 852, 853 (10th Cir. 1978), the court held: "It is clear that district court judges were intended to retain ultimate decision-making power and continuing jurisdiction over the actions of magistrates. [citations omitted]" See also: *Jones v. Stine,* 843 F.Supp. 1186, 1189 (W.D. Mich. 1994) ["The Court is obliged to review de novo those matters as to which objection is made. 28 U.S.C. § 636(b)."]. Review of Mag Judge Locke's Attorneys' Fees Recommendation and Attorneys' Fees Judgment is therefore *de novo*.

**2. <u>Rule 37(e) Does Not Allow For Attorneys' Fees As A Sanction For Spoliation Of Electronic Evidence</u>**

In a recent unanimous 9-0 decision, the U.S. Supreme Court affirmed in *Peter v. NantKwest, Inc*., 140 S.Ct. 365 (2019) ("*Peter*") the "clear-statement" approach to the American Rule regarding attorneys' fees awards. Under the clear-statement standard, a federal statute will be construed to require one litigant to pay the other side's attorney's fees only if the statute includes a clear or explicit statement to that effect. Specifically, in *Peter*, the government petitioner's argument that the statute at issue avoided the clear-statement standard was rejected, the Supreme Court holding that: "'The American Rule' – the bedrock principle that … provides the starting point for assessing whether [any given statute] authorizes payment of the [party's] legal fees … [T]his Court has never suggested that any statute is exempt from the presumption against fee shifting or limited its American Rule inquiries to prevailing party statutes." *Id.*, at 368. Similarly, in *Hardt v. Reliance Standard Life Ins. Co.,* 560 U.S. 242, 253 (2010), the Supreme Court held: "'Our basic point of reference' when considering the award of attorney's fees is the bedrock principle known as the 'American Rule': Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." (citing as support *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 683 (1983); *Alyeska Pipeline Service Co. v. Wilderness*

*Society*, 421 U.S. 240, 247 (1975) ("*Alyeska*"); *Buckhannon v. West Virginia* 532 U.S. 598, 602–603 (2001) ("*Buckhannon*"); and *Perdue v. Kenny A.*, 559 U.S. 542, 550 (2010).)

Not a word in subdivision (e) of Rule 37 mentions, much less authorizes, attorneys' fees as a sanction under that provision. Conversely, all five of Rule 37's other subdivisions, (a)-(d) and (f), explicitly authorize attorneys' fees in compliance with the *Peter* decision's clear-statement standard:

- Subdivision (a) – For a party prevailing on a motion for an order compelling discovery: "[T]he court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees";
- Subdivision (b) - "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure [to comply with a court order regarding discovery].";
- Subdivision (c) – "[P]ayment of the reasonable expenses, including attorney's fees, caused by the failure [to disclose, supplement or admit during discovery].";
- Subdivision (d) – "[T]he court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure [of a party to attend its own deposition or respond to written discovery]."; and
- Subdivision (f) – "[T]he court may, after giving an opportunity to be heard, require that party or attorney to pay to any other party the reasonable expenses, including attorney's fees, caused by the failure [to participate in framing a discovery plan in good faith]."

Subdivision (e) of Rule 37, does not authorize any sanctions in the form of attorney's fees. Rather, subdivision (e) authorizes solely and exclusively sanctions in the form of:

- "[M]easures no greater than necessary to cure the prejudice [to another party from loss of the information]";

- "[P]resume that the lost information was unfavorable to the party.";
- "[I]nstruct the jury that it may or must presume the information was unfavorable to the party"; or
- "[D]ismiss the action or enter a default judgment."

Consequently, Mag Judge Locke's Attorneys' Fees Recommendation and Attorneys' Fees Judgment under subdivision (e) of Rule 37, cannot be adopted by this Court, because that sanction violates the American Rule unanimously affirmed in *Peters* and its long line of congruous authority.

**3. <u>Rule 37(e) Does Not Allow For Attorneys' Fees Sanctions As A Punitive Measure For Spoliation Of Evidence</u>**

One of the two grounds asserted by Mag Judge Locke for the award of defendant Lemon's attorney's fees and costs, was for those: "associated with Hice's destruction of evidence …" Attorneys' Fees Recommendation [ECF No. 113], at 1. This violates the American Rule affirmed by the Supreme Court in *Peters* on its face, because attorneys' fees are not a sanction authorized by the text of subdivision (e) of Rule 37. *See, supra,* at pp. 3-4 above.

Mag Judge Locke's attorneys' fees sanction as a punitive measure under Rule 37(e), also violates a separate body of precedent, that holds that sanctions in the form of attorneys' fees for spoliation findings in discovery proceedings, is not only inadequate but against public and judicial policy incentives regarding spoliation of evidence. In *Micron Technology, Inc. v. Rambus Inc.,* 917 F.Supp.2d 300 (D. Delaware 2013) ("*Micron*"), the court held:

> "[T]he deterrent effect of fees and costs or monetary sanctions would be insufficient; the temptation to destroy unfavorable evidence at the outset of high stakes litigation would overshadow the prospect of being sanctioned with paying fees and costs or other monetary sanctions. … The risk of having to pay an opponent's fees and costs, or even punitive damages, is likely to pale in comparison to the potential windfall that would-be spoliators could otherwise receive. The court is not prepared to create such a perverse incentive." *Id.,* at 326.

Similarly, in *Telectron, Inc. v. Overhead Door Corp.,* 116 F.R.D. 107 (S.D. Fla. 1987) ("*Telectron*"), the court found that an evidentiary spoliation sanction of attorney fees, alone: "falls far

short of making the wronged party whole, as it does not compensate [defendant] for the irretrievable loss of evidence potentially crucial to its substantive claims." *Id.,* at 135. The *Telectron* court went on to explain: "Faced with liability of [great magnitude], a corporation fearing only the imposition of attorneys' fees and costs might be sorely tempted to destroy documents thought to be potentially damaging ... rather than gamble on defending itself successfully on the merits at trial." *Ibid.*

Adopting the attorneys' fees and costs recommended by Mag Judge Locke would further the same "perverse incentive[s]" that the courts in the *Micron* and *Telectron* decisions discussed above, were unwilling to support. Namely, the large attorneys' fees award recommended by Mag Judge Locke would do nothing to make defendant Lemon whole even assuming *arguendo* Mr. Hice engaged in spoliation of evidence. This is particularly so where, as here, the exorbitantly punitive amount of evidentiary sanctions, totaling $77,119.33, violate fundamental principles of due process and Hice's constitutional right to have a jury decide the outcome of this action.

Finally, Mag Judge Locke already recommended a separate sanction, an adverse inference instruction to the jury regarding Mr. Hice spoliating evidence, that more than balances the equities between Mr. Hice and Mr. Lemon on this issue. Throwing a nearly six figure attorneys' fees award on top of it serves nothing other than punitive purposes, which are against public policy and the core purposes of the federal rules regarding discovery.

**4. <u>Rule 37(e) Does Not Allow For Attorneys' Fees Sanctions To The Party Prevailing On A Rule 37(e) Motion</u>**

The second ground asserted by Mag Judge Locke for awarding defendant Lemon's attorneys' fees and costs was for those: "associated with bringing Defendant's motion for sanctions." Attorneys' Fees Recommendation [ECF No. 113], at 1. This ground also violates the American Rule affirmed by the Supreme Court in *Peters*, again because it does not arise from any language in the text of subdivision (e) of Rule 37. *See, supra,* at pp. 3-4 above.

As to prevailing party attorneys' fees under subdivision (e) of Rule 37, in *Buckhannon, supra,* 532 U.S. at 602-603, the Supreme Court held: "Under this 'American Rule,' we follow 'a general

practice of not awarding fees to a prevailing party absent explicit statutory authority.'" (citing *Key Tronic Corp. V. United States,* 511 U.S. 809, 819 (1994).) Other authority relied upon in the *Buckhannon* decision, included *Alyeska, supra,* 421 U.S. at 264-269, wherein the Supreme Court explained the federalist separation of power principles underpinning the American Rule regarding awards of attorneys' fees to prevailing parties by the courts:

> "Congress itself presumably has the power and judgment to pick and choose among its statutes and to allow attorneys' fees under some, but not others. … courts are not free to fashion drastic new rules with respect to the allowance of attorneys' fees to the prevailing party in federal litigation or to pick and choose among plaintiffs and the statutes under which they sue and to award fees in some cases but not in others, depending upon the courts' assessment of the importance of the public policies involved in particular case."

Moreover, the exorbitant amount of attorneys' fees awarded by Mag Judge Locke, $77,119.33, is entirely excessive and unwarranted. *See: Thomas v. Bannum Place of Saginaw*, 421 F.Supp.3d 494 (E.D. Mich. 2019) [attorney with 24 years of experience requesting $38,409 in attorneys' fees in connection with an uncomplicated discovery motion which was not even entirely successful, was denied as excessive]; *see also:* 7 Moore's Federal Practice, § 37.23[9] (3rd Ed. 2017) [In considering motions for expense shifting sanctions, courts can be expected to attend carefully to, and pass independent judgment on, the reasonableness of the claimed expenses."].

Accordingly, the second grounds asserted by Mag Judge Locke in support of the attorneys' fees and costs awarded to defendant Lemon, namely for those: "associated with bringing Defendant's motion for sanctions."[3], violates the fundamental American Rule principle affirmed time and again by the Supreme Court, that the courts may not award prevailing party attorneys' fees unless a Congressional statute expressly states as such. Since subdivision (e) of Rule 37 has no such language, the Attorneys' Fees Recommendation and Attorneys' Fees Judgment cannot be adopted by this Court upon prevailing party principles either.

---

[3] Attorneys' Fees Recommendation [ECF No. 113], at 1.

## IV. CONCLUSION

For the reasons set forth above, the Attorneys' Fees Recommendation and the Attorneys' Fees Judgment of Mag Judge Locke should not be adopted by this Court.

DATED: April 6, 2022

/s/ Robert E. Barnes
Robert E. Barnes
BARNES LAW
700 South Flower Street, Suite 1000
Los Angeles, CA 90017
Tel: (310) 510-6211
Email: robertbarnes@barneslawllp.com

Attorneys for Plaintiff Dustin Hice

///

///

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DUSTIN HICE,<br>Plaintiff,<br>v.<br>DON LEMON,<br>Defendant. | **Case No.: 19-04666**<br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, Robert Holzinger, am a citizen of the United States and am at least 18 years of age. My business address is 700 South Flower Street, Suite 1000, Los Angeles, California 90017.

I am not a party to the above titled action. I have caused service of "*PLAINTIFF'S OBJECTIONS TO THE MEMORANDUM AND ORDER & REPORT AND RECOMMENDATION AND THE PARTIAL JUDGMENT FOR ATTORNEYS' FEES OF UNITED STATES MAGISTRATE JUDGE STEVEN I. LOCKE* " on the following party(ies) by sending said

document to the person(s) at the electronic addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmissions was unsuccessful:

Caroline J. Polisi
ARMSTRONG TEASDALE LLP
919 Third Ave, 37th Floor
New York, New York 10022
Email: cpolisi@atllp.com
Attorneys for Defendant

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 6, 2022.

/s/ Robert Holzinger