**BARNES LAW**
700 S. Flower Street, Suite 1000
Los Angeles, CA 90017
Telephone: (310) 510-6211
Email: robertbarnes@barneslawllp.com

---

April 6, 2022

***Via ECF:***
The Honorable U.S. District Court Judge Joan M. Azrack
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    *Hice v. Lemon*, No. 2:19-CV-4666; Response in opposition to defendant Don Lemon's motion to dissolve automatic stay under Federal Rules of Civil Procedure, Rule 62(a)

Dear Judge Azrack:

    The undersigned respectfully submits the following response in opposition to defendant Don Lemon's motion to dissolve automatic stay imposed under Rule[1] 62(a) for enforcement of Judgment, filed March 3, 2022 [ECF No. 115].

    With one exception, the procedural facts set forth in defendant Lemon's motion are not in dispute. The one exception is Lemon's misunderstanding of the relief sought by Hice regarding payment of the partial judgment for attorneys' fees, recommended by the Honorable Magistrate Judge Steven I. Locke on March 23, 2022 and March 24, 2022 respectively [ECF Nos. 113 and 114] (collectively the "Attorneys' Fees Recommendations"). As plaintiff Hice's concurrently filed objections to the Attorneys' Fees Recommendations reveal [ECF No. 116], Hice files objections to the Attorneys' Fees Recommendations said recommendation and not an appeal to the district court. Lemon's motion's statement that Hice would "be appealing to the district court" is therefore incorrect, along with its implication that said contention somehow supports the relief sought in Lemon's instant motion to dissolve the Rule 62(a) stay.

    The legal standard for a court's dissolution of the 30-day stay of judgment pursuant to Rule 62(a), is set forth by the case law cited in Lemon's motion: *Allstar Marketing Group, LLC v. AFACAI,* 2021 WL 2555636, at *8 (S.D.N.Y. June 22, 2021) ("*Allstar*")["One reason for dissolving the automatic stay may be a risk that the judgment debtor's assets will be dissipated.'"]; *see generally:* Lemon's motion, at pg. 1, ¶ 2.

///

---

[1] All references herein to "Rule" are to the Federal Rules of Civil Procedure.

Where Lemon's motion fails however, is where it doesn't even attempt to make a showing that any of Hice's assets may actually be "dissipated", a showing required of the party moving for dissolution of the Rule 62(a) stay. *Allstar, supra,* 2021 WL at *8. In the absence of such a showing, the very judgment enforcement provisions of N.Y. C.P.L.R. 5222 cited in Lemon's motion, comprise Lemon's proper avenue of relief. *WowWee Group Ltd. v. Meirly,* 2019 WL 1375470, at *11 (S.D.N.Y. March 27, 2019)["To the extent Plaintiffs are concerned about the risk that Defaulting Defendants will dispose of, transfer, or hide their assets, it should turn to the remedies ordinarily applicable to enforcement of judgments at law under Rule 26 and N.Y. C.P.L.R. § 5222."]

Instead of explaining why any of Hice's specific and identifiable assets presently in his possession are at risk of dissipation, Lemon's motion instead attempts to have this Court dissolve the Rule 62(a) automatic judgment stay upon rehashed personal attacks against plaintiff Hice. Namely, conclusory accusations of Hice's misconduct, fabrication of claims, media attention drawn to this case and alleged harassment of Lemon:

- "Mr. Lemon should be allowed to recoup the fees and costs he has been awarded for Hice's 'egregious' misconduct that evidences his 'intent to subvert the judicial process by withholding evidence'." (Lemon Motion, at pg. 2, ¶ 2);

- "Plaintiff has already caused unreasonable delay throughout the pendency of this case …" (*Ibid.*);

- "The Judgment is the culmination of Hice's repeated discovery misconduct, requiring a series of meet and confers, motion practice, and Court intervention." (*Id.,* at pg. 2, ¶ )3;

- "Unfortunately for Mr. Lemon, Plaintiff's meritless allegations and leaks to the press dominate media accounts of the alleged incident," (*Id.,* at pg. 3, ¶ 2); and

- "Plaintiff cynically and opportunistically fabricated an assault out of a brief, unremarkable encounter with Mr. Lemon …" (*Id.,* at pg. 3, ¶ 3).

Again, absolutely nothing in the above cited excerpts from Lemon's motion has anything remotely to do with the identification of assets in Hice's possession that are at risk of dissipation, as required by the authority on the issue germane to a Rule 26(a) stay dissolution. Since Lemon's motion makes no attempt, much less a sufficient showing, of dissipation of Hice's collectible assets under Magistrate Locke's Attorneys' Fees Recommendations (that has not even been adopted by this Court per Hice's concurrently filed objections to said recommendations discussed above), Lemon's motion should be summarily denied.

Respectfully submitted,

  /s/ Robert E. Barnes
Robert E. Barnes, Esq.,
Attorney for Plaintiff Dustin Hice